**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA :**

**Vs. : Cr. No. 06-042ML**

**NEIL STIERHOFF :**

**MOTION TO CERTIFY CASE AS COMPLEX LITIGATION AND TO EXCLUDE ADDITIONAL TIME FOR PRE-TRIAL PREPARATION PURSUANT TO 18 U.S.C. 3161(h)(8)(A) OF THE SPEEDY TRIAL ACT**

Now comes the defendant, Neil Stierhoff, by and through his attorney and hereby moves this Honorable Court pursuant to 18 U.S.C., Section 3161(h)(8)(A) to certify this matter as complex litigation and to exclude an additional 60 days time for pre-trial preparation and motions under the Speedy Trial Act.

In support of this motion, counsel avers that Neil Stierhoff is charged with 4 Counts of Tax Evasion The allegations contained in the Indictment stretch back as far as calendar year 2000. The government investigation of this matter includes approximately 9 full boxes of financial records allegedly retrieved by forensic examination of a computer hard drive allegedly belonging to Mr. Stierhoff, which has been summarized into 16 summary exhibits. Additionally, there are at least 5 Compact Disc audio recordings of which counsel is aware. The government's case is circumstantial and extremely difficult to unravel. The government has 3 attorneys assigned to this matter in addition to the services of the IRS case agent. Defense counsel is a solo practitioner.

Counsel requires significant time to sift through the numerous boxes of discovery in order to mount an effective defense.

Next, counsel is aware of a significant search issue which will require additional time to research in order to properly formulate a Motion to Suppress. As the Court is aware, counsel was on trial from empanelment on May 11, 2006 until verdict on May 26, 2006, thereby consuming much of the time excluded for the filing of pre-trial motions

Due to the novelty of the issues in this case and the volume of material which must be reviewed, counsel prays for this Court to certify this matter as complex litigation, and afford the defense an additional (60) days within which to meet the government's allegations.

Defense counsel has spoken with counsel for the government who has indicated he is in agreement with this matter being certified as complex and has no objection to exclusion of the 60 days.

In further support of this Motion, counsel relies upon the reasoning as set forth in the attached Memorandum of Law.

WHEREFORE, defendant, Neil Stierhoff, respectfully prays that his Motion be granted and this Court enter an Order certifying this matter as complex litigation thereby

affording the defense an additional 60 days of trial preparation.

**NEIL STIERHOFF,**

**By his attorney,**

Scott A. Lutes, #3502
127 Dorrance Street, 2nd Floor
Providence, RI 02903
Telephone: (401) 861-1142
Facsimile: (401) 490-3207

**Statement Pursuant to Local Rule 12(f)**

Defendant avers that any delay occasioned by the making, hearing, or granting of this motion shall constitute in whole or in part, excludable time as defined by 18 U.S.C. § 3161(h).

**CERTIFICATION**

I hereby certify that I hand-delivered a true and accurate copy of the within Motion to Certify Case as Complex Litigation, to Thomas Voracek, AUSA, and Stephanie Browne, AUSA, U.S. Attorney's Office, 8th Floor, Fleet Center, Providence, RI 02903, on this the 5th day of June, 2006.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Vs. | : | Cr. No. 06-042ML |
| NEIL STIERHOFF | : | |

**MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY CASE AS COMPLEX LITIGATION AND TO EXCLUDE ADDITIONAL TIME FOR PRE-TRIAL PREPARATION PURSUANT TO 18 U.S.C. § 3161(h)(8)(A)**

Title 18 U.S.C. § 3161 (h)(8)(A) allows the Court upon its own motion, or the motion of the defense or government, to delay a criminal trial and exclude time from the 70 day period allowed under the Speedy Trial Act. The basis for granting such a continuance is that the interests of justice are better served by taking such action and that those interests outweigh those of the public or defendant in a speedy trial.

The Court is required to make oral or written findings of fact to show that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."

Section 3161 (h)(8)(B) outlines the factors the Court shall consider in determining whether to grant a continuance. Those factors are:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in 3161 (b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the attorney for the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Mindful of these considerations, counsel avers that additional time is necessary in order to afford effective representation to his client. Counsel submits that failure to grant additional time would result in a fundamental miscarriage of justice. The government's case is circumstantial and voluminous. Defense counsel has not had adequate time to digest the information and formulate appropriate motions. Two days after arraignment defense counsel began another federal court trial which lasted until May 26th. As of the

filing of this motion, counsel for the defendant has not yet even finished reviewing all of the boxes of material received in discovery.

This case is unusual and circumstantial. The Government's proof was derived from a forensic examination of a computer hard drive allegedly belonging to Mr. Stierhoff. There is a significant search issue revolving around this retrieval.

Counsel for the defendant avers that he has been practicing criminal law in Rhode Island for almost 20 years. During that time he has tried in excess of 50-60 jury trials in both state and federal courts ranging from white collars prosecutions which have lasted 6 and a half weeks to murder cases. Counsel knows how to efficiently and effectively prepare a case such as this. Counsel has simply not had adequate time to devote to this matter. Significantly, the Government has three Assistant U.S. Attorneys assigned to this case in addition to an IRS case agent. Unfortunately, much more time is needed in order to afford effective representation. Without the additional time a "miscarriage of justice" will surely inure.

WHEREFORE, defendant, Neil Stierhoff, respectfully prays that his Motion be granted and the Court enter an Order certifying this matter as complex litigation thereby affording the defense an additional 60 days of trial preparation.

**NEIL STIERHOFF,**

**By his attorney,**

Scott A. Lutes, #3502

127 Dorrance Street, 2nd Floor

Providence, RI 02903

Telephone: (401) 861-1142

Facsimile: (401) 490-3207

**CERTIFICATION**

I hereby certify that I hand-delivered a true and accurate copy of the within Memorandum to Thomas Voracek, AUSA and Stephanie Browne, AUSA, U.S. Attorney's Office, 8th Floor, Fleet Center, Providence, RI 02903, on this the 5th day of June, 2006.