**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **vs.** | : | **C.R. NO.: 06-042ML** |
| | : | |
| **NEIL STIERHOFF** | : | |

Now comes the Defendant in the above-entitled matter by and through his attorney and hereby moves this Honorable Court for entry of an order requiring the United States to provide to him <u>any and all actual and/or potentially favorable or exculpatory evidence relative to the issues of guilt or punishment</u> as is known to the United States of America, its agents or representatives, including but not limited to the Rhode Island State Police, the Internal Revenue Service, the Federal Bureau of Investigation, their agents or representatives, which is found within any law enforcement reports or investigative notes of law enforcement agents, or which may otherwise become known by the exercise of due diligence. This request includes any and all information within the possession or knowledge of the United States of America, the agencies above-referenced as well as any forensic laboratory agents or employees of any other entity; whether agents or employees, which could constitute exculpatory or favorable evidence within the meaning of <u>Brady v. Maryland</u>, 373 U.S. 83 (1962) and its progeny. <u>See Also, Giglio v. United States</u>, 405 U.S. 150 (1972), <u>U.S. v. Bagley</u>, 473 U.S. 667 (1985), and <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995).

This request is not exclusive as to the information to be provided and disclosed, as the Defendant is unaware of the contents of the Federal Government's files and the law enforcement files to which the prosecution has access.

Neil Stierhoff is charged with four counts of tax evasion as a result of a four (4) year investigation by the State of Rhode Island and the United States of America. This investigation began as a result of the Defendant's arrest upon a misdemeanor criminal charge in 2002.

Based upon what information the defense currently possesses and based upon what the defense believes may exist by way of exculpatory information, the instant Motion for Exculpatory Evidence is proffered.

Precisely because the defense is not entirely aware of all of the information which could lead to exculpatory evidence, some of the instant requests are somewhat vague and broad but are designed to suggest areas of inquiry that the government may make into its case in an attempt to satisfy these requests.

It is the responsibility of the Federal Government to be familiar with all aspects of the law enforcement files which are considered to be in the control and knowledge of the prosecution. While the Government does not have a duty to discover and disclose information possessed by other federal, state, or local agencies that have no involvement in the investigation or prosecution at issue, See, U.S. v. Bender, 304 F.3d 161 (1st Cir. 2002), this case arose specifically from a Rhode Island State Police investigation. The fruits of this investigation form the basis for the criminal allegations in the present case. It is requested that the Court order the Federal Government to provide any and all actual and/or potentially favorable or exculpatory information related to guilt or punishment or

sentencing, whether in the files of the United States Attorney's Office, the Rhode Island State Police, the Internal Revenue Service, or any forensic laboratories, or of any of the above's agents or employees.

One of the central issues for the defense is the illegality of the "consent search" and the resulting application for a search warrant which was premised upon the fruits of the "consent search". One of Defendant's arguments is that it is so difficult and burdensome for Special Agents to obtain search warrant authority from the Internal Revenue Service, that Defendant believes the request for a "consent search" allegedly given to the Rhode Island State Police was instigated by the revenue agents in a desire to circumvent the burdensome requirements of their department. Defendant has learned that it is the policy of the Internal Revenue Service and the Department of Justice that search warrants will be utilized with "restraint" and only in "significant tax cases". Moreover, Special Agents are constrained by the requirements of the Internal Revenue Manual regarding the tactical choice to use a search warrant, which requires them to "execute their law enforcement responsibilities by continually assessing . . . the probable impact of their law enforcement activities on the image of the Service."

In light of this request and the burden upon the United States of America, the following specific Brady disclosures are requested:

1. Any and all evidence of any nature that the Defendant did not or may not have committed the crimes as alleged in this Indictment.

2. Any and all statements, reports, documentation or knowledge by any law enforcement agent, investigator, unindicted co-conspirator, informant, whether confidential or known, or any other individual having any

knowledge of the facts of this case which shows or tends to show that Neil Stierhoff did not commit any of the acts alleged in the instant Indictment, including, but not limited to:

a) Evidence that there were multiple users of the computer allegedly seized from Neil Stierhoff;

b) Evidence that there were multiple hard drives connected to the computer in question;

c) Evidence that the computer in question was inoperable at the time of its seizure by the State Police;

d) Evidence that there were multiple users of the self-storage unit where financial records allegedly belonging to the Defendant were found;

e) Evidence that Neil Stierhoff is not the owner/operator of the businesses, variously known as Adams Associated, Joseph Adams, JA, and the like whose paperwork was allegedly seized from the Defendant.

f) Evidence that Defendant did not endorse the deposits to the various bank accounts alleged to have been controlled by Defendant.

3. The entire criminal record of any witness who may be used to testify against Neil Stierhoff, as well as any other information of criminal activity or involvement of such individuals, whether or not said activity resulted in criminal charges being filed or convictions being obtained.

4. Any and all demands or requests for immunity by any witness or potential witness whose information was relied upon by the government in the investigation, prosecution, or trial of this case.

5. Any and all demands or requests for immunity by any persons related to this investigation in any fashion.

6. The defense is requesting that the complete personnel files of the investigating agents and police officers involved in this case be reviewed, either by the prosecution, or in camera, to determine whether there were any instances of dishonesty or misconduct which would bear upon their credibility at trial.

7. A complete copy of any and all rules, regulations, policies and manuals pertaining to the Rhode Island State Police and Internal Revenue Service to determine whether proper procedures were followed. Specifically, but without limiting the generality of the foregoing, the defense is seeking:

   a) Any and all rules, regulations, policies and manuals regarding application for and execution of search warrants by the Rhode Island State Police and the Internal Revenue Service;

   b) Procedures and protocols for the seizure and handling of evidence;

   c) The Rhode Island State Police policy on the seizure, handling and analysis of computers;

   d) The Rhode Island State Police policy with regard to forensic analysis of seized computers by the Digital Forensic Center

affiliated with the Rhode Island State Crime Lab and/or the University of Rhode Island;

e) The Rhode Island State Police policy on search warrants with respect to misdemeanor criminal investigations;

f) The entire Internal Revenue Service policy on the issuance of search warrants;

g) The Internal Revenue Service policy on the forensic analysis of computers.

8. Any and all offers of assistance, plea bargains, deals, promises, rewards or inducements etc., extended to any witnesses, informants, unindicted co-conspirators, or individuals having knowledge of the facts of this case, whom the United States of America intends to or has used for any purpose in the preparation of this case, including investigation, grand jury appearances, pre-trial motions, trial or otherwise. This request includes but is not limited to any offers of leniency, assistance, forbearance of prosecution, promises as to the *witness' civil tax or administrative liability*, threats of prosecution or investigation for tax evasion, forbearance of investigation as to these or other matters, as well as offers regarding sentencing, recommendations, sentence reductions, parole, and like offers of remuneration.

9. It is further requested that the United States of America provide the names and addresses of any agents, law enforcement officials or others involved in the negotiation or finalization of such agreement or bargain.

10. Any evidence of a confidential informant who reported knowledge of any aspect of this case. This request is intended to apprise the Defendant whether the United States of America has relied upon any information from confidential informants from the date of the incident to present. This request includes but is not limited to, the identity of any confidential informants, the basis of knowledge of any alleged confidential informants, a summary or verbatim account, if available, of the information provided by the confidential informant and the date or dates when said information became known to the United States of America.

11. A list of the names, addresses, and substance or transcript of any and all statements, whether written, recorded, or given orally, of any witnesses whom the United States Government does not intend to use in its case in chief or otherwise in this case and who have knowledge of the facts relevant hereto, if potentially exculpatory, favorable or mitigating regarding issues of guilt and innocence.

12. Any evidence within the possession of the United States which is at odds with the version of facts related by the Government's witnesses, including any "negative" exculpatory evidence, so called, wherein witnesses failed to identify Neil Stierhoff as the party involved with the

various transactions complained of or associated with the various bank accounts attributed to him.

13. A full and complete statement of any and all promises, rewards and inducements of any kind, made by the Government, its prosecutors or its agents, and/or by state law enforcement agents working in conjunction with the Government in this case, to induce or encourage the giving of testimony or information and made to any prospective witness whom the Government intends to call at the trial of the above-captioned matter, and/or any person who assisted the Government in its investigation of the matter and/or testified at the Grand Jury.

14. Any and all threats, express or implied, direct or indirect, or other coercion made or directed against any witness, including but not limited to:

a) Promises of non-prosecution of said witness(es), friends, or acquaintances for any offenses;

b) Indications made to the witness that they are not the target of the investigation unless they fail to cooperate;

c) Aid or assistance to the witness in procuring a job or similar benefit, or aid or assistance with expenses related to their cooperation in the matter;

d) Promises that cooperation will be brought to the attention of judicial authorities, parole or probation authorities, or others, for the benefit of the person providing the cooperation or for any person acquainted with the person cooperating;

e) Any indication that failure to cooperate would result in some adverse action against the person whose cooperation was sought.

15. Any criminal prosecutions, investigations, or potential prosecutions pending or that could be brought against any witness.

16. Any probationary, parole, deferred prosecution, or custodial status of any witness.

17. Any civil, tax court, court of claims, administrative, or any pending legal dispute or transaction in which any witness is involved, and in which any state or the Federal Government has any real, apparent or perceived influence.

18. Any evidence that may be used to impeach or discredit any witness the Government intends to call at trial, including but not limited to, inconsistent statements of a witness or between witnesses, statements of bias or prejudice against the defendant by a witness, or admissions of poor memory of a witness.

19. Any statements, testimony, or evidence from any individual or entity having knowledge of this case which is inconsistent with:

a) Any portion of the government's evidence or theory of the case;

b) Other statements by that individual witness;

c) Any statements of other witnesses; or

d) That may affect any witness' credibility.

20. Any and all evidence that would impeach any of the government's witnesses or reflect unfavorably upon him or her.

21. Any and all information related to any person other than Neil Stierhoff, investigated as a suspect in any of the incidents alleged in the instant Indictment.

22. Any indication that any agent of the Federal Government involved in this case has ever been the subject of any reprimand, internal disciplinary action or proceeding, particularly as it relates to the issues of honesty, truthfulness or mishandling of evidence.

23. The full record of arrest and/or criminal convictions of any prospective witness the Government intends to call at trial, and if a witness has been incarcerated pursuant to a conviction, records from any institution at which he/she has been incarcerated.

24. Any psychiatric, substance abuse or counseling records of any potential government witness.

25. Any information which affects the credibility of government witnesses or assists in the cross examination of any government witness, including evidence of bias or motive to lie.

26. Any evidence pursuant to FRE 608,609, and 613.

27. Any evidence concerning the bank accounts allegedly associated with Neil Stierhoff's illegal activity which indicates that:

a) Neil Stierhoff did not open said accounts;

b) Neil Stierhoff did not deposit money to said accounts;

c) Neil Stierhof did not affix his social security number to said accounts;

d) Neil Stierhoff did not endorse deposit checks to said accounts.

28. Any evidence which reduces/limits Neil Stierhoff's involvement with and/or liability for the instant charges.

29. One of the theories the Defendant is proferring in regard to the Motion to Suppress Evidence is that the search of Defendant's room, computer and self-storage units was pretextual in that it is very difficult for the Internal Revenue Service to obtain authority for search warrants in tax related investigations. To that end it is imperative for the defense to be apprised of the date when the Internal Revenue Service was first contacted in regard to this Defendant.

30. In applying for the search warrant, were all of the requirements of the Internal Revenue Service Manual and the Criminal Investigation policy of the Internal Revenue Service complied with? Specifically, and without limiting the generality of the foregoing:

a) Was an Enforcement Action Review form completed prior to the warrant being issued?

b) Prior to the warrant being applied for, was the Affidavit reviewed by a Criminal Tax Division attorney as required?

c) Prior to the warrant being applied for, did a Criminal Tax Division attorney provide written advice to the Special Agent in Charge for consideration, as required by IRS policy?

d) Did the Special Agent in Charge approve the application for the Search Warrant in this matter as required by the IRS Manual policy?

e) Was prior approval of the search warrant obtained from Division

Counsel?

f) Was a post-search warrant inventory review conducted as required?

31. Were all of the requirements of the IRS's Criminal Investigation Division's policy regarding search warrants, which was adopted in accordance with the Webster Commission recommendations, followed in this case?

32. In the event written advice was not provided to the Special Agent in Charge prior to the execution of the search warrant due to time constraints, was a written Memorandum to the Special Agent in Charge prepared as soon as possible post-search?

a) If so, was a detailed explanation of the exigencies warranting the rendition of oral advice set forth?

33. Did this case fall within the scope of Tax Division Directive No. 52 (January 2, 1986), or was exclusive authority to approve the search warrant retained by the Tax Division?

34. Did this case fall within the exclusive authority of the Tax Division to approve the use of a search warrant pursuant to 28 C.F.R. § 59.1 *et. seq.*? (involving disinterested 3rd parties)

35. Was this matter analyzed pursuant to IRS policy and the recommendations of the Webster Commission to determine whether less intrusive means were available to obtain the information sought?

36. Was the execution of this search warrant directed at a "sensitive target" as that term is interpreted in the Internal Revenue Service Manual?

a) If so, was the Director of Field Operations contacted and did he approve the execution of the warrant?

b) If so, did the Associate Chief Counsel review and approve of the decision as required?

37. Was Special Agent Robert Ferrarro or Kenneth Mendozzi or any other agents of the Internal Revenue Service present during the alleged "consent search" of Defendant's premises or storage facilities?

Respectfully submitted,

NEIL STIERHOFF,

By his Attorney,

______________________________

SCOTT A. LUTES (#3502)
127 Dorrance Street
Providence, Rhode Island 02903
Telephone: (401) 861-1142
Facsimile: (401) 490-3207

**Statement Pursuant to Local Rule 12(f)**

Defendant avers that any delay occasioned by the making, hearing, or granting of this motion will constitute in whole or in part excludable time as defined by 18 U.S.C. § 3161(h).

_________________________________

**CERTIFICATION**

I, the undersigned do hereby certify that I caused a true and accurate copy of the within Motion to be sent by CM/ECF to Stephanie Browne, AUSA at **stephanie.browne@usdoj.gov**, and to Thomas G. Voracek, AUSA at **thomas.g.voracek@usdoj.gov** and by regular mail, postage prepaid to John N. Kane, AUSA, U.S. Department of Justice, Tax Division, 601 D Street, N.W., Room 7334, Washington, D.C. 20530, on this the ____ day of October, 2006.

_________________________________