**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA :**
**Vs. : Cr. No. 06-0042ML**
**NEIL STIERHOFF :**

The Defendant has moved to suppress oral statements allegedly made to members of the Rhode Island State Police. There are two sets of statements. The first set is alleged unrecorded oral statements attributed to Defendant by the State Police. The second set is an oral statement of Defendant recorded by the State Police at their barracks.

This motion is directed at the unrecorded alleged oral statements.

Neil Stierhoff was arrested at approximately 11:00 p.m. on April 12, 2002, by members of the Rhode Island State Police upon a state misdemeanor charge. At the time of his arrest there were more than 10 state troopers present. According to the police statements, Mr. Stierhoff was read his Miranda rights, *then* arrested, placed in handcuffs and seated in the rear of a state police vehicle. While in the rear of the vehicle, without being asked whether he wished to waive his right to remain silent, Mr. Stierhoff was questioned by two Rhode Island State Police Detectives. While he is presented with a Consent to Search form and told to sign it, he is never presented with a "Rights" form, so called, until he is brought to the State Police barracks at 2:00 the next morning. While in custody and in response to police questioning, Mr. Stierhoff allegedly made admissions that are now sought to be used against him.

*Miranda* protection extends to persons who, while in custody are interrogated by persons the suspect knows are acting on behalf of the state. *Miranda v. Arizona, 384 U.S. 436 (1966).* Any pretrial statements elicited from the defendant during custodial interrogation are inadmissible unless defendant is informed of his Fifth Amendment rights before questioning. *Id. at 444.* The Supreme Court defined interrogation as "express questioning or its functional equivalent". *Rhode Island v. Innis, 446 U.S. 291*

*(1980).* The functional equivalent of interrogation consists of "words or actions on the part of the police . . . that the police should reasonably know are likely to elicit an incriminating response from the suspect. *Id. at 301.*

In order to introduce a defendant's incriminating statement, the Government must prove by a preponderance of the evidence that the suspect waived his Miranda rights. *Miranda at 475.* To determine the validity of a waiver, courts analyze the totality of the circumstances surrounding the interrogation. *Moran v.Burbine, 475 U.S. 412, 421 (1986).*

In this case there is no written waiver of rights until 2:00 the next morning. Neil Stierhoff either denies that he was read his Miranda warnings, or that he was in such a state of shock and under such duress upon being arrested that the warnings were meaningless. In either case, he was never asked whether he understood his rights or whether he wanted to give a statement. Instead, he was arrested by a mob of police officers late at night, put into handcuffs and placed in a police car. The police immediately began questioning him. He was never asked whether he wanted to give a statement. The statements allegedly made by the defendant at the time of his arrest and thereafter, but prior to his written waiver of rights at the police station, have nothing to do with the statement he admits making at the police station when he signed a valid rights waiver form. None of the pre-written waiver statements was ever reduced to writing for defendant to adopt and sign, nor was he ever asked to adopt those statements during his police station statement.

The Defendant seeks a hearing in order to contest the voluntariness and accuracy of his alleged pre-waiver statements.

**Neil Stierhoff,**

**By his attorney,**

______________________________

**Scott A. Lutes, R.I. Bar #3502**

**127 Dorrance Street, 2nd Floor**

**Providence, RI 02903**

**Telephone: (401) 861-1142**

**Facsimile: (401) 490-3207**

**CERTIFICATION**

I hereby certify that I electronically filed, with the Clerk of the Court using the CM/ECF system, a true and accurate copy of the within Memorandum in Support of Motion to Suppress, which will in turn send notification of said filing to Stephanie S. Browne, AUSA, Stephanie.browne@usdoj.gov, Thomas G. Voracek, thomas.g.voracek@usdoj.gov, and by regular mail, postage prepaid to John N. Kane, AUSA, U.S. Department of Justice,Tax Division, 601D Street, N.W., Washington, D.C. 20530, on this the ___ day of October, 2006.

________________________________