**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>NEIL STIERHOFF,<br><br>Defendant. | ) | Cr. No. 1:06-CR-00042-ML |

**MOTION FOR BILL OF PARTICULARS**

The defendant, Neil Stierhoff (hereinafter "Defendant"), by and through undersigned counsel, moves, pursuant to Fed. R. Cr. P. 7(f), for a bill of particulars with respect to Counts One, Two, Three and Four of the Indictment.

Defendant makes the following requests:

1. Please identify the specific provision or provisions of the tax code along with their implementing regulations that:

   1) the Indictment claims imposed the tax due and owing upon the defendant, as alleged in Counts One, Two, Three and Four of the Indictment, and

   2) that Defendant stands charged with violating, with respect to Counts One through Four.

2. Which **crime** under 26 U.S.C. § 7201 does Defendant stand accused of violating and which alternative will the government seek to prove at trial:

   1) Is it to evade or defeat any tax imposed by this title, or

   2) Is it to evade or defeat the payment thereof?

3. Since tax evasion contains a required element the indictment must allege and the jury

must find beyond a reasonable doubt, please identify what you tendered to the Grand Jury and what you intend to present at trial that makes up the deficiency element of the alleged crimes in each of Counts One, Two, Three and Four.

4. If the evasion charges are not based upon an assessed tax, what law does the government rely upon to create a "tax due and owing" (theory) without an assessment?

5. What provisions of law does the government rely upon for its claim that Defendant had taxable income in excess of the exempt amount for the prosecution years?

6. What specific tax does the Defendant stand accused of having evaded?

7. Relative to each Count One through Four, what is the specific calendar date Defendant first owed the tax alleged to have become due and what was the specific amount allegedly owed on the date stated?

8. What affirmative acts does the government contend that Defendant did in furtherance of the defeating of tax with identification of specific dates?

9. Since the government's allegation that Defendant "had and received taxable income" is a conclusory of law, what operation of law or provisions of law did convert the alleged "business receipts" into "taxable income," taking note of the constitutional nature of "income"? Cf. *Murphy v. United States*, 05-5139 (D.C. Cir. 2006) (holding 16th Amendment "incomes" as coextensive with the phrase "gross income" at § 61(a) of the IRC and "Congress can not make a thing income which is not so in fact" citing *Burk-Waggoner Oil Ass'n v. Hopkins*, 269 U.S. 110, 114 (1925)) and "gross receipts cannot be called gross income." *United States v. Ballard*, 535 F.2d 400 (8th Cir. 04/28/1976), *Clark v. United States*, 211 F.2d 100, 102 (8th Cir. 1954).

10. Is "failing to make an income tax return" considered an affirmative act within the

meaning of the charge of "attempt[ing] to evade or defeat any tax or the payment thereof?" If it is an affirmative act,

1) What law required Defendant, specifically, to make an income tax return?

2) What specific date(s) did Defendant carry out the affirmative acts (Counts One through Four)?

11. Specify in what manner or form Defendant should have made an income tax return relative to Counts One through Four.

12. Please identify the specific provision or provisions of the tax law, that Defendant stands charged with violating, with respect to Counts One through Four, that the government relies upon to trigger the penalties fixed by 26 U.S.C. § 7201.

13. With respect to Counts One through Four, what information request form does the Defendant stand accused of failing to make for each prosecution year, respectively?

14. With respect to Counts One through Four, what part of said form informed the Defendant that he was required to make the respective form the Defendant stands accused of failing to make?

15. With respect to Counts One through Four, what is the (1) Common name of the form, (2) Number of the form with any and all suffixes or prefixes, (3) OMB control number assigned for the form, (4) date of approval of the form by OMB, (5) date of expiration of the form, and (6) language on the form that informs the citizen whether completion of the form is voluntary, optional or mandatory?

16. What affirmative acts does the government contend that Defendant did in furtherance of the evasion of tax with identification of specific dates?

17. What fact or evidence does the government rely on to conclude Defendant is a proper

subject of "any tax imposed by this title" and in so concluding, what provision of law or statute confers this Court with jurisdiction in personam?

18. For a justiciable case or controversy to proceed under the provisions of § 7201, Defendant is or was required to be a "person" as defined at 26 U.S.C. § 7343.[1] What evidence was tendered to the grand jury to conclude the Defendant was an officer or employee of a corporation, association, joint-stock company, insurance company, or a member or employee of a partnership who as such officer, employee, or member was under a duty to perform the acts in respect of which the violations occurred?

19. In order to establish the Court's jurisdiction in this matter as a justiciable case or controversy, what is the legal relation of the Plaintiff to Defendant, under what provision of law was this determined and what evidence was tendered to the grand jury to support this conclusion?[2]

20. What specifically is the "District of Rhode Island" wherein unspecified acts were allegedly committed, what are its boundaries and what evidence was tendered to the grand jury that Defendant allegedly committed acts specifically **in** the "District of Rhode Island"?

21. What facts or evidence does the government rely on to presume Defendant is a "resident"

---

[1] Section 7343 uses the term "includes" which is defined at § 7701(c) as "when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined [in the same general class]. The list of persons defined in § 7343 belong to the class of persons in their capacities as officers, employees or members of artificial corporate entities. See also 26 CFR 170.59 revised as of January 1, 1961 and 27 CFR 72.11. Under "*ejusdem generis*" canon of statutory construction, where general words follow the enumeration of particular classes of things, the general words will be construed as applying only to things of the same general class as those enumerated. A natural person or private individual does not belong to this class enumerated. See *Black's Law Dictionary*, 6th Ed. See also, *Montello Salt Company v. Utah*, 31 S. Ct. 706, 221 U.S. 452, 464-465 (1911) ("The determining word is, of course the word 'including. ... It is the participle of the word 'include,' which means, according to the definition of the Century Dictionary, (1) 'to confine within something; hold as in an inclosure; inclose; contain.' ... The court also considered that the word 'including' was used as a word of enlargement, the learned court being of opinion that such was its ordinary sense. With this we cannot concur. It is its exceptional sense, as the dictionaries and cases indicate.")

[2] See generally, *Aetna Life Ins. Co. Of Hartford, Conn. v. Haworth* , 300 U.S. 227, 241 (1937).

as the term is defined in the U.S. Code?

22. What Act of Congress, statute or regulation define the functions of and authorize the Internal Revenue Service to ascertain, compute, assess and collect the alleged "income tax" embraced by Counts One through Four of the Indictment?

Respectfully submitted,
NEIL STIERHOFF,
By his Attorney,

/s/Scott A. Lutes
SCOTT A. LUTES (#3502)
127 Dorrance Street
Providence, Rhode Island 02903
Telephone: (401) 861-1142
Facsimile: (401) 490-3207

**Statement Pursuant to Local Rule 12(f)**

Defendant avers that any delay occasioned by the making, hearing, or granting of this motion will constitute in whole or in part excludable time as defined by 18 U.S.C. § 3161(h).

/s/Scott A. Lutes

**CERTIFICATION**

I, the undersigned do hereby certify that I caused a true and accurate copy of the within Motion to be sent by CM/ECF to Stephanie Browne, AUSA at **stephanie.browne@usdoj.gov**, and to Thomas G. Voracek, AUSA at **thomas.g.voracek@usdoj.gov** and by regular mail,

postage prepaid to John N. Kane, AUSA, U.S. Department of Justice, Tax Division, 601 D Street, N.W., Room 7334, Washington, D.C. 20530, on this the ____ day of October, 2006.

/s/Scott A. Lutes

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>NEIL STIERHOFF,<br>Defendant. | ) | Cr. No. 1:06-CR-00042-ML |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR BILL OF PARTICULARS**

The Court is hereby informed as to "what particulars are sought [whereby it must] give specific directions to the government as is contemplated by Fed. R. Cr. P 7(f) which authorizes the court to 'direct the filing of a bill of particulars.'" *United States v. Gordon*, 634 F.2d 639 (1st Cir. 1980). A bill of particulars is required by Defendant to clarify the accusation, to remove any ambiguities in the Indictment and to insure his Sixth Amendment guaranteed right to be informed of the nature and cause of the accusation. This right entitles Defendant to insist that the Indictment apprise him of the crime charged with such reasonable certainty that he can make his defense and protect himself after judgment against another prosecution on the same charge.[3]

In *Bryan v. United States*, 524 U.S. 184, 200 (1998), the Court cited to *Cheek v. United States*, 498 U.S. 192, 201 (1991), and said "In certain cases involving willful violations of the tax laws, we have concluded that the jury must find that the defendant was aware of the specific provision of the tax code that he was charged with violating."

[3] *United States v. Cruikshank*, 92 U.S. 542, 544, 558 (1876); *United States v. Simmons*, 96 U.S. 360 (1878); *Bartell*

A bill of particulars "properly includes clarification of the indictment[.]" *United States v. Ramirez*, 54 F.Supp.2d 25, 30 (D.D.C. 1999), *United States v. Smith*, 341 F. Supp. 687, 690 (N.D.Ga. 1972). A bill of particulars is "appropriate to permit a defendant to identify with sufficient particularity the nature of the charge against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted for the same offense." *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (quoting *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).

For a jury to fairly decide and for the defendant to properly defend himself against the charges, which are the elements of a crime, the facts are required to be made clearly known. Inserting into an indictment conclusory allegations, conclusions of law, misleading presumptions and indefinite terms which, lacking the necessary particulars, have the effect "to manipulate [lower, shift away or relieve altogether] the prosecutor's burden of proof by, for example, relying on a presumption rather than evidence to establish an element of an offense, cf. *Mullaney v. Wilbur*, 421 U. S. 684 (1975); *Sandstrom v. Montana*, 442 U. S. 510 (1979)" *Apprendi v. New Jersey*, No. 99-478 (U.S. 06/26/2000).

"[A]n indictment [must] contain[] 'all the facts and circumstances which constitute the offence, ... stated with such certainty and precision, that the defendant ... may be enabled to determine the species of offence they constitute, in order that he may prepare his defence [sic] accordingly ... and that there may be no doubt as to the judgment which should be given, if the defendant be convicted.' J. Archbold, *Pleading and Evidence in Criminal Cases* 44 (15th ed. 1862) (emphasis added)." *Apprendi*, id.

In charging "violation[s] of Title 26, United States Code, Section 7201" the government has invoked the custom-defined terms in the statute and in related sections of the tax code (the

---

*v. United States*, 227 U.S. 427 (1913); *Burton v. United States*, 202 U.S. 344 (1906).

specific custom definitions intended by Congress) and it must be held to those terms, as defined and where applied, in the tax code and it has the entire burden to prove each and every fact alleged and each and every element of 26 U.S.C. § 7201.[4] All of these purposes will be served by a bill of particulars in this case.[5] As in the instant case, the critical importance of a bill of particulars was set forth in *United States v. Smith*:

> Historically and functionally, the bill of particulars is closely related to the indictment. Bills of particulars, relative to indictments, have a brief history. Nevertheless, that history closely ties the bill of particulars to the indictment. Originally indictments set forth the accusation in great detail and there was no need for supplementation. The modern trend, however, has been towards more skeletal accusations combined with procedures providing access to the omitted details if the defense has a legitimate need for them. *** Federal Rule of Criminal Procedure 7(f) provides the opportunity for such access. That rule authorizes the court to 'direct the filing of a bill of particulars' (emphasis added). This is in marked contrast to the provisions of Rule 16, which authorize the court to direct that the government 'furnish to the defendant' certain specified items of discovery. In this context, we believe Rule 7(f) provides some evidence that **bills of particulars were regarded by the drafters of the rules as supplements to the indictment** rather than as pretrial discovery. Turning to the functions performed by a bill of particulars, we again find them more akin to the functions of an indictment than to discovery. *** [I]t is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation. *United States v. Manetti*, 323 F. Supp. 683, 696 (D.Del. 1971). More importantly, **a bill of particulars, like the indictment, is designed to define and limit the government's case. As with the indictment, there can be no variance between the notice given in a bill of particulars and the evidence at trial.** [B]ills of particulars thus set the parameters of the government's case[.]

[4] "[T]he reasonable-doubt standard is indispensable, for it 'impresses on the trier of fact the necessity of reaching a subjective state of certitude of the facts in issue.' Dorsen & Rezneck, *In Re Gault and the Future of Juvenile Law*, 1 Family Law Quarterly, No. 4, pp. 1, 26 (1967). *** It is critical that the moral force of the criminal law not be diluted by a standard of proof that leaves people in doubt whether innocent men are being condemned. It is also important in our free society that every individual going about his ordinary affairs have confidence that his government cannot adjudge him guilty of a criminal offense without convincing a proper factfinder of his guilt with utmost certainty. *** [W]e explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970).

[5] The government may not respond that the defendants should know the particulars demanded, for they are presumed to be innocent; in any event, the request for a bill of particulars is aimed at the facts as alleged by the government, not as they may have actually occurred. *United States v. Ramirez*, 602 F. Supp. 783 (S.D.N.Y. 1985); *United States v. Tanner*, 279 F. Supp. 457, 474 (C.D. Ill. 1967); *United States v. Tucker*, 262 F. Supp. 305, 307 (S.D.N.Y. 1966).

*United States v. Smith*, 776 F.2d 1104 (3rd Cir. 1985) (Emphasis added and internal citations omitted).

A bill of particulars should be granted whenever the Indictment's failure to provide factual or legal information results in a significant impairment of a defendant's ability to prepare his defense, or is likely to lead to prejudicial surprise. *United States v. Sepulveda*, 15 F.3d 1161 (1st Cir., 1993). Statutes in the United States Code involving taxation and related offenses (Title 26, et. al.) rely almost exclusively on custom-defined "terms of art" and legal terms.

It is therefore completely essential that Defendant understands exactly how the government is defining all of the terms used in the indictment and in its prosecution of the case, in order for Defendant to be properly and constitutionally "informed" and to be able to adequately defend himself against the charges and to prevent the government from switching its theory of the case. The necessity to inform the accused of the offense charged in well-defined terms falls squarely within the requirements of Fed. R. Cr. P. 7(c)(1) which requires that the Indictment must be a "definite written statement of the essential facts constituting the offense charged." The "essential facts" are the elements of a criminal statute which are inextricably bound by the custom-defined legal terms used and are required by Fed. R. Cr. P. 7(c)(1) to be "definite," that is, "having distinct limits, certain, clearly defined and explicitly precise."[6]

Title 26 U.S.C. § **7201 is a penal statute**. "When a statute fixes penalties it must do so in clear terms to avoid unfairness [and] arbitrary enforcement. . . . It is an ancient rule of statutory construction that **penal statutes should be strictly construed against the government** or parties seeking to enforce statutory penalties **and in favor of the persons on whom penalties are sought to be imposed**. It has been held, that judicial constructions not construing statutes in favor of the offender violate due process. . . . It is a well-established principle of statutory

[6] definite. (n.d.). *The American Heritage® Dictionary of the English Language*, Fourth Edition. Retrieved August

construction that penal statutes must be strictly construed in determining the liability of the person upon whom the penalty is imposed . . . in favor of such person and against the enforcement of such law. . . . As far as ambiguity is concerned, it has been held that since it was not the defendant in the criminal action that caused the ambiguity in the statute, the rule of strict construction must be adhered to. . . . Another reason for strict construction is to protect the individual against arbitrary discretion by officials and judges . . . 'to guard against the creation, by judicial construction, of criminal offenses not within the contemplation of the legislature.'" *Statutes and Statutory Construction*, Norman J. Singer, Sixth Ed., Vol. 2A, § 59:1, p.113 and § 59:3, pp. 125-131, 140-141, 144-145 (2000 Rev., 2006 Cum. Supp., West Group, citations omitted, emphasis added). As the Supreme Court has held in this regard, "In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the Citizen." *Gould v. Gould*, 245 U.S. 151 (1917) (citations omitted).

In requesting a bill of particulars, the defendant is not asking for discovery material to which he is not entitled. He is not asking the government for the fruits of its investigation, a detailed exposition of its evidence or an explanation of the legal theories upon which it intends to rely at trial. Rather, the requested "bill of particulars is a defendant's means of obtaining specific information about charges brought in a vague or broadly-worded indictment." *United States v. Dunnigan*, 944 F.2d 178, 181 (4th Cir. 1991) (citing *United States v. Debrow*, 346 U.S. 374, 378 (1953)), rev'd on other grounds, 113 S. Ct. 1111 (1993). Without supplementation by a bill of particulars, the Indictment would be "broadly-worded," unconstitutionally vague and the

29, 2006, from Dictionary.com website: http://dictionary.reference.com/search?q=definite&x=63&y=21

allegations would be conclusory legal presumptions without a factual foundation.[7] The Court is noticed of the constitutional basis for Defendant's request: the Sixth Amendment requires the accused "to be [fully] informed of the nature and cause of the accusation [against him]" and requires the government to comply by furnishing such information with particulars.

There are some serious harms, to be sure, that can emerge from flawed indictments. The most serious may be when a defendant is without fair notice of the charges against him.[8] A bill of particulars is necessary in the instant case so that government may overcome a potentially unconstitutional and fatally defective charging instrument by not being specific to the elemental charges or to the statute's vague wording, to wit: "any person," "any tax imposed," "make an income tax return ... as required by law," etc. "[T]he government must prove that the tax was **in fact** 'imposed by this title,' in other words, a tax deficiency. See *United States v. Dack* , 747 F.2d 1172, 1174 (7th Cir. 1984)." *U.S. v. Silkman* Case No. 97-3888 (D.S.D. 1998). (Emphasis added). "Charging documents are tested by whether they 'sufficiently apprise[] the defendant of what he must be prepared to meet.' *Russell v. United States*, 369 U.S. 749, 763, 82 S.Ct. 1038, 1046, 8 L.Ed.2d 240 (1962) (citations omitted)." *United States v. Rojo*, 727 F.2d 1415 (9th Cir. 1983) (The citation was held to be unconstitutionally defective "because it presumes [Defendant's] knowledge of the facts charged and thereby also presumes his guilt. In any case, **particular** scrutiny of the charging document is required ***." at fn3). "[F]ederal trial courts have always had very broad discretion in ruling upon requests for such bills, compare *Wong Tai v. United States*, 273 U.S. 77, 82 (1927). Furthermore, it is not uncommon for the Government

---

[7] Unconstitutional vagueness means "men of common intelligence must necessarily guess at its meaning." *Connally v. General Construction Co.*, 269 U.S. 385, 391. "Vague laws *** provide opportunity for arbitrary and discriminatory enforcement since those who apply the laws have no clear and explicit standards to guide them. *Coates v. Cincinnati*, 402 U.S. 611, 614 ( 1971); *Shuttlesworth v. Birmingham*, 382 U.S. 87 , 90-91, 15 L. Ed.2d 176 (1965)." *Karlan v. City of Cincinnati* , 416 U.S. 924 (1974).

[8] *United States v. Mojica-Baez*, 229 F.3d 292, 229 F.3d 292 (1st Cir. 2000) citing *United States v. Murphy*, 762 F.2d 1151, 1155 (1st Cir. 1985)

to be required to disclose the names of some potential witnesses in a bill of particulars, where this information is necessary or useful in the defendant's preparation for trial. See, e. g., *United States v. White*, 370 F.2d 559 (C. A. 7th Cir. 1966). See also *United States v. Debrow*, 346 U.S. 374, 378 (1953)." *Will v. United States*, 88 S. Ct. 269, 389 U.S. 90, 98 (1967).

The United States Constitution limits the exercise of the judicial power to "cases" and "controversies." Under Article III, Section 2, of the United States Constitution, a federal court can only be conferred with jurisdiction when there is an actual case or controversy invoking its judicial power. More specifically, a "justiciable ... controversy must be definite and concrete, touching the **legal relations of parties** having adverse legal interests." See generally, *Aetna Life Ins. Co. Of Hartford, Conn. v. Haworth* , 300 U.S. 227, 241 (1937)(internal citations omitted, emphasis added). Since jurisdiction is a constitutionally necessary condition antecedent to any proceedings in law or equity, the matters and particulars hereinabove requested are necessary to establish the legal relations of the parties and to enable Defendant to be adequately informed of the nature and cause of the accusations against him, to have a fair opportunity to adequately prepare his defenses, to avoid prejudicial surprise, confusion and delay at trial, to clarify the issues and the legal terminology used in the indictment and to enable him to be protected against a second prosecution for the same offense and plead double jeopardy thereto, as guaranteed by the Fifth and Sixth Amendments to the U.S. Constitution.

WHEREFORE, Defendant moves this Court to enter an Order directing the government to file a bill of particulars indicating and furnishing relevant knowledge, information, facts and evidence it may have and intends to use and indicating and furnishing further particulars relevant to the case at bar upon obtaining further knowledge, information, facts or evidence to this Court well in advance of trial.

Respectfully submitted,

NEIL STIERHOFF,

By his Attorney,

/s/Scott A. Lutes
SCOTT A. LUTES (#3502)

127 Dorrance Street

Providence, Rhode Island 02903

Telephone: (401) 861-1142

Facsimile: (401) 490-3207

**Statement Pursuant to Local Rule 12(f)**

Defendant avers that any delay occasioned by the making, hearing, or granting of this motion will constitute in whole or in part excludable time as defined by 18 U.S.C. § 3161(h).

/s/Scott A. Lutes

**CERTIFICATION**

I, the undersigned do hereby certify that I caused a true and accurate copy of the within Memorandum to be sent by CM/ECF to Stephanie Browne, AUSA at **stephanie.browne@usdoj.gov**, and to Thomas G. Voracek, AUSA at **thomas.g.voracek@usdoj.gov** and by regular mail, postage prepaid to John N. Kane, AUSA, U.S. Department of Justice, Tax Division, 601 D Street, N.W., Room 7334, Washington, D.C. 20530, on this the ____ day of October, 2006.

/s/Scott A. Lutes