**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 06-0042ML** |
| | : | |
| **NEIL STIERHOFF** | : | |

**RESPONSE TO DEFENDANT'S MOTION**
**TO PRESERVE ROUGH NOTES AND WRITINGS**

The United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and John N. Kane and Thomas G. Voracek, Trial Attorneys, United States Department of Justice, respectfully submits this Response to the Defendant's Motion to Preserve Rough Notes and Writings.

Without requesting production of these materials, defendant seeks an order compelling the government to direct investigative agents to preserve all their notes and writings on the grounds that these notes "could" fall within the ambit of the Jencks Act, 18 U.S.C. § 3500, and "may" constitute exculpatory evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963). Thus, by requesting the preservation of all notes and writings, defendant's motion seeks to compel the government to do more than the law requires – to preserve undiscoverable and irrelevant materials that constitute neither Rule 16, Brady, Jencks, or Giglio discovery. Moreover, the government is well aware of its disclosure obligations, and has taken steps to preserve all

relevant material, including any investigative files of both federal and state agents involved in this matter.

In support of its position, the government attaches a Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA,
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

By: /s/Thomas G. Voracek
THOMAS G. VORACEK

/s/John N. Kane
JOHN N. KANE
Trial Attorneys
U.S. Department of Justice
Tax Division
Tel: (202) 514-5150
Fax: (202) 514-8455

Date: November 20, 2006

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, with the Clerk of Court using the CM/ECF system, a true and accurate copy of the within Response to Defendant's Motion to Preserve Rough Notes and Writings, which will in turn send notification to Scott A. Lutes, Attorney at Law, scottluteslaw@yahoo.com, and by regular mail, postage prepaid to Scott A. Lutes, Attorney at Law, 127 Dorrence Street, Providence, Rhode Island 02903, on this the 20th day of November, 2006.

/s/Thomas G. Voracek
THOMAS G. VORACEK

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 06-0042ML** |
| | : | |
| **NEIL STIERHOFF** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO PRESERVE ROUGH NOTES AND WRITINGS**

The United States of America, by and through its undersigned attorneys, respectfully submits this Memorandum of Law in Support of Government's Response to Defendant's Motion to Preserve Rough Notes and Writings.

Without requesting production of these materials, defendant seeks an order compelling the government to direct investigative agents to preserve all their notes and writings on the grounds that these notes "could" fall within the ambit of the Jencks Act, 18 U.S.C. § 3500, and "may" constitute exculpatory evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963). Thus, by requesting the preservation of all notes and writings, defendant's motion seeks to compel the government to do more than the law requires – to preserve undiscoverable and irrelevant materials that constitute neither Rule 16, Brady, Jencks, or Giglio discovery.



2044444.1

The government is well aware of its disclosure obligations, and has taken steps to preserve all relevant material, including any investigative files of both federal and state agents involved in this matter. In fact, the government, to date, has gone well beyond its disclosure obligations. We have followed an "open files" discovery policy, inviting the defendant as early as May 2006 to inspect and/or copy materials uncovered during the investigation – even documents that we do not regard as material to his defense. As early as May 2006, the government even produced its exhibit list, with a stickered copy set for the defendant. And, as far as Brady and Jencks material are concerned, we began producing this material in May 2006, sent to the defendant additional Jencks material on September 21, 2006, and, again, opened our files for inspection and review as early as May 2006.

With respect to the notes, reports, and file materials prepared by investigative agents, we produced to the defendant copies of memoranda of interviews prepared during the investigation as the result of witness interviews – even though many of these memoranda do not constitute Jencks, Brady, or Giglio material. E.g., Pledger v. United States, 141 F.3d 1150 (1st Cir. 1998); see also United States v. Jordan, 316 F.3d 1215, 1255 (11th Cir. 2003) (reports and writings of agents memorializing statements of witnesses do not constitute Jencks

material unless either the agent testifies concerning the witness's statements, or the witness adopts the summary of the agent).[1]

Even if these memoranda did constitute discoverable information, the defendant would not be entitled to the underlying notes which the memoranda summarize, and which the defendant now seeks an order to preserve – unless the defendant has reason to believe, and can show, that the handwritten notes vary materially from the typed accounts of the interviews. United States v. Greatwalker, 356 F.3d 908, 911 (8th Cir. 2004). Otherwise, the handwritten notes are merely cumulative to what has already been produced. Id. The defendant apparently recognizes this fact because, rather than actually request the handwritten notes and other writings of investigative agents, he merely seeks the preservation of all writings and notes because they "could" and "may" constitute Jencks and Brady material. If such notes and writings did constitute discoverable material, the government would have produced them long ago with the Jencks, Brady, and Giglio material that it has already produced.

Accordingly, the government requests that the Court deny defendant's motion. It seeks more from the Government than that

[1] Documents and evidence do not constitute Brady discovery unless there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Blais, 98 F.3d 647, 651 (1st Cir. 1996).

which the discovery rules require. And, defendant's motion is moot because the investigative agents who have been involved in this matter have been directed to preserve their files, rough notes, and writings.

Respectfully submitted,

UNITED STATES OF AMERICA,
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

By: /s/Thomas G. Voracek
THOMAS G. VORACEK

/s/John N. Kane
JOHN N. KANE
Trial Attorneys
U.S. Department of Justice
Tax Division
Tel: (202) 514-5150
Fax: (202) 514-8455

Date: November 20, 2006

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, with the Clerk of Court using the CM/ECF system, a true and accurate copy of the within Memorandum of Law in Support of Government's Response to Defendant's Motion to Preserve Rough Notes and Writings, which will in turn send notification to Scott A. Lutes, Attorney at Law, scottluteslaw@yahoo.com, and by regular mail, postage prepaid to Scott A. Lutes, Attorney at Law, 127 Dorrence Street, Providence, Rhode Island 02903, on this the 20th day of November, 2006.

/s/Thomas G. Voracek
THOMAS G. VORACEK