**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 06-0042ML** |
| | : | |
| **NEIL STIERHOFF** | : | |

**OBJECTION TO DEFENDANT'S**
**MOTION FOR A BILL OF PARTICULARS**

The United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and John N. Kane and Thomas G. Voracek, Trial Attorneys, United States Department of Justice, respectfully submits this Objection to the Defendant's Motion for a Bill of Particulars. In support of this Objection, the government submits the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/John N. Kane
JOHN N. KANE

/s/Thomas G. Voracek
THOMAS G. VORACEK
Trial Attorney
U.S. Department of Justice

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, with the Clerk of Court using the CM/ECF system, a true and accurate copy of the within Objection to Defendant's Motion for a Bill of Particulars, which will in turn send notification to Scott A. Lutes, Attorney at Law, scottluteslaw@yahoo.com, and by regular mail, postage prepaid to Scott A. Lutes, Attorney at Law, 127 Dorrence Street, Providence, Rhode Island 02903, on this the 20th day of November, 2006.

/s/Thomas G. Voracek
Thomas G. Voracek

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 06-0042ML** |
| | : | |
| **NEIL STIERHOFF** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**

The defendant moves this court to order the government to file a bill of particulars because it is "required by Defendant to clarify the accusation, to remove any ambiguities in the Indictment and to insure his Sixth Amendment guaranteed right to be informed of the nature and cause of the accusation." (Memorandum at p.7)[1] The defendant lists twenty-two questions that he would like the government to address in a bill of particulars.[2] The government objects to the defendant's motion

---

[1] The term "Memorandum" throughout this response refers to the Defendant's Memorandum of Law In Support of Motion For Bill of Particulars.

[2] Many of these questions regard issues of law. A proper bill of particulars does not require inclusion of a statement of the theory of law on which the government expects to proceed, but is to be confined to the facts relied upon, and supplied only where there is no opportunity afforded for the defendant to prepare to meet the charges of the indictment without further information as to such particulars. United States v. Doyle, 234 F.2d 788, 794-95 (7th Cir. 1956).

because: (1) the Indictment sufficiently apprises the defendant of the specific charges against him; (2) there is no risk of unfair surprise at trial; and (3) the defendant is protected against double jeopardy.

I. The Indictment is sufficient.

This Court has discretion to direct the government to file a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). Wong Tai v. United States, 273 U.S. 77 (1927). Rule 7(f) provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). In exercising its discretion, the Court should consider "whether the requested particularization is necessary to the defendant's preparation for trial and avoidance of unfair surprise at trial." United States v. Strawberry, 892 F. Supp. 519 526 (S.D.N.Y. 1995). "That the requested information would be useful to the defendant is not enough; if the defendant has been given adequate notice of the charges against him, the Government need not be required to disclose such information." Id.

The purposes of a bill of particulars are: (1) To insure that a defendant understands the nature of the charges against him so he can adequately prepare for trial; (2) To avoid or

minimize the danger of unfair surprise at trial; and (3) To enable the defendant to plead double jeopardy if he is later charged with the same crime. United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976). Accord, United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir.), cert. denied, 503 U.S. 994 (1992); United States v. Leach, 427 F.2d 1107, 1110 (1st Cir. 1970) (The function of a bill of particulars is to protect against double jeopardy, provide the accused with sufficient detail of the charges against him where necessary to the preparation of his defense and to avoid prejudicial surprise at trial.). There is no need to grant a bill of particulars when the indictment is sufficiently specific. United States v. Paiva, 892 F.2d 148, 154-55 (1st Cir. 1989). The government maintains that the Indictment is sufficiently particular, and there is no need for a bill of particulars in this case.

Rule 7(c) governs the nature and contents of an indictment and requires that the indictment be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c) In general, an indictment is sufficiently particular "if it elucidates the elements of the crime, enlightens a defendant as to the nature of the charge against which she must defend, and enables her to plead double jeopardy in bar of future prosecutions for the same offense." United States v. Sepulveda, 15 F.3d 1161, 1192 (1st

Cir. 1993), cert. denied, 512 U.S. 1223 (1994); United States v. Kinsella, 380 F. Supp.2d 7, 9 (D. Me. 2005). See also, United States v. Roya, 574 F.2d 386, 391 (7th Cir. 1978) (The test is whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial.).

Supreme Court cases indicate that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. Hamling v. United States, 418 U.S. 87, 118 (1974); Hagner v. United States, 285 U.S. 427 (1932); United States v. Debrow, 346 U.S. 374 (1953). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.' " Hamling, 285 U.S. at 118 (citations omitted); see also United States v. Cianci, 378 F.3d 71, 81 (1st Cir. 2004) and United States v. McDonough, 959 F.2d 1137, 1140 (1st Cir. 1992).

The Indictment in this case is sufficient because it tracks the language of the statute and includes all of the elements of

an offense under Section 7201.[3] First Circuit jury instructions describe the elements of a Section 7201 crime as follows:

> <u>4.25 Income Tax Evasion, 26 U.S.C. § 7201</u>
>
> [Defendant] is charged with income tax evasion. For you to find [defendant] guilty of this crime, the government must prove the following things beyond a reasonable doubt.
>
> First, that [defendant] owed substantially more federal income tax for the year[s] [__________] than was indicated as due on his/her income tax return;
>
> Second, that [defendant] intended to evade or defeat the assessment or payment of this tax; and
>
> Third, that [defendant] willfully committed an affirmative act in furtherance of this intent.
>
> [Fourth, that [defendant] did not have a good-faith belief that he/she was complying with the provisions of [specific provision]. A belief may be in good faith even if it is unreasonable.]
>
> A person may not be convicted of federal tax evasion on the basis of a willful omission alone; he/she also must have undertaken an affirmative act of evasion. The affirmative act requirement can be met by [the filing of a false or fraudulent tax return that substantially understates taxable income or by other affirmative acts of concealment of taxable income such as keeping a double set of books, making false entries or invoices or documents, concealing assets, handling affairs so as to avoid keeping records, and so forth].
>
> [Defendant] acted "willfully" if the law imposed a duty on him/her, he/she knew of the duty, and he/she voluntarily and intentionally violated that duty. Thus,

---

[3] Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony... 26 U.S.C. §7201

> if [defendant] acted in good faith, he/she cannot be guilty of this crime. The burden to prove intent, as with all other elements of the crime, rests with the government. This is a subjective standard: what did [defendant] honestly believe, not what a reasonable person should have believed. Negligence, even gross negligence, is not enough to meet the "willful" requirement.

First Circuit Jury Instruction 4.25 (1997).

The Indictment in the instant case tracks the language of the statute and identifies the alleged affirmative acts. Those affirmative acts are: conducting business under the name of Joseph Adams, using a post office box in the name of Universal Audio to receive business receipts, utilizing a bank account in the name of Joseph Adams in order to deposit his business receipts, and using extensive cash. (Indictment at pages 2,3,4 and 5)

II. The Government has provided full discovery.

The government has provided full discovery to the defense which eliminates the need for a bill of particulars. The government has completed its obligations under Fed. R. Crim. P. 16 and has provided the defense with a copy of every document the government intends to use in its case-in-chief, as well as a draft of the government’s exhibit list. The government has also made available to the defendant a substantial amount of other material and an extensive index list of such material.

The government also has notified the defense that it will be using the bank deposits method of proof and has provided the

defense with dozens of schedules reflecting the manner in which income and tax due and owing was determined for each of the prosecution years. Full discovery eliminates the need for a bill of particulars. United States v. Urban, 404 F.3d 754, 772 (3d Cir. 2005); United States v. Giese, 597 F.2d 1170, 1180 (9th Cir.), cert. denied, 444 U.S. 979 (1979).

III. Conclusion

Wherefore, for the foregoing reasons, the government respectfully requests that the Defendant's Motion for a Bill of Particulars be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/John N. Kane
JOHN N. KANE

/s/Thomas G. Voracek
THOMAS G. VORACEK
Trial Attorney
U.S. Department of Justice

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, with the Clerk of Court using the CM/ECF system, a true and accurate copy of the within Memorandum of Law in Support of Government's Objection to Defendant's Motion for a Bill of Particulars, which will in turn send notification to Scott A. Lutes, Attorney at Law, scottluteslaw@yahoo.com, and by regular mail, postage prepaid to Scott A. Lutes, Attorney at Law, 127 Dorrence Street, Providence, Rhode Island 02903, on this the 20th day of November, 2006.

/s/Thomas G. Voracek
Thomas G. Voracek