**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 06-0042ML** |
| | : | |
| **NEIL STIERHOFF** | : | |

**RESPONSE TO DEFENDANT'S**
**MOTION FOR EXCULPATORY EVIDENCE**

The United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and John N. Kane and Thomas G. Voracek, Trial Attorneys, United States Department of Justice, respectfully submits this Response to Defendant's Motion for Exculpatory evidence.

Defendant's motion, in addition to requesting what can be fairly considered Brady and Giglio material, see Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 83 (1962), sets forth a litany of document requests and interrogatories seeking additional evidence which not only fall beyond the government's disclosure obligations, but also constitute evidence and information not even in the possession, custody or control of the government. Moreover, the government is well aware of its disclosure obligations under Rule 16, Brady, Jencks, and Giglio, and has scrupulously complied with them. In fact, the government, to date, has gone well beyond its

disclosure obligations. For this reason, defendant's motion is also moot to the extent it seeks Brady and Giglio material.

In support of this response, the government submits the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA,
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

By: /s/Thomas G. Voracek
THOMAS G. VORACEK

/s/John N. Kane
JOHN N. KANE
Trial Attorneys
U.S. Department of Justice
Tax Division
Tel: (202) 514-5150
Fax: (202) 514-8455

Date: November 20, 2006

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, with the Clerk of Court using the CM/ECF system, a true and accurate copy of the within Response to Defendant's Motion For Exculpatory Evidence, which will in turn send notification to Scott A. Lutes, Attorney at Law, scottluteslaw@yahoo.com, and by regular mail, postage prepaid to Scott A. Lutes, Attorney at Law, 127 Dorrence Street, Providence, Rhode Island 02903, on this the 20th day of November, 2006.

/s/Thomas G. Voracek
THOMAS G. VORACEK

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 06-0042ML** |
| | : | |
| **NEIL STIERHOFF** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EXCULPATORY EVIDENCE**

The United States of America, by and through its undersigned attorneys, respectfully submits this Memorandum of Law in Support of Government's Response to Defendant's Motion for Exculpatory Evidence.

Defendant's motion, in addition to requesting what can be fairly considered Brady and Giglio material, see Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 83 (1962), sets forth a litany of document requests and interrogatories seeking additional evidence which not only fall beyond the government's disclosure obligations, but also constitute evidence and information not even in the possession, custody or control of the government.

As just one example, defendant seeks an order from the Court compelling the government to search for, retrieve, and produce

any "rules, regulations, policies and manuals pertaining to Rhode Island State Police and Internal Revenue Service to determine whether proper procedures were followed" concerning the search and seizure of evidence at defendant's residence and storage facility. Def.'s Mtn. 3-4. First, this material is not Brady material: Documents and evidence do not constitute Brady discovery unless there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Blais, 98 F.3d 647, 651 (1st Cir. 1996). Because violations of an agency's own regulations are not a basis for suppression of evidence unless constitutional rights have been violated, United States v. Caceres, 440 U.S. 741, 754-55 (1979), the rules, regulations and policies defendant seeks are immaterial to his defense even if defendant could somehow establish such violations.

Second, most of this material is not in the possession of the government.[1] In effect, defendant is on a fishing expedition seeking immaterial information by requesting an order from this Court that compels the government to spend additional time and

---

[1] Any IRS policy manuals are not in the possession of prosecuting attorneys. We would have to investigate and find out: (1) whether such manuals exist; (2) where they are maintained; and (3) whether they are relevant. With respect to the Rhode Island State Police manuals and policy documents, they are clearly not in the possession of the Government, if they even exist.

resources investigating his requests. The defendant's requests should be denied.

The government is well aware of its disclosure obligations under Rule 16, Brady, Jencks, and Giglio, and has scrupulously complied with them. In fact, the government, to date, has gone well beyond its disclosure obligations. We have followed an "open files" discovery policy, inviting the defendant as early as May 2006 to inspect and/or copy materials uncovered during the investigation – including defendant's computer, and even documents that we do not regard as material to his defense. We even produced an index identifying the material contained in the 4-5 boxes of discovery in order to facilitate the defendant's inspection and review of the materials. Finally, as early as May 2006, the government even produced its exhibit list, with a stickered copy set for the defendant – essentially the complete set of documents the government intends to use in its own case.[2]

And, as far as Brady material is concerned, we began producing everything defendant himself might conceivably think is Brady material back in May 2006, opening our files as we have for inspection and review. We are not aware of any Brady material in these files, which we have reviewed. If the government had Brady

[2]Attachment L is the government's discovery letter dated May 8, 2006 which identified and produced much of the information defendant now requests by various motions. See Attachment L.

material, we would specifically copy and send such evidence to the defendant.

Accordingly, those parts of defendant's motion that seek discoverable exculpatory evidence are moot.[3] We are aware of our continuing discovery obligations. Should additional Brady, Jencks, and Giglio information come to our attention, we will produce such information immediately.

For the foregoing reasons, the government requests that the Court deny defendant's motion.

Respectfully submitted,

UNITED STATES OF AMERICA,
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

By: /s/Thomas G. Voracek
THOMAS G. VORACEK

/s/John N. Kane
JOHN N. KANE
Trial Attorneys
U.S. Department of Justice
Tax Division
Tel: (202) 514-5150
Fax: (202) 514-8455

Date: November 20, 2006

[3] For example, defendant seeks "[a]ny and all evidence of any nature that the Defendant did not or may not have committed the crimes as alleged in the Indictment." Def.'s Mtn. 2. This request certainly calls for Brady material. But the Government opened its files long ago, and has made available all relevant evidence. The Government is not aware of any evidence indicating that the defendant may not have committed the crimes. Accordingly, the defendant's request for this information is moot.

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, with the Clerk of Court using the CM/ECF system, a true and accurate copy of the within Memorandum of Law in Support of Government's Response to Defendant's Motion for Exculpatory Evidence, which will in turn send notification to Scott A. Lutes, Attorney at Law, scottluteslaw@yahoo.com, and by regular mail, postage prepaid to Scott A. Lutes, Attorney at Law, 127 Dorrence Street, Providence, Rhode Island 02903, on this the 20th day of November, 2006.

/s/Thomas G. Voracek
THOMAS G. VORACEK