**U.S. Department of Justice**
**Tax Division**

*Northern Criminal Enforcement Section*
*601 D Street, N.W., Room 7116* *(202) 514-5150*
*Washington, D.C. 20530* *Telefax: (202) 514-8455*

May 8, 2006

Neil Stierhoff
25 Hollywood Road
Providence, Rhode Island 02909

Re: United States v. Neil Stierhoff
Crim. no. 1-06-cr-00042-ML-LDA

Dear Mr. Stierhoff:

The government provides you with discovery in the above captioned case, as follows:

1. Statements of the Defendant

In order to comply with the discovery requirements of Rule 16(a)(1)(A) and (B), Federal Rules of Criminal Procedure, the government must disclose to the defendant the substance of any oral statement made by the defendant in response to interrogation by a government agent and must also make available for inspection, copying, or photographing: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may be come known, to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and recorded testimony of the defendant before a grand jury which relates to the offense charged. In compliance with Rule 16(a)(1)(A), the government is providing copies of the documents as specified in **Attachment A**.

In addition, the government is providing a copy of a tape of the defendant's interview on April 13, 2002. A transcript of the

**Attachment L**

tape has also been provided and is referenced in Attachment A. The government is also providing two CDs which contain the defendant's telephone conversations made in the Rhode Island Department of Corrections on various dates from September 12, 2005 through March 30, 2006. A list of the recordings has been provided and is referenced in Attachment A. No transcription of the recordings has been made at this time.

2. The Defendant's Prior Record

Rule 16(a)(1)(B), Federal Rules of Criminal Procedure, requires that the government furnish to the defendant such copy of the defendant's prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government. In compliance with the requirements of Rule 16(a)(1)(B), the government is providing you with the following:

RI District Court Case ID No. 61-2002-06714 (docket)
RI Superior Court Case ID No. P3-2002-1892A (docket)
RI Supreme Court No. 2004-117-C.A. (opinion dated April 19, 2005), (22 pages).

3. Documents and Tangible Objects

Rule 16(a)(1)(C), Federal Rules of Criminal Procedure, requires that the government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial or were obtained from or belong to the defendant. In compliance with Rule 16(a)(1)(C), the government is providing you with copies of the documents included in the government's proposed exhibit list. **See Attached Exhibit List**; **17 binders of documents**.

Furthermore, the government maintains some additional documentation not intended for use in the government's case-in-chief. The government will provide access to this documentation which is reflected in the enclosed **Attachment B**. You may make arrangements to inspect and copy these documents by contacting the undersigned government attorneys.

4. <u>Reports of Examinations and Tests</u>

Rule 16(a)(1)(D), Federal Rules of Criminal Procedure, requires that, upon request of the defendant, the government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental, examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial. The government is unaware of any examinations or tests which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

5. <u>Expert Witnesses</u>

Rule 16(a)(1)(E), Federal Rules of Criminal Procedure, requires that, upon request of the defendant, the government shall disclose to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. The government provides notification that IRS Revenue Agent Michael Pleshaw will provide testimony at trial regarding summaries of documents admitted into evidence. However, it is the government's contention that this agent's expected testimony is not expert opinion testimony. You are also provided with a copy of the agent's curriculum vitae. Please find enclosed the summaries which will form the substance of the agent's testimony. **<u>See Exhibits 300 - 368</u>**. It should be noted that these summaries depend upon the evidence which is admitted at trial and are subject to change. In addition, Agent Pleshaw will testify concerning the filing requirement amounts as stated in the indictment. Agent Pleshaw will also testify concerning the bank deposits method of proving income. Although the government does not perceive Mr. Pleshaw's testimony as constituting expert opinion testimony, we have provided this information in the event a court may determine otherwise.

6. <u>Seized materials</u>

The government provides notice that it intends to use

materials seized during the consent search of the defendant's residence and three storage units at a storage facility on April 12 and April 13, 2002 at trial. The government is providing the documents relating to the consent search as reflected in **Attachment C**.

Additionally, the government also intends to use materials contained within the defendant's computer which had been seized pursuant to a consent search and reviewed pursuant to a search warrant and affidavit. The government is providing the documents relating to the search of the computer as reflected in **Attachment D.**

7. Rule 404(b), Federal Rules of Evidence

The government provides notification that it intends to introduce evidence relating to the defendant's failure to file his 1997, 1998, and 2003 federal individual income taxes as well as the defendant's 1997 through 2003 state of Rhode Island income taxes.

8. Section 3500 material

Title 18, United States Code, Section 3500 (Jencks Act) requires that after a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. The government will provide you with material responsive to Section 3500 within one month in advance of trial.

9. Giglio Information

The government has made no promises to any government witness in exchange for his or her testimony. The government is aware of its responsibility under Giglio v. United States, 405 U.S. 150 (1972). Should any such information be discovered, the government will provide that information to you promptly.

10. Continuing Duty to Disclose

The government recognizes that its duty of disclosure and discovery as set forth in Rule 16, Federal Rules of Criminal

Procedure, is a continuing one. Should the government become aware of any additional materials which are responsive to Fed. R. Crim. P. 16, you will be provided with such materials promptly.

11. Reciprocal Discovery

The government requests reciprocal discovery pursuant to Fed. R. Crim. P. 16(b)(1)(A), 16(b)(1)(B), and 16(b)(1)(C).

In the event that you do not receive any materials described in this letter or the attachments, please telephone the undersigned attorneys.

Sincerely,

Thomas G. Voracek
Trial Attorney

John N. Kane by T.V.
Trial Attorney

Enclosed: As stated.