otherwise -- at least in the context of a probable cause hearing -- why else would he suddenly show up after being missing for some twenty minutes. Eventually, Ms. Laboissiere was directed to go to Walgreen's, where she parked and entered shortly thereafter. The defendant also parked his vehicle, and he entered that same store. He was arrested. There is no question in my mind, Mr. Peltier, that the police had more than just probable cause. They had clear evidence and indication of a stalking violation. They had every right and reason to arrest this man. The motion to dismiss on those grounds is denied.

We come to the issue, then, of whether or not evidence and the statement should be suppressed. Let's start with the statement. The evidence before the Court indicates that this defendant was advised of his so-called **Miranda** rights on at least two occasions shortly after he was an arrested. He was advised of his rights at the cruiser. He was handcuffed at the time. And later at the police station he was further admonished of his rights. On that occasion a rights form was used, which he signed. The defendant made certain statements in the cruiser after having been admonished of his rights. He gave a lengthier statement at the police station. A tape-recorded, redacted version

has been brought before the court. In order to prevail on a motion to suppress the defendant's statements the State must demonstrate by clear and convincing evidence and from the totality of circumstances that the defendant was apprised of his **Miranda** rights, that he understood them, that he, thereafter, freely and voluntarily decided to speak with police officers without coercion, compulsion, or overreaching on their part.

There is no question in my mind that this defendant was fully and completely admonished in connection with those **Miranda** rights. In fact, he was admonished on two occasions, as I have indicated. The question becomes whether or not the defendant understood the nature and import of those rights, and I'm well satisfied that he did. The evidence before the Court is that he responded to the detective who admonished him of his rights at the cruiser; indicated that he understood them; and that he, thereafter, offered a statement. At no time, either at the cruiser or in the police station after he had been given his rights in a written form, did the defendant ever indicate that he did not understand his rights. At no time did he ever ask for a lawyer. At no time did he ever complain. At no time is there indication that the officer threatened him, promised him, or otherwise

improperly overreached to somehow induce his statement. And, there is no indication, no evidence before the Court that at any time did this defendant desire or express a desire to stop speaking with these officers. According to the testimony he read the rights form and he signed it. At no time did he indicate that he did not understand what was on that paper. I'm satisfied that he fully understood all of the rights. That does not end the inquiry, because we come to the question of whether or not the defendant's statements to the police were the product of his free choice, unfettered by overreaching or coercion by the police officer. In other words, were his statements made voluntarily or were they extracted by coercion or other improper action by the police officer? The answer to that inquiry must, of course, be considered in the totality of circumstances. The fact that the defendant was in a custodial setting, had handcuffs placed upon him, although it's a factor is in no way dispositive of the issue. See **Innis**, 443 U.S. 646, page 651 (1981), **State vs. Fuentes**, Rhode Island Supreme Court 1981. There's no credible evidence that is before me which in any way would suggest that the police officers mistreated or otherwise overreached. The fact that the defendant was in custody, I'm satisfied, does not in any way diminish

or detract from the voluntariness of his statement. The police in no way mistreated him. The fact that he was handcuffed is simply a factor but nonetheless in no way does it rise to any level of coercion by way of creating an involuntary statement in my mind. The police did not raise their voices. It is fairly clear to me that the defendant had every desire to speak with these officers. The fact that it happened to run late into the evening does not diminish the voluntariness of the defendant's statements at the police station. At no time is there any indication that this defendant indicated that he did not understand or did not want to proceed, or somehow was incoherent, or on drugs or medication, or too tired to go forward. He continued to speak and speak freely, in my view.

I'm satisfied from the totality of circumstances that are before the Court that the defendant was fully advised of his **Miranda** rights; he fully understood each and every one of them; he freely, voluntarily without overreaching, coercion, promises, or threats by the police voluntarily waived those rights and agreed to speak with the police. The motion to suppress the statements is denied.

We come to the issue of whether or not the defendant can prevail on his motion to suppress evidence