Neil Stierhoff
c/o 25 Hollywood Road
Providence, Rhode Island 02909

**Judge**: Hon. Mary M. Lisi

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>Neil Stierhoff,<br>Defendant. | Case No. 1:06-CR-00042-ML<br><br>**NOTICE OF DEFENDANT'S RIGHT TO DEFEND HIMSELF AND RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL** |

## INTRODUCTION.

COMES NOW Neil Stierhoff ("Stierhoff"), American Citizen, *sui juris*, non-licensed attorney litigant and competent to make his own defense, the undersigned, and now hereby places this Court on notice that Stierhoff is defending himself in this case and that Counsel of record shall be "assistance of Counsel," not re-presenting Stierhoff, but acting as Co-counsel.

## HYBRID REPRESENTATION.

1. Defendant gives notice to this Court that Defendant cannot be compelled to waive rights to assistance of counsel as he proceeds on his own motions. Defendant sees any such objection on the part of the Plaintiff to be a violation of Defendant's 6th Amendment rights to assistance of counsel and the right to defend himself. The right to defend one's self may be lost if not timely asserted. Once the trial is underway, most courts are reluctant to allow the defendant to discharge counsel and proceed *pro se*, analogizing the situation to the attempt of a represented defendant to change counsel during the trial.[1]

2. If it is the policy of this Court, in these cases, to impede one in the defense of his case by making him choose between the right to assistance of counsel and the right to defend himself — both rights protected by the 6th Amendment to the Constitution — then such policy

[1] For criticism of this view see Note, 25 *Am.U.L.Rev.* 897, 911-13 (1976).

impedes and poses a real threat Defendant's ability to exercise all of his rights as protected by the 6th Amendment to the Constitution.

3. A Defendant may assert both of his rights as protected by the 6th Amendment and demand *both* the assistance of a lawyer and the right to defend himself. Consider the last paragraph of footnote 15 to the *Faretta*[2] opinion. If, as *Faretta* seems to say, the rights to defend one's self and to the assistance of counsel are *independent* constitutionally protected rights, why should the Defendant have to choose one right to the exclusion of the other?[3]

4. The Constitution for the United States (Constitution) guarantees me assistance of counsel. Since the BAR Association was not organized until several years after the ratification of the Constitution, and it was common practice to have actual assistance rather than representation, it is obvious that the founders of this Nation did not mean representation by attorneys and lawyers only. *Faretta v California* 422 U.S. 806 (1975), re-emphasizes that,

> "The Sixth and Fourteenth Amendments of our Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment."

This decision further states that:

> "In the federal courts, the right of self-representation has been protected by statute since the beginnings of our Nation. Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment [422 U.S. 806, 813] was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own causes personally or <u>by the assistance of . . . counsel</u> . . .' The right is currently codified in 28 USC § 1654."

## EFFECTIVE ASSISTANCE OF COUNSEL & FAIR HEARING.

[2] See *Faretta v. California*, 422 U.S. 806, 819 (1975).

[3] Consider also Angela Davis's criticism of the prevailing view that a defendant has no right to *both* participate in her own defense *and* enjoy the assistance of counsel. A. Davis, *If They Come in the Morning*, 253 (1971): "I consider my participation decisive for my defense. One might argue that since I am determined to play an active role in the trial, I should fire my lawyers and assume the entire burden of the defense. This is to say, if I wish to exercise my constitutional right to defend myself, I must relinquish the right to counsel. This either/or situation, in my opinion, flies blatantly in the face of justice. Rigorously speaking, neither is a *right* if one must be renounced in order to exercise the other. Should I be penalized because I do not possess the legal knowledge, experience or expertise necessary to proceed entirely *pro se*?" In her prosecution for murder, kidnapping and conspiracy, Ms. Davis successfully argued for the right to participate in her trial as co-counsel alongside her private attorneys, but her motion was not granted on constitutional grounds, only on the basis of "a narrow finding that in her case, the cause of justice will be served and expeditious conduct of the Court's business will not be hampered." See 59 *Calif.L.Rev.* 1479, 1480 (1971). See also Note, 21 *U.Kan.L.Rev.* 47, 52, 66 (1972).

5. The right to counsel is the right to ***effective*** counsel. Incompetent counsel defeats the appointment of counsel at public expense. (See *Powell v. Alabama*, 287 U.S. 45, 71 (1932); *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Avery v. Alabama*, 308 U.S. 444, 446 (1940); *Glasser v. United States*, 315 U.S. 60, 69-70 (1942); *Reece v. Georgia*, 350 U.S. 85, 90 (1955); *United States v. Cronic*, 466 U.S. 648, 654 (1984); *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *United States v. Decoster*, 624 F.2d 196, 219 (D.C.Cir.), *cert. den.* 444 U.S. 944 (1979)). The Supreme Court has been emphatic on the defendant's absolute right to assistance of counsel:

> We have recognized repeatedly the central role of the defendant's right to counsel in our criminal justice system. See, *e.g.*, *Holloway v. Arkansas*, 435 U.S. 475 (1978); *Geders v. United States*, 425 U.S. 80 (1976); *Herring v. New York*, 422 U.S. 853 (1975); *Argersinger v. Hamlin*, 407 U.S. 25 (1972); *Gideon v. Wainwright*, 372 U.S. 335 (1963); *Chandler v. Fretag*, 348 U.S. 3 (1954); *Glasser v. United States*, 315 U.S. 60 (1942); *Powell v. Alabama*, 287 U.S. 45 (1932). We have described this right as "fundamental," *Gideon v. Wainwright*, *supra*, at 344, and have stated that "[t]he assistance of counsel is often a requisite to the very existence of a fair trial." *Argersinger v. Hamlin*, *supra*, at 31. In *Powell v. Alabama*, *supra*, the Court stated:
>
> > "The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. ***Left without the aid of counsel***, he may be put on trial without a proper charge, and ***convicted upon incompetent evidence***, or evidence irrelevant to the issue or otherwise inadmissible. ***He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one***. He requires the guiding hand of counsel at every step in the proceedings against him. ***Without it, though he be not guilty, he faces the danger of conviction*** because he does not know how to establish his innocence. *Id.* at 68-69." [4]

"The essential elements of due process of law are…Notice and the opportunity to defend." [5]

6. Since there are many rules and procedures of the Court which Defendant must follow in a timely manner and with which Defendant is unfamiliar, this is notice to this Court that Defendant will exercise his right to defend himself with Mr. Lutes acting as my Assistance of

[4] See *Morris v. Slappy*, 461 US 1, 20 (1983).
[5] See *Simon v. Craft*, 182 U.S. 427.

Counsel. Mr. Lutes, or whoever Defendant retains, will assist Defendant by assisting him with the timelines, rules and procedures of the Court. This Court is further noticed that no pleadings are to be accepted by this Court from Mr. Lutes or any other attorney for filing unless my signature is affixed to said pleadings.

Executed this 6th day of December, 2006.

Neil Stierhoff

Neil Stierhoff
c/o 25 Hollywood Rd
Providence, Rhode Island 02909

**CERTIFICATION OF SERVICE**

IT IS HEREBY CERTIFIED that I, the undersigned, on the 6th day of December, 2006, served the foregoing upon the following by depositing a copy in the United States first class mail, postage prepaid, this Notice Of Defendant's Right To Defend Himself And Right To Effective Assistance of Counsel, to the following persons:

John N. Kane
Tax Division
601 D Street, N.W.
Room 7334
Washington, DC 20530

Stephanie S. Browne
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Thomas G. Voracek
Tax Division
601 D Street, N.W.
Room 7116
Washington, DC 20530

Neil Stierhoff

Neil Stierhoff
c/o 25 Hollywood Rd
Providence, Rhode Island 02909