**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA :**
**:**
**v. : CR. No. 06-0042ML**
**:**
**NEIL STIERHOFF :**

**OBJECTION TO DEFENDANT'S NOTICE OF DEFENDANT'S RIGHT TO DEFEND HIMSELF AND RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL**

The United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and John N. Kane and Thomas G. Voracek, Trial Attorneys, United States Department of Justice, respectfully submits this Objection to the Defendant's Notice Of Defendant's Right To Defend Himself and Right To Effective Assistance Of Counsel.

The defendant filed Notice with this Court of his intent to defend himself and "that Counsel of record shall be 'assistance of Counsel,' not representing Stierhoff, but acting as Co-counsel." (Notice at p.1) The defendant further states that "A Defendant may assert both of his rights as protected by the 6th Amendment and demand *both* the assistance of a lawyer and the right to defend himself." (Notice at p.2) (emphasis in original). The defendant is incorrect.

As the Supreme Court made clear in Faretta v. California, 422 U.S. 806 (1975), a defendant may choose to represent himself or to be represented by counsel. There is no constitutional

right to hybrid representation. The government does not oppose the defendant proceeding *pro se* with standby counsel, but does object to the defendant proceeding with hybrid representation.

In support of its position, the government attaches a Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA,
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

By: /s/Thomas G. Voracek
THOMAS G. VORACEK

/s/John N. Kane
JOHN N. KANE
Trial Attorneys
U.S. Department of Justice
Tax Division
Tel: (202) 514-5150
Fax: (202) 514-8455

Date: December 11, 2006

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, with the Clerk of Court using the CM/ECF system, a true and accurate copy of the within Objection to Defendant’s Right To Defend Himself and Right To Effective Assistance Of Counsel, which will in turn send notification to Scott A. Lutes, Attorney at Law, scottluteslaw@yahoo.com, and by regular mail, postage prepaid to Scott A. Lutes, Attorney at Law, 127 Dorrence Street, Providence, Rhode Island 02903, on this the 11th day of December, 2006.

/s/Thomas G. Voracek
THOMAS G. VORACEK

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 06-0042ML** |
| | : | |
| **NEIL STIERHOFF** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**GOVERNMENT'S OBJECTION TO DEFENDANT'S**
**NOTICE OF DEFENDANT'S RIGHT TO DEFEND HIMSELF AND**
**RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL**

The defendant filed a document entitled Notice of Defendant's Right To Defend Himself and Right To Effective Assistance of Counsel. The stated purpose of the Notice was to "place[] this Court on notice that Stierhoff is defending himself in this case and that Counsel of record shall be 'assistance of Counsel,' not re-presenting (sic) Stierhoff, but acing as Co-counsel." The government does not oppose the defendant proceeding *pro se* with standby counsel, but does object to the defendant proceeding with hybrid representation.

It is well-established that a person accused of a felony has a constitutional right to be represented by counsel. Gideon v. Wainwright, 372 U.S. 335, 344-45 (1963). Alternatively, that person has the right to represent himself. Faretta v. California, 422 U.S. 806, 819-20 (1975). A criminal defendant does not, however, have a right to hybrid representation.[1]

[1] Likewise, a defendant does not have the right to be represented by a non-attorney. United States v. Lussier, 929 F.2d 24, 28 (1st Cir. 1991); United States v. Tyree, 982 F.2d 958, 959 (10th Cir. 1989); United States v.

McKasle v. Wiggins, 465 U.S. 168 (1984).

The right to defend *pro se* and the right to counsel have been described as "two faces of the same coin" in that the waiver of one right constitutes a correlative assertion of the other. United States v. Mosely, 810 F.2d 93, 97 (6th Cir.), cert. denied, 484 U.S. 841 (1987). Hybrid representation occurs when a *pro se* criminal defendant, who recognizes that he could benefit from the assistance of an attorney but desires to present certain aspects of the case himself, seeks to essentially act as co-counsel.

The defendant states that making him choose between the right of assistance of counsel and the right to defend himself "impedes and poses a real threat [to] Defendant's ability to exercise all of his rights as protected by the 6th Amendment to the Constitution." (Notice at 1-2) The defendant has no constitutional right to hybrid representation. United States v. Nivica, 887 F.2d 1110, 1121 (1st Cir. 1989), cert. denied, 494 U.S. 1005 (1990). See also United States v. Hill, 526 F.2d 1019, 1025 (10th Cir. 1975), ("The Sixth Amendment does not give any indication that hybrid representation is a right of constitutional dimensions [And] no statutory right of hybrid

---

Turnbull, 888 F.2d 636, 638 (9th Cir. 1989), cert. denied, 498 U.S. 825 (1990); United States v. Wilhelm, 570 F.2d 461, 465 and n.9 (3rd Cir. 1978)(citing cases). Courts have uniformly found that the right to counsel refers to a person authorized to practice law. United States v. Tyree, 982 F.2d at 959.

representation is accorded.”), cert. denied, 425 U.S. 940 (1976).

As the First Circuit has noted, the fact that there is no right to hybrid representation does not mean that it is foreclosed. United States v. Campbell, 61 F.3d 976, 981 (1st Cir. 1995). It “is to be employed sparingly and, as a rule, is available only in the district court’s discretion.” United States v. Nivica, 877 F.2d at 1121. Whether to allow a defendant to participate in his own defense along with counsel in hybrid representation is a matter committed to the sound discretion of the trial court. United States v. Mosely, 810 F.2d at 97-98; United States v. Halbert, 640 F.2d 100, 1009 (9th Cir. 1981); United States v. Williams, 534 F.2d 119, 123 (8th Cir.), cert. denied, 429 U.S. 894 (1976).

Reasons why courts regularly refuse to permit hybrid representation were delineated in United States v. Mosely,:

> There are obvious justifications for the refusal to allow hybrid representation in criminal trials, regardless of the legal experience of the defendant. The potential for undue delay and jury confusion is always present when more than one attorney tries a case. Further, where one of the co-counsel is the accused, conflicts and disagreements as to trial strategy are almost inevitable.

United States v. Mosely, 810 F.2d at 98. The government maintains that the problems described by the Mosely court make hybrid representation ill-advised in this case.

The government recognizes that the Defendant has a constitutional right to proceed *pro se.* Before permitting a

defendant to proceed *pro se*, the trial court should make a determination that the defendant is competent to waive his right to counsel. As the Faretta Court observed:

> Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with his eyes wide open.'

Faretta v. California, 422 U.S. at 835. Thus, a defendant who seeks to relinquish the right to counsel must be made aware of the pitfalls of self-representation. A defendant must then clearly and unequivocally waive the right to counsel. United States v. Woodward, 291 F.3d 95, 109 (1st Cir. 2002).

The defendant must be competent to waive the right and the waiver must be knowing, intelligent and voluntary. Godinez v. Moran, 509 U.S. 389, 400-01 (1993); United States v. Proctor, 166 F.3d at 402. "The focus of a competency inquiry is the defendant's mental capacity; the question is whether he has the ability to understand the proceedings. The purpose of the 'knowing and voluntary' inquiry, by contrast, is to determine whether the defendant actually does understand the significance and consequences of a particular decision and whether the decision is uncoerced." Godinez v. Moran, 509 U.S. at 401 n. 12 (citations omitted). A court is not required to make a competency determination in every case a defendant seeks to waive

counsel; "[a]s in any criminal case, a competency determination is necessary only when a court has reason to doubt the defendant's competence." Id. at 401 n. 13(citation omitted). [C]ourts must indulge in every reasonable presumption against the presumption against waiver of the right to counsel. United States v. Woodward, 291 F.3d at 109. The defendant sending notice to the court of his intentions does constitute a sufficient waiver of counsel. Accordingly, the defendant should unequivocally elect whether to waive counsel and proceed *pro se* with or without standby counsel or whether to be represented at trial by counsel.

Wherefore, for the foregoing reasons, the government respectfully requests that the Court deny the defendant's request to proceed with hybrid representation.

Respectfully submitted,
UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/John N. Kane
JOHN N. KANE

/s/Thomas G. Voracek
THOMAS G. VORACEK
Trial Attorney
U.S. Department of Justice

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, with the Clerk of Court using the CM/ECF system, a true and accurate copy of the within Memorandum of Law in Support of Government's Objection to Defendant's Notice of Defendant's Right To Defend Himself and Right To Effective Assistance of Counsel, which will in turn send notification to Scott A. Lutes, Attorney at Law, scottluteslaw@yahoo.com, and by regular mail, postage prepaid to Scott A. Lutes, Attorney at Law, 127 Dorrence Street, Providence, Rhode Island 02903, on this the 11th day of December, 2006.

/s/Thomas G. Voracek

Thomas G. Voracek