**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 06-0042-ML** |
| | : | |
| **NEIL STIERHOFF** | : | |

**GOVERNMENT'S MOTION IN LIMINE**

The United States of America, by and through, Robert Clark Corrente, United States Attorney for the District of Rhode Island, and John N. Kane and Thomas G. Voracek, Trial Attorneys, Tax Division, United States Department of Justice, hereby moves the Court In Limine to permit the government to use the suppressed computer files for impeachment of the defendant in the event that the defendant testifies at trial or as rebuttal evidence.

Respectfully submitted,
UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/John N. Kane
JOHN N. KANE

/s/Thomas G. Voracek
THOMAS G. VORACEK
Trial Attorneys
U.S. Department of Justice

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, with the Clerk of Court using the CM/ECF system, a true and accurate copy of the within Government's Motion In Limine, which will in turn send notification to Alan S. Richey, Attorney at Law, asratty@gmail.com, and to Scott A. Lutes, Attorney at Law, scottluteslaw@yahoo.com, and by regular mail, postage prepaid to Alan S. Richey, P.O. Box 1505, Port Haddock, Washington 98339 and to Scott A. Lutes, One Turks Head Place, Suite 1440, Providence, Rhode Island 02903.

/s/Thomas G. Voracek
Thomas G. Voracek

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 06-0042-ML** |
| | : | |
| **NEIL STIERHOFF** | : | |

**<u>MEMORANDUM OF LAW IN SUPPORT OF</u>**
**<u>GOVERNMENT'S MOTION IN LIMINE</u>**

The United States of America, by and through, Robert Clark Corrente, United States Attorney for the District of Rhode Island, and John N. Kane and Thomas G. Voracek, Trial Attorneys, Tax Division, United States Department of Justice, hereby submits this Memorandum of Law in Support of Government's Motion In Limine.

By order dated March 13, 2007, this Court granted the defendant's motion to suppress all tax-related evidence obtained from the defendant's computer.

The government moves in limine for permission from this Court to use the suppressed computer evidence as impeachment during its cross-examination of the defendant at trial or in a rebuttal case.

<u>Discussion</u>

The government may impeach a defendant's credibility in cross examination or in a rebuttal case with evidence that was

barred from its case in chief. "Central to the proper operation of the adversary system is the notion that 'when a defendant takes the stand, the government be permitted proper and effective cross-examination in an attempt to elicit the truth.'" United States v. Garcia, 936 F.2d 648, 653 (2d Cir. 1991)(quoting United States v. Havens, 446 U.S. 620, 626-27 (1980)). A defendant's statements made in response to proper cross-examination reasonably suggested by the defendant's direct examination are subject to otherwise proper impeachment by the government, albeit by evidence that has been illegally obtained and that is inadmissible on the government's direct case, or otherwise, as substantive evidence of guilt. United States v. Havens, 446 U.S. at 627-628.

Impeachment with previously suppressed evidence is permissible whether the false statements were the result of direct examination or cross examination. See United States v. Havens, 446 U.S. at 627. The First Circuit initially found "[a]t least without further guidance from the Supreme Court . . . that impeachment with suppressed evidence may not be used where the defendant has not testified as to the subject matter of the suppressed evidence in his direct examination." United States v. Hickey, 596 F.2d 1082, 1088 (1st Cir. 1979). The following year, the Supreme Court did provide guidance on the issue in United States v. Havens, supra.

The Supreme Court stated:

> In terms of impeaching a defendant's seemingly false statements with his prior inconsistent utterances or with other reliable evidence available to the government, we see no difference of constitutional magnitude between the defendant's statements on direct examination and his answers to questions put to him on cross examination that are plainly within the scope of the defendant's direct examination. Without this opportunity, the normal function of cross-examination would be severely impeded.

United States v. Havens, 446 U.S. at 627; See also United States v. Atherton, 936 F.2d 728, 734 (2d Cir. 1991)("[T]he Supreme Court held that suppressed evidence may be used to impeach the testimony of a defendant elicited on proper cross-examination."). Impeaching evidence may be used for cross-examination or for a rebuttal case. See United States v. Tweed, 503 F.2d 1127, 1130 (7th Cir. 1974); United States v. Atherton, 936 F.2d at 734.

In addition, the defendant may be impeached as to collateral matters included in his direct examination. Harris v. New York, 401 U.S. 222, 225 (1971); United States v. Tweed, 503 F.2d at 1130. The Harris Court found that there was no difference in principle between impeachment as to collateral matters or as to testimony bearing more directly on the crimes charged. Harris v. New York, 401 U.S. at 225.

The government notes that any evidence derived the suppressed computer files is admissible for impeachment purposes if the defendant's testimony is inconsistent with the evidence

and not as substantive evidence. See, e.g., Harris v. New York, supra.; Walder v. United States, 347 U.S. 354 (1954). Accordingly, the government requests that, in the event evidence derived from the computer will be used, that the court give a limiting instruction to the jury that the evidence is to be considered in passing on the defendant's credibility and cannot be considered as evidence of guilt.

## Conclusion

WHEREFORE, for the above-stated reasons, the government moves this Court in limine to permit the government to use the suppressed computer files for impeachment of the defendant in the event that the defendant testifies at trial or as rebuttal evidence.

Respectfully submitted,
UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/John N. Kane
JOHN N. KANE

/s/Thomas G. Voracek
THOMAS G. VORACEK
Trial Attorneys
U.S. Department of Justice

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, with the Clerk of Court using the CM/ECF system, a true and accurate copy of the within Memorandum in Support of Government's Motion In Limine, which will in turn send notification to Alan S. Richey, Attorney at Law, asratty@gmail.com, and to Scott A. Lutes, Attorney at Law, scottluteslaw@yahoo.com, and by regular mail, postage prepaid to Alan S. Richey, P.O. Box 1505, Port Haddock, Washington 98339 and to Scott A. Lutes, One Turks Head Place, Suite 1440, Providence, Rhode Island 02903.

/s/Thomas G. Voracek
Thomas G. Voracek