UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) No. 1:06cr42ML |
| v. | ) DEFENSE PRETRIAL MEMORANDUM |
| NEIL STIERHOFF, Defendant. | ) |

COME NOW the Defendant, by and through his counsel of record, and files this pretrial memorandum pursuant to this Court's order.

The Defendant is charged with four counts of violations of 26 U.S.C. § 7201. The government bears the complete burden to prove beyond a reasonable doubt every element of the alleged offenses.

Defendant anticipates two days to present a defense. However, counsel has not fully reviewed the matter and may need additional time. Further, Defense may need additional time with possible rebuttal witnesses.

There may also be other evidentiary matters that should be addressed, but as this counsel has not reviewed all of the government's discovery, the Defense is unable to elaborate on this matter (hence the Defense filed for a continuance of trial).

26 U.S.C. § 7201 specifically provides, "Any person who willfully attempts in any manner to evade or defeat **any tax imposed by this title** or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution." (emphasis added). The Supreme Court has stated that there are three elements to the offense described by section 7201. The elements are: 1) willfullness; 2)

the existence of a tax deficiency; and 3) an affirmative act constituting an evasion or attempted evasion of the tax. *Sansone v. United States*, 380 U.S. 343, 351 (1965). It is well-settled that a charge under 26 U.S.C. § 7206 can be either evasion of the assessment or evasion of the payment. *Id.* at 354; *U.S. v. Carlson*, 235 F.3d 466, 467 (9th Cir.2000).

The Defense is under the belief that the government's theory in this case is evasion of the assessment. It is believed that the government previously represented such to this Court. The government must also prove that the Defendant willfully evaded the assessment of the tax, not just avoided the assessment, for one can legally avoid a tax.

As to the element of willfulness, the Supreme Court has defined "willfulness" as the "voluntary, intentional violation of a known legal duty." *United States v. Bishop*, 412 U.S. 346, 360 (1973); *Cheek v. United States*, 498 U.S. 192, 199-200 (1991). "Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *Cheek*, 498 U.S. at 201. The government must prove beyond a reasonable doubt that defendant knew of his legal duty under the tax laws. *See id*. at 199-200. "In criminal cases, actual knowledge of illegality is required for a willful violation of a criminal statute." *Reynolds v. Hartford*, 435 F.3d 1081, 1098 (9th Cir.2006). Willfulness can only be shown by direct evidence of a defendant's knowledge of the statute(s). *U.S. v. Alt*, 996 F.2d 827 (6th Cir. 1993). The Supreme Court has held, "In certain cases involving willful violations of the tax laws, we have concluded that the jury must find that the

Defendant was aware of the ***specific provision of the tax code*** that he is charged with violating." *Bryan v. United States*, 524 U.S. 184, 194 (1998), citing *Cheek,* 498 U.S. at 201. The Ninth Circuit, in citing *Bryan* at 194-195, acknowledged "the cases to which *Bryan* refers are cases in which the Supreme Court read the **element** of 'actual knowledge of the law' into complex statutes that punished 'willful' failures to perform statutory duties." *United States v. Hancock*, 231 F.3d 557, 562 (9th Cir.2000)(emphasis added), *citing Ratzlaf v. United States*, 510 U.S. 135, 149 (1994); and *Cheek*, 498 U.S. at 201.

As to this element (willfulness), the indictment itself is wholly insufficient as to the Defendant's actual knowledge of 26 U.S.C. § 7201. Further, since it must be a "known legal duty," the duty must be clearly imposed by statute. It is clear that section 7201 does not impose a tax on an individual's income nor impose its liability on the Defendant. It also does not impose the duty to file Form 1040 nor any other tax return. Thus, those duties must be imposed by some other statutes in title 26, as section 7201 indicates.

The First Circuit recently acknowledged where an individual was charged with offenses under 26 U.S.C. § 7201, it was another statue, not section 7201, which clearly imposed the required tax and also clearly set forth who was liable for the tax. *United States v. Pesaturo*, 04-1285 (1st Cir.2-16-2007). "Section 4041 imposes the federal excise tax at the point of sale to consumers, requiring sellers to collect the tax in some circumstances and buyers to pay the tax directly to the government in others." *Id.* at *9. Regulations may clarify the liability issue. *Id.*

In *Higley v. Commissioner*, 69 F.2d 160, 162-63 (8th Cir. 1934), that court stated, "Liability for taxation must clearly appear [from a statute imposing the tax]." *citing Miller v. Standard Nut*, 284 U.S. 498, 508 (1932); *United States v. Updike,* 281 U.S. 489, 496 (1930); *United States v. Merriam*, 263 U.S. 179, 187 (1923). It is of constitutional magnitude that the specific law or duty violated be made known fully and clearly so as to protect a defendant from double jeopardy and to prepare an adequate defense under the 5th and 6th Amendments. *See, e.g., United States v. Sloan*, 939 F.2d 499 (7th Cir. 1991); *Sutton v. U.S.*, 157 F.2d 661 (5th Cir. 1946); *United States v. Crummer*, 151 F.2d 958 (10th Cir.1945). "Tax statutes … should be strictly construed, and, if any ambiguity be found to exist, it must be resolved in favor of the citizen." *Billings v. U.S.*, 232 U.S. 261, 265 (1914). Further, "the literal meaning of the words employed [in tax statutes] is most important, for such statutes are not to be extended by implication beyond the clear import of the language used. If the words are doubtful, the doubt must be resolved against the government and in favor of the taxpayer." *United States v. Merriam*, 263 U.S. 179, 187-88 (1923).

The government must prove at trial what statute in title 26 imposes a tax on Defendant's income. It must also prove what statute imposed liability for that tax on the Defendant. In that way, the government may prove "a legal duty." To prove willfulness, the government must also prove that the Defendant had actual knowledge of the above laws that the government must prove, as well as actual knowledge of section 7201.

The Paperwork Reduction Act of 1995 provides protection to the public if a federal agency seeks to subject any person to penalties for failure to comply with an information collection request form that does not display a valid OMB control number issued in accordance with the Act. See 44 U.S.C. § 3512(a)(1995). The PRA also

provides that the protection provided by this section may be raised as a complete defense, bar or otherwise at any time during the administrative process or any judicial action applicable thereto. 44 U.S.C. § 3512(b). 44 U.S.C. § 3507(g) places a limit of up to three years for any form to remain as approved.

The PRA protects any individual who "fails to comply with an information collection request" unless the form "displays a valid OMB control number" issued "in accordance with" the PRA. 44 U.S.C. § 3512(a)(1). "Typical information collection requests include tax forms…and tax or business records." *Dole*, 494 U.S. at 33. If Congress conditioned the requirement to file any form on "any treasury regulation" [quoting *United States v. Wunder*, 919 F.2d 34, 38 (6th Cir. 1990)] the PRA's public protection provision would apply. *Dole*, 494 U.S. at 32-33; *United States v. Hicks*, 947 F.2d 1356, 1359-60 (9th Cir. 1991); *U.S. v. Neff*, 954 F.2d 698 (11th Cir. 1992).

The Supreme Court stated that if the Agency does not comply with the PRA, "The Act 'allow[s] the public, by refusing to answer these [information collection requests], to help control 'outlaw forms.'" *Dole*, 494 U.S. at n. 6.

The government must prove that whatever tax form it alleges the Defendant must have filed, the form complies with the PRA. A failure to do so entitles the Defendant to the protections of the PRA, meaning a complete defense.

The Defendant is also entitled to a good-faith defense. Good faith is a complete defense to the charges in the indictment since good faith on the part of the Defendant is inconsistent with intent to do anything corruptly or to willfully violate the law which is an essential part of the charges. *Cheek*, *supra*. One who expresses an honestly held opinion, or an honestly formed belief, is not chargeable with corrupt or willfulness even

though the opinion is erroneous or the belief is mistaken; and similarly, evidence which establishes only that a person made a mistake in judgment or an error in management or was careless does not establish corruption or willfulness.

Defendant specifically reserves the right to amend this memorandum prior to trial.

Dated this 27th day of March, 2007.

By _/s/ Alan S. Richey
Alan Stuart Richey
Counsel for Neil Stierhoff
WSBA #30578
P.O. Box 1505
Port Hadlock, Washington 98339
Telephone: (360) 437-4005
Email: asratty@gmail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I did electronically file the foregoing motion using the court's CM/ECF system which will send notice of the filing to the attorney of record for the plaintiff, Stephanie Browne, John Kane, and Thomas Voracek, and any other counsel of record through the CM/ECF system.

Dated this 27th day of March, 2007.

/s/ Alan S. Richey_
Alan S. Richey