UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) No. 1:06cr42ML |
| v. | ) MOTION TO DISMISS THE INDICTMENT |
| NEIL STIERHOFF, Defendant. | ) |

COMES NOW the Defendant, by and through his counsel of record, and hereby moves this Court to dismiss the indictment with prejudice based on its failure to charge essential elements of the crime. The indictment also suffers from other Constitutional deficiencies, requiring dismissal.

Defendant reserves all rights without waiving any, including the right to amend this motion. This motion is supported by the attached memorandum.

Respectfully submitted this 15th day of May, 2007.

_/s/ Scott A. Lutes_______________________
Scott A. Lutes
Counsel for Neil Stierhoff
One Turks Head Place, Suite 1440
Providence, RI 02903
Telephone: 861-1142
Fax: 861-1141
Email: scottluteslaw@yahoo.com

_/s/ Alan S. Richey_______________________
Alan Stuart Richey
Counsel for Neil Stierhoff
P.O. Box 1505, Port Hadlock, Washington 98339
Telephone: 360 437-4005
Email: asratty@gmail.com

## MEMORANDUM

Defendant moves this Court to dismiss all charges inasmuch as they fail to allege a crime. The motion is brought pursuant to FRCrP 12(b)(3)(B) which provides that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." See also *United States v. Mojica-Baez*, 229 F.3d 292, 309 (1st Cir. 2000) ("an objection that an indictment fails to state an essential element of an offense shall be noticed by the court at any time during the pendency of the proceedings."). The indictment does not set forth the facts and law necessary to sufficiently charge a crime and apprise Defendant of what he did to have committed the alleged crimes, thus prejudicing Defendant.

**THE INDICTMENT MUST BE DISMISSED AS IT IS CONSTITUTIONALLY DEFECTIVE, FAILING TO ALLEGE ALL LEGAL REQUIREMENTS.**

The indictment in this case must be dismissed as it fails to adequately apprise Defendant of all elements of the crime, and all legal and factual requirements. It is therefore constitutionally defective. Neither a bill of particulars nor the government's assertions may save the indictment from dismissal with prejudice.

Sufficiency of an indictment is of Constitutional magnitude. The Sixth Amendment requires that a citizen "be informed of the nature and cause of the accusation." The Fifth Amendment provides, "No person shall be held to answer for a capital, or otherwise infamous crime, unless on … indictment of a Grand Jury."
The Federal Rules of Criminal Procedure require that an indictment provide, "a plain, concise and definite written statement of the essential facts constituting the offense charged." F.R.Cr.P. **7**(c)(1). "'It is generally sufficient that an indictment set forth the

offense in the words of the statute itself,' as long as those words set forth all the elements of the offense without any uncertainty or ambiguity." *United States v. Serino,* 835 F.2d 924, 929 (1st Cir. 1987), quoting *Hamling v. United States,* 418 U.S. 87, 117 (1974).

In this case, Defendant is charged with four counts of violating 26 U.S.C. § 7201. That section specifically provides, "Any person who **willfully** attempts in any manner to evade or defeat **any tax imposed by this title** or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution." 26 U.S.C. § 7201 (emphasis added). In *Higley v. Commissioner*, 69 F.2d 160, 162-63 (8th Cir. 1934), the court stated, "Liability for taxation must clearly appear [from a statute imposing the tax]." *citing Miller v. Standard Nut*, 284 U.S. 498, 508 (1932); *United States v. Updike,* 281 U.S. 489, 496 (1930); *United States v. Merriam*, 263 U.S. 179, 187 (1923). "Tax statutes … should be strictly construed, and, if any ambiguity be found to exist, it must be resolved in favor of the citizen." *Billings v. U.S.*, 232 U.S. 261, 265 (1914). Further, "the literal meaning of the words employed [in tax statutes] is most important, for such statutes are not to be extended by implication beyond the clear import of the language used. If the words are doubtful, the doubt must be resolved against the government and in favor of the taxpayer." *United States v. Merriam*, 263 U.S. 179, 187-88 (1923).

Because the statute is somewhat ambiguous, the Supreme Court had to define that there are three elements to the offense described by section 7201: (1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax. *Sansone v. United States*, 380 U.S. 343, 351 (1965).

The indictment must be evaluated under the wording of the statute and the judicially created elements of the crime.

In this case, the indictment charges:

> That during the calendar year 1999 [count 2: 2000; count 3: 2001; count 4: 2002], the defendant, NEIL STIERHOFF, a resident of Providence, Rhode Island, had and received taxable income in the sum of approximately $193,246 [count 2: $422,620; count 3: $345,967; count 4: $145,006]; that upon said taxable income there was owing the United States of America a substantial income tax; that well knowing and believing the foregoing facts, the defendant NEIL STIERHOFF, on or about April 17, 2000 [count 2: April 16, 2001; count 3: April 15, 2002; count 4: April 15, 2003], in the District of Rhode Island, did willfully attempt to evade and defeat the said income tax due and owing by him to the United States of America for said calendar year by failing to make an income tax return on or before April 17, 2000 [count 2: April 16, 2001; count 3: April 15, 2002; count 4: April 15, 2003], as required by law, to any proper officer of the Internal Revenue Service, by failing to pay the Internal Revenue Service said income tax, and by committing the following acts: conducting business under the name of Joseph Adams, using a post office box in the name of Universal Audio to receive business receipts, utilizing a bank account in the name of Joseph Adams in order to deposit his business receipts, and using extensive cash.
> In violation of Title 26, United States Code, Section 7201.

An indictment sufficiently charges an offense if it alleges the elements of the offense and fairly informs the defendant of the charge against which he must defend; it must also enable the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. U.S.*, 418 U.S. 87, 117 (1974). The Supreme Court has set forth the requirements of an indictment.

> The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. For this, facts are to be stated, not conclusions of the law alone. A crime is made up of acts and

> intent; and these must be set forth in the indictment, with reasonable particularity of time, place and circumstances.

*United States v. Cruikshank*, 92 U.S. 749, 765 (1962). An indictment that fails to allege all essential elements of a crime offends both the Fifth and Sixth Amendments. *Russell v. U.S.*, 369 U.S. 749, 760-61 (1962). When an indictment is constitutionally flawed, the indictment must be dismissed with prejudice. *See, e.g., United States v. Sampson,* 371 U.S. 75 (1962). This is a "fundamental 'structural error,' which is per se prejudicial.… These 'structural errors' require [dismissal] without any examination of prejudice." *Mojica-Baez*, 229 F.3d at 309. The failure to allege an element of the crime is a "fatal flaw requiring dismissal." *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir.1999); see also *Mojica-Baez*, 229 F.3d at 308 (noting that Du Bo brought a timely pretrial motion to a deficient indictment). Further, a defendant must not be "convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury that indicted him." *Id.* at 1179, quoting *United States v. Keith*, 605 F.2d 462, 464 (9th Cir.1979).

**A. The indictment is defective and must be dismissed because it fails to charge the element of actual knowledge of the law that imposes the legal duty, as well as what the legal duty is.**

The indictment, in about the middle of each count, begins to track the wording of the statute by stating Defendant "did willfully attempt to evade and defeat." From here, per section 7201, it should state a specific "tax imposed by this title." Although the indictment then alleges an "income tax," it does not charge that it is "imposed by this title." 26 U.S.C. § 7201. Thus, the indictment substantially deviated from the wording of the statute and failed to allege that the "income tax" is "imposed by" title

26. This becomes more relevant in defining "willfulness" in part C.

The Supreme Court found there must be a "known legal duty." *Cheek v. United States*, 498 U.S. 192, 201(1991). The Ninth Circuit has ruled, "the Supreme Court read the **element of 'actual knowledge of the law'** into complex statutes that punished 'willful' failures to perform statutory duties." *United States v. Hancock*, 231 F.3d 557, 562 (9th Cir.2000)(emphasis added), *citing Bryan v. United States*, 524 U.S. 184, 192 (1998); *Ratzlaf v. United States*, 510 U.S. 135, 149 (1994); and *Cheek*, 498 U.S. at 201; *see also Steiner v. U.S.*, 229 F.2d 745, 748 (9th Cir.1956)(An indictment that "fail[s] to state what law the [criminal acts] mentioned [in the indictment are] contrary to…fail[s] to charge an offense.").

Because it must be a "known legal duty," and the Supreme Court ruled that an element of the crime is "actual knowledge of the law," then the indictment must include the element that Defendant had actual knowledge of the law that imposed the legal duty. If the indictment fails to state that element and disclose what law imposed the legal duty, then the indictment is constitutionally defective, fails to adequately charge and apprise Defendant, and must be dismissed with prejudice.

The indictment only alleges "that well knowing and believing the foregoing facts," referring to "receiv[ing] taxable income" and "there was owing to the [U.S.A.] a substantial income tax." The indictment fails to charge what the "legal duty" is and that Defendant had knowledge of it. The only allegation in the indictment referring to something being "required by law" is that Defendant "fail[ed] to make an income tax return on or before April 17, 2000, as required by law." This is a "conclusion of law," not facts, and the indictment contains no citation to any law or authority requiring the

filing of an "income tax return." The indictment in this case fails to state that this is the legal duty is and that Defendant knew of that duty. The indictment also fails to state what "income tax return" was "required by law" to be filed. Thus, it fails to inform Defendant of the facts so he can defend himself.

"It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the species, --it must descend to particulars.'" *Cruikshank*, 92 U.S. at 558. Even though an indictment "may follow the language of a statute," it is still "defective" when it is "not framed to apprise the defendant 'with reasonable certainty, of the nature of the accusation against him." *Russell,* 369 U.S. at 765. Where an indictment only states an element of the offense in conclusory terms, and does not specifically inform the Defendant what the specific facts or law is, the Supreme Court has held, "The vice of these indictments…is that they failed to satisfy the first essential criterion by which the sufficiency of an indictment is to be tested, i.e. that they failed to sufficiently apprise the defendant 'of what he must be prepared to meet.'" *Id.* at 764.

The First Circuit recently acknowledged where an individual was charged with offenses under 26 U.S.C. § 7201, it was another statue, not section 7201, which clearly imposed the required tax and also clearly set forth who was liable for the tax. *United States v. Pesaturo*, 476 F.3d 60 (1st Cir.2007). "Section 4041 imposes the federal excise tax at the point of sale to consumers, requiring sellers to *collect* the tax in some circumstances and buyers to pay the tax directly to the government in others." *Id.* at 66. Regulations may clarify the liability issue. *Id.* at 66-67.

It is clear that section 7201 does not impose the duty (whatever it is that is supposed to be alleged), and the indictment in no way states what section under title 26 imposes a duty, or even what that duty is. It is the grand jury that must find what law imposed the alleged duty, not the prosecution. As the Supreme Court found, "it is a settled rule that a bill of particulars cannot save an invalid indictment." *Russell,* 369 U.S. at 770. The Court continued,

> To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him. *Id.*

To allow the government or this Court to decide what law made the act required "deprive[s] the defendant of a basic protection," violating his Constitutionally protected rights under the Fifth and Sixth Amendments, namely that he is being "held to answer" on something not returned by an "indictment of a Grand Jury," Amend V., as well as not being "informed of the nature and cause of the accusation" found by the Grand Jury. Amend. VI. Because the indictment fails to allege what legal duty Defendant violated, the law imposing said legal duty, that Defendant had actual knowledge of the law imposing that legal duty, and the particular facts of what was "required by law," then the indictment is Constitutionally flawed, and Defendant is prejudiced because he is not informed of the nature and cause of the charge and cannot adequately prepare for trial. The indictment must be dismissed with prejudice.

**B. The indictment's failure to charge the type of evasion—assessment or payment—is of Constitutional magnitude and requires dismissal.**

The indictment fails to allege the nature of the charge—evasion of assessment or payment. "Section 7201 defines two distinct crimes": evasion of the assessment or evasion of the payment. *U.S. v. Hogan*, 861 F.2d 312, 315 (1st Cir. 1988), citing *Sansone,* 380 U.S. at 354; see also *U.S. v. Waldeck*, 909 F.2d 555, 558, 561 (1st Cir. 1990). Most importantly, the grand jury, not the government, must find particulars, such as whether this case is evasion of assessment or of payment. *See Russell*, 369 U.S. at 770; *Du Bo*, 186 F.3d at 1179.

The indictment is defective, inasmuch as it fails to allege what the charge is—evasion of assessment or evasion of payment. It charges in part, "did willfully attempt to evade and defeat the said income tax due and owing by him to the [U.S.A.] for said calendar year by failing to make an income tax return on or before April 17, 2000, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay the Internal Revenue Service said income tax…." The indictment appears to allege both evasion of assessment and evasion of payment. This, however, is legally impossible.

An assessment must precede a payment; thus a defendant must be charged with either evasion of assessment or evasion of payment. See *United States v. Wright*, 211 F.3d 233, 236 (5th Cir.2000)(government must prove a tax deficiency by a return signed by taxpayer or valid assessment by IRS); *United States v. England,* 347 F.2d 425, 430 (7th Cir.1965)("There is no doubt that a valid assessment, and proof thereof, was an essential element of the case", and this "was admitted by the government."). See also *United States v. Voorhies*, 658 F.2d 710, 714 (9th Cir.1981)(in an evasion of assessment

case, an assessment would not have been done, but "a tax deficiency exists from the date a return is due to be filed); *and see United States v. Dack*, 797 F.2d 1172, 1174 (7th Cir.1984) ("When, as here, the taxpayer fails to file a return, and the government can show a tax liability **pursuant to the provisions of the tax code**, then a tax deficiency within the meaning of section 7201 is deemed to arise by operation of the law on the date the return is due.").[1]

On December 12, 2006, the government informed this Court and Defendant that it was pursuing the charge under the theory of evasion of assessment. See Transcript, Dec. 12, 2006, pp.14, lns. 15-19. Allowing the government to decide that aspect of the charge violates Defendant's Constitutionally protected rights under the Fifth and Sixth Amendments. *Russell,* 369 U.S. at 770. Defendant cannot ascertain from the face of the indictment what the theory of the charge is—evasion of assessment or evasion of payment. The deficiency of the indictment in not alleging the type of evasion (assessment or payment) prejudices Defendant, precluding him from adequately preparing for trial and preparing a defense, thus requiring dismissal of the charges.

### C. The indictment fails to allege "willfulness" as required in tax cases.

"Willfulness" is an essential element of the alleged crime. *Sansone*, 380 U.S. at 351. "The word 'willfully' is sometimes said to be 'a word of many meanings' whose construction is often dependent on the context in which it appears." *Bryan v. United States*, 524 U.S. 184, 191 (1998), citing *Spies v. U.S.*, 317 U.S. 492, 497 (1943). The

[1] Because the grand jury never found whether the case is evasion of assessment or evasion of payment, Defendant is challenging the indictment on both theories.

general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system. *Cheek*, 498 U.S. at 199. The general rule is: "Based on the notion that the law is definite and knowable, the common law presumed that every person knew the law." *Id.* However, the general rule is not applicable in tax cases. The Supreme Court found,

> The proliferation of statutes and regulations has sometimes made it difficult for the average citizen to know and comprehend the extent of the duties and obligations imposed by the tax laws. Congress has accordingly softened the impact of the common law presumption by making **specific intent to violate the law** an element of certain federal criminal tax offenses. Thus, the Court almost 60 years ago interpreted the statutory term "willfully" as used in the federal criminal tax statutes as carving out an exception to the traditional rule. This special treatment of criminal tax offenses is largely due to the complexity of the tax laws. *Id*. at 199-200 (emphasis added).

Thus, in tax cases, "willful" must be defined as the exception, rather than under the general rule. As the Court found in *Cheek*, "Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *Id.* at 201. In order to prove "willful violations of the tax laws, we have concluded that the jury must find that the Defendant was aware of the ***specific provision of the tax code*** that he is charged with violating." *Bryan*, 524 U.S. at 191, 194, citing *Cheek,* 498 U.S. at 201(emphasis added).

In this case, the indictment only alleges the general rule—that ignorance of the law is no excuse. That can be the only logical conclusion because it fails to allege the exception that is required in criminal tax cases. The indictment therefore charges in the general, conclusory term of "willful," which in this case is not applicable, rather than

charging under the exception definition of willfulness which requires specificity: Defendant's ***specific knowledge*** of "the ***specific provision of the tax code*** that he is charged with violating," *Bryan*, 524 U.S. at 191, 194; Defendant's ***specific knowledge of the specific duty the law imposed on him***, *Cheek*, 498 U.S. at 201 (three-prong test of willfulness); and Defendant's "***specific intent to violate the law***." *Id.* In fact, there is no indication that the grand jury was informed of the difference in the meaning of willfulness in a tax case and generally, and there is certainly no indication that Defendant is charged with the **specificity** required under the exception to the rule.

The indictment is therefore insufficient to apprise Defendant "with reasonable certainty, of the nature of the accusations against him" and "of what he must be prepared to meet." *Russell,* 369 U.S. at 764-65. It therefore fails to meet the "first essential criterion by which the sufficiency of an indictment is to be tested." *Id.* Therefore, because the indictment fails to charge Defendant with the correct "willfulness" charge as set forth by the Supreme Court, the indictment is defective and must be dismissed with prejudice.

**D. The indictment fails to allege the essential element of affirmative act.**

An essential element of the crime alleged in 26 U.S.C. § 7201 is an affirmative act. *Sansone*, 380 U.S. at 351. The indictment fails to allege this element of the crime, inasmuch as it does not allege that an affirmative act was taken by Defendant. The indictment alleges the "failing to make an income tax return on or before April 17, 2000, as required by law,… and by committing the following acts." When an indictment fails to allege an element of the crime, this is a "fatal flaw requiring dismissal." *Du Bo*,

186 F.3d at 1179.

It is clear that the failure to file a tax return is a failure to act or an omission, not an affirmative act. *United States v. Becker,* 965 F.2d 383, 387 (7th Cir.1992); citing *Spies*, 317 U.S. at 499. Thus, the "failing to make an income tax return" cannot be construed as an affirmative act.

The indictment also alleges, after citing the failure to file a tax return, "and by committing the following acts." The indictment does not charge that "the following acts" are "affirmative acts." Further, The use of the conjunctive "and" denotes a list of the same category, and because the "failing to make an income tax return" is not an affirmative act, those acts following such cannot be classified as such without the specific words of "affirmative act" denoting such.

The failure to allege an essential element is a Constitutional defect. *Russell*, 369 U.S. at 760-61. Thus, the charges are deficient inasmuch as they fail to allege an essential element of the crime, requiring dismissal of the indictment.

**E. The indictment does not allege a tax deficiency nor any amount of tax due.**

A "tax deficiency" is an essential element of the crime alleged in 26 U.S.C. § 7201. *Sansone*, 380 U.S. at 351. In this case, the indictment alleges, "that upon said taxable income there was owing to the [U.S.A.] a substantial income tax." It also only alleges a tax is "owing," not "deficient."

Deficiency is defined in the code as "the amount by which the tax imposed by [the code] exceeds the excess of the sum of the amount shown as the tax by the taxpayer upon his return … plus the amounts previously assessed … as a deficiency, over—the

amount of rebates." 26 U.S.C. § 6211. *See also United States v. Wright*, 211 F.3d 233, 236 (5th Cir.2000)(government must prove a tax deficiency by a return signed by taxpayer or valid assessment by IRS); *United States v. England,* 347 F.2d 425, 430 (7th Cir.1965)("There is no doubt that a valid assessment, and proof thereof, was an essential element of the case", and this "was admitted by the government."). *But see United States v. Voorhies*, 658 F.2d 710, 714 (9th Cir.1981)(in an evasion of assessment case, an assessment would not have been done, but "a tax deficiency exists from the date a return is due to be filed); *and see United States v. Dack*, 797 F.2d 1172, 1174 (7th Cir.1984) ("When, as here, the taxpayer fails to file a return, and the government can show a tax liability **pursuant to the provisions of the tax code**, then a tax deficiency within the meaning of section 7201 is deemed to arise by operation of the law on the date the return is due.").

Further, there is no amount of tax found by the grand jury, so the grand jury found no figure, not even a range, of a tax deficiency. *See Cruikshank*, 92 U.S. at 558, 765 (it must not use the general term but state the particulars); *Russell,* 369 U.S. at 765 (an indictment charging in the general language is still "defective" when it is "not framed to apprise the defendant 'with reasonable certainty, of the nature of the accusation against him."). Thus, the indictment fails to allege the element of tax deficiency and the amount thereof, and must be dismissed with prejudice.

**CONCLUSION**

Based on the foregoing, the indictment fails to allege essential elements of the crime as required. It further fails to set forth essential facts and law which the Supreme Court has deemed necessary to adequately apprise Defendant of the charges and allow him to adequately prepare for trial, thus substantially prejudicing him. Government assertions without the backing of the grand jury's findings and specific charges fly in the face of the Constitution. This all requires dismissal with prejudice of the indictment.

Respectfully submitted this 15th day of May, 2007.

/s/ Scott A. Lutes
Scott A. Lutes
Counsel for Neil Stierhoff
One Turks Head Place, Suite 1440
Providence, RI 02903
Telephone: 861-1142
Fax: 861-1141
Email: scottluteslaw@yahoo.com

/s/ Alan S. Richey
Alan Stuart Richey
Counsel for Neil Stierhoff
P.O. Box 1505, Port Hadlock, Washington 98339
Telephone: 360 437-4005
Email: asratty@gmail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I did electronically file the foregoing motion using the court's CM/ECF system which will send notice of the filing to the attorney of record for the plaintiff, Stephanie Browne, John Kane, and Thomas Voracek, and any other counsel of record through the CM/ECF system.

Dated this 15th day of May, 2007.

/s/ Alan S. Richey_
Alan S. Richey