**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 06-0042ML** |
| | : | |
| **NEIL STIERHOFF** | : | |

**OBJECTION TO DEFENDANT'S**
**MOTION TO DISMISS THE INDICTMENT**

The United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and John N. Kane and Thomas G. Voracek, Trial Attorneys, United States Department of Justice, respectfully submits this Objection to the Defendant's Motion to Dismiss the Indictment. In support of this Objection, the government submits the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/John N. Kane
JOHN N. KANE

/s/Thomas G. Voracek
THOMAS G. VORACEK
Trial Attorney
U.S. Department of Justice

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, with the Clerk of Court using the CM/ECF system, a true and accurate copy of the within Objection to Defendant's Motion to Dismiss the Indictment, which will in turn send notification to Alan S. Richey, Attorney at Law, asratty@gmail.com, and to Scott A. Lutes, Attorney at Law, scottluteslaw@yahoo.com, and by regular mail, postage prepaid to Alan S. Richey, P.O. Box 1505, Port Haddock, Washington 98339 and to Scott A. Lutes, One Turks Head Place, Suite 1440, Providence, Rhode Island 02903.

/s/Thomas G. Voracek
Thomas G. Voracek

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 06-0042ML** |
| | : | |
| **NEIL STIERHOFF** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

The defendant moves this court to dismiss the Indictment with prejudice based on its failure to charge essential elements of the crime. The defendant claims that the Indictment suffers from Constitutional deficiencies, requiring dismissal. The defendant specifically contends that the Indictment fails to adequately apprise him of all the elements of the crime charged including wilfulness, an affirmative act of evasion, and a tax deficiency. Furthermore, the defendant contends that the Indictment failed to set forth any citation to legal authority which required the defendant to file an income tax return. Finally, the defendant claims that the Indictment failed to specify whether the defendant evaded the assessment or payment of a tax.

The government objects to the defendant's motion because the Indictment adequately charges the essential elements of the crime and is not constitutionally deficient. Moreover, the defendant has previously made many of these same allegations in a prior motion before this court. In his Motion for a Bill of Particulars (Doc. 40), the defendant requested the provision of the tax code which imposed the tax, the specific tax the defendant is accused of evading, the government's theory of evasion as either assessment or payment, and the government's theory regarding how a tax due and owing may be established without an assessment.

In denying the Motion for a Bill of Particulars, this Court found that:

> The Government here has today actually answered two of the questions with respect to what its theory of the case is and what kind of a return they're talking about. They're talking about personal income tax returns, and their theory of the case is that the Defendant engaged in this behavior to evade the assessment of the tax. The allegation is he didn't file a return.
>
> So that should have been pretty evident; but in any event, the Government has now certainly clarified that.

Transcript of Proceedings, December 12, 2006 at p. 18.

As a general rule, an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. Hamling v. United

States, 418 U.S. 87, 118 (1974); United States v. Cianci, 378 F.3d 71, 81 (1st Cir. 2004). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.' " Hamling, 285 U.S. at 118; Cianci, 378 F.3d at 81.

The Indictment in this case is sufficient because it tracks the language of the statute and includes all of the elements of an offense under Section 7201. The statute states:

> Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony...

26 U.S.C. §7201

Count 1 of the Indictment sets forth that:

> ... during the calendar year 1999, the defendant, NEIL STIERHOFF, a resident of Providence, Rhode Island, had and received taxable income in the sum of approximately $193,246; that upon said taxable income there was owing to the United States of America a substantial income tax; that well knowing and believing the foregoing facts, the defendant NEIL STIERHOFF, on or about April 17, 2000, in the District of Rhode Island, did willfully attempt to evade and defeat the said income tax due and owing by him to the United States of America for said calendar year by failing to make an income tax return on or before April 17, 2000, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay the Internal Revenue Service said income tax, and by committing the following acts: conducting business under the name of Joseph Adams, using a post office box in the name of Universal Audio to receive business receipts, utilizing a bank account in the name of Joseph Adams in order to deposit his business receipts, and using extensive cash.

The three other counts in the Indictment are similarly worded for the years 2000 through 2002.

The Indictment clearly charges the defendant with attempted evasion of his individual income taxes. The Indictment specifies that the type of tax evaded is income tax. It also specifies that Neil Steirhoff, an individual, failed to make an income tax return and evaded his tax liabilities. The Indictment also specifies that the defendant acted wilfully in evading his taxes. The Indictment states that there existed a substantial tax owing to the United States upon his taxable income and that the defendant failed to pay such tax. Finally, the Indictment sets forth several acts of evasion.

The defendant claims that the Indictment is flawed because it failed to include the words "tax imposed by this title". This phrase is included in 26 U.S.C. §7201, the charging statute. However, the defendant does not cite any case authority which would require this phrase in an indictment.

Moreover, instead of merely reiterating the phrase "tax imposed by this title", which provides very little information regarding the type of tax evaded, the Indictment in the present case clearly identifies the type of tax (Individual Income) for which the defendant is accused of evading.

In a similar vein, the defendant contends that the

Indictment failed to set forth any citation to law or other authority requiring the filing of an income tax return. However, again, the defendant sets forth no case law requiring such verbiage in an indictment.

The government agrees with the defendant's claim that Section 7201 does not impose a tax. Section 7201 criminalizes the evasion of a tax imposed pursuant to Title 26. In the present case, the Indictment does not state that the evaded tax was imposed by Section 7201, but describes the type of tax (individual income) for which the defendant is accused of evading. Therefore, it is sufficient that this Indictment specified that the defendant, an individual, failed to file a return and pay taxes on his income as required by law.

Another court previously considered the same issue put forward by the defendant. In that case, the defendant argued that the indictment failed to charge a crime because it cited to 26 U.S.C. Sections 7201 and 7203, which prescribe penalties for failure to file an income tax return, rather than 26 U.S.C. Section 6012, the section that requires a return to be filed. United States v. Vroman, 975 F.2d 669, 670 (9th Cir. 1992). In that case, the court held that the government was not required to cite 26 U.S.C. Section 6012 in the indictment in order to give [the defendant] notice of the charges filed against him. Vroman, 975 F.2d at 671. The court determined that the indictment set

out the elements of the crime in sufficient clarity to apprise the defendant of the charges against him and is drawn with sufficient specificity to foreclose further prosecution upon the same facts. Id.

Omitting a citation in an indictment is only a ground for dismissal if the defendant was misled and thereby prejudiced by the omission. Rule 7(c)(3), F.R.Cr.P. In Vroman, the court found that the omission of a citation to Section 6012 in an indictment charging a violation of 26 U.S.C. Section 7203 did not mislead the defendant as to the nature of the charges against him. Vroman, 975 F.2d at 672.

The defendant also contends that the Indictment must be dismissed because it did not specify whether the defendant was charged with evasion of assessment or payment. A defendant may be charged with a "willful attempt to evade or defeat" either the 'assessment' of a tax" or "the 'payment ' of a tax." United States v. Hogan, 861 F.2d 312, 315 (1st Cir. 1988)(citing Sansone v. United States, 380 U.S. 343, 354 (1965)). "The elements of both crimes are the same." Id. As previously stated, the government has acknowledged that it will proceed on an evasion of assessment theory.

The defendant also contends that the Indictment is deficient as it fails to set forth an affirmative act of evasion. The defendant notes that the allegation that he failed to make a

return is an act of omission. The government agrees that the defendant's failure to file a tax return does not constitute an affirmative act of evasion. Consequently, the Indictment alleges other specific acts committed by the defendant which had the effect of evading tax.

The defendant argues that the Indictment fails because it did not denote that each act was an "affirmative" act. The defendant cites no case law imposing this obligation. Instead, the law requires that the government must prove at least one affirmative act of evasion at trial. The Indictment provides the defendant with sufficient notice of the affirmative acts of evasion which the government intends to establish.

Finally, the defendant contends that the Indictment failed to allege a "tax deficiency". The defendant states that a tax deficiency is an essential element of tax evasion.

Contrary to the defendant's contention, it is not essential that the IRS has made an assessment of taxes owed and a demand for payment in order for tax evasion charges to be brought. United States v. Daniel, 956 F.2d 540, 542 (6th Cir. 1992). In Daniel, the defendant argued that there was no tax deficiency since no assessment or demand for payment had been made. The court rejected this reasoning, holding that a tax deficiency arises by operation of law on the date that the return is due if the taxpayer fails to file a tax return and the government can

show a tax liability. Daniel, 956 F.2d at 542. See also Hogan, 861 F.2d at 315-16. In this case, the tax deficiency arose when the defendant failed to file his individual income tax return.

It is also not necessary for an indictment to set forth a specific amount of taxes due and owing. Instead, the Indictment in the present case properly set forth that the income tax is substantial. In United States v. Citron, 783 F.2d 307 (2d Cir. 1986), the court upheld an "open-ended" 7201 indictment that did not even allege precise amounts of unreported income or tax due but rather alleged that the defendant had attempted to evade "a large part" of the income tax due and that the tax due was "substantially in excess" of the amount he reported. Citron, 783 F.2d at 314-15. Whether a tax deficiency is substantial is a jury question and even a relatively small sum can be deemed substantial. United States v. Gross, 286 F.2d 59, 61 (2d Cir. 1961).

Wherefore, for the foregoing reasons, the government respectfully requests that the Defendant's Motion to Dismiss the Indictment be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/John N. Kane
JOHN N. KANE

/s/Thomas G. Voracek
THOMAS G. VORACEK
Trial Attorney
U.S. Department of Justice

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, with the Clerk of Court using the CM/ECF system, a true and accurate copy of the within Memorandum of Law in Support of the Objection to Defendant's Motion to Dismiss the Indictment, which will in turn send notification to Alan S. Richey, Attorney at Law, asratty@gmail.com, and to Scott A. Lutes, Attorney at Law, scottluteslaw@yahoo.com, and by regular mail, postage prepaid to Alan S. Richey, P.O. Box 1505, Port Haddock, Washington 98339 and to Scott A. Lutes, One Turks Head Place, Suite 1440, Providence, Rhode Island 02903.

/s/Thomas G. Voracek
Thomas G. Voracek