UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | No. 1:06cr42ML |
| v. | ) | DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE |
| NEIL STIERHOFF, Defendant. | ) | |

COMES NOW the Defendant, by and through his counsel of record, and responds to the Government's Motion In Limine (Doc. 78). The motion is too broad and too unrestrained to be granted, as it is a request to use evidence already excluded based upon a scenario which requires multiple variables that the U.S. fails to clearly define but which remain inadmissible due to irrelevance and unfair prejudice. Therefore, the motion should not be granted at this time, but this Court should reserve ruling on the matter until the Defendant actually testifies, actually raises the matters addressed in the documents, and only if for proper impeachment purposes.

Respectfully submitted this 6th day of June, 2007.

_/s/ Scott A. Lutes_______________________
Scott A. Lutes
Counsel for Defendant
One Turks Head Place, Suite 1440
Providence, RI 02903
Telephone: 861-1142
Fax: 861-1141
Email: scottluteslaw@yahoo.com

_/s/ Alan S. Richey_______________________
Alan Stuart Richey
Counsel for Defendant
P.O. Box 1505, Port Hadlock, Washington 98339
Telephone: 360 437-4005
Email: asratty@gmail.com

**MEMORANDUM**

The U.S. brought a motion in limine attempting to use computer documents already suppressed by this Court (Doc. 77). The U.S. wants to use them for impeachment purposes and as rebuttal evidence if Defendant testifies (Doc. 78 at 6). The motion should be denied, as it requires too many variables that the U.S. fails to adequately define and meet the requirements for admissibility.

Defendant acknowledges that if Defendant testifies and his testimony deals specifically with the documents contained on the computer, those specific documents may then be used in cross-examination to impeach or rebut Defendant's testimony. The cases to which the U.S. relies require that a defendant voluntarily take the stand, promising to tell the truth. *Harris v. New York*, 401 U.S. 222, 225 (1971). A defendant's statements must also be false or inconsistent. *Id.* at 225-226. Thus, the documents could only be used to impeach a defendant's direct testimony. *United States v. Havens*, 446 U.S. 620, 624 (1980). However, the government may not "'smuggle in' the impeaching opportunity in the course of cross-examination." *Id.* at 625.

Most of the documents the U.S. would seek to use are not relevant to this case and would only unfairly prejudice Defendant. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Generally, "[a]ll relevant evidence is admissible," while "[e]vidence which is not relevant is not admissible." Fed.R.Evid. 402. Therefore, the government must first establish that each individual document it may seek to use is relevant, rather than the sweeping scope that it seeks by its motion. Even if evidence is relevant, it "may be excluded if its

probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. Evidence may be properly excluded under Rule 403 because it lacks probative value and injects the dangers of confusing and misleading the jury. *Gauthier v. AMF, Inc.,* 805 F.2d 337, 338 (9th Cir.1986). A court has authority "to exclude, as irrelevant, evidence not bearing on the defendant's character, prior record, or the circumstances of his offense." *Lockett v. Ohio*, 438 U.S. 586, 604 n.12 (1978).

Because the evidence has already been excluded, the U.S. bears the burden of showing that "exclusion results in actual prejudice because it had a substantial and injurious effect or influence in determining the jury's verdict." *United States v. Shay*, 57 F.3d 126, 134 (1st Cir. 1995). The U.S. must also show that from the evidence it wants to use on cross-examination that "there is an adequate factual predicate creating an inference of guilt of the crime charged." *United States v. Camilo Montoya*, 917 F.2d 680, 683 (1st Cir. 1990), quoting *United States v. Hernandez-Bermudez*, 857 F.2d 50, 52 (1st Cir. 1988); *United States v. Grandmont*, 680 F.2d 867, 869 (1st Cir. 1982).

The use or reference to one document by Defendant would not so broadly "open the door" to all documents contained on the computer, nor would Defendant's testimony automatically make the documents relevant. For example, many of the documents the U.S. hopes to use have to do with foreign trusts and offshore bank accounts. However, the U.S. has absolutely no evidence that Defendant has or ever had either a foreign trust or an offshore bank account. Thus, the mere fact that Defendant's computer has documents saved in it does not mean that those documents have any relevance to the charges in this case. Thus, the government must first meet its showing of relevance, and then the court must weigh in the unfair prejudice to Defendant and the likelihood of

confusing and misleading of the jury, all before ruling on whether the government can use the documents.

## CONCLUSION

Based on the foregoing, this Court should not grant the U.S.' motion in limine (Doc. 87) at this time. It is only after Defendant has testified that the government can and must then make a showing of the relevance of the documents, that they serve to impeach Defendant, that the documents do not mislead or confuse the jury, and that they do not unfairly prejudice Defendant. As none of that can be assessed now, the motion must be denied.

Dated this 6th day of June, 2007.

_/s/ Scott A. Lutes_______________________
Scott A. Lutes
Counsel for Defendant
One Turks Head Place, Suite 1440
Providence, RI 02903
Telephone: 861-1142
Fax: 861-1141
Email: scottluteslaw@yahoo.com

_/s/ Alan S. Richey
Alan Stuart Richey
Counsel for Defendant
WSBA #30578
P.O. Box 1505
Port Hadlock, Washington 98339
Telephone: (360) 437-4005
Email: asratty@gmail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I did electronically file the foregoing motion using the court's CM/ECF system which will send notice of the filing to the attorney of record for the plaintiff, Stephanie Browne, John Kane, and Thomas Voracek, and any other counsel of record through the CM/ECF system.

Dated this 6th day of June, 2007.

/s/ Alan S. Richey_
Alan S. Richey