**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 06-0042-ML** |
| | : | |
| **NEIL STIERHOFF** | : | |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim P. 30, the United States of America, by and through, Robert Clark Corrente, United States Attorney for the District of Rhode Island, and John N. Kane and Thomas G. Voracek, Trial Attorneys, Tax Division, United States Department of Justice, hereby requests that the Court charge the jury in this case in accordance with the attached instructions. The United States respectfully reserves the right to supplement, modify, or withdraw these requests for instructions in light of the further requests for instruction, if any, filed by the defendant and the evidence in this case.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/John N. Kane
JOHN N. KANE

/s/Thomas G. Voracek
THOMAS G. VORACEK
Trial Attorneys
U.S. Department of Justice

**Instruction No. 1**
**Duties of the Jury**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.[1]

[1] Pattern Criminal Jury Instructions for the First Circuit, Instruction 1.01.

**Instruction No. 2**
**Nature of the Case - Parties Represented**

This criminal case has been brought by the United States government. It is alleged that the defendant, NEIL STIERHOFF, Attempted to evade and defeat taxes for the tax years 1999 and 2002. I will sometimes refer to the government as the prosecution. The government is represented at this trial by Trial Attorneys with the U.S. Department of Justice, Thomas Voracek and John Kane. The defendant, NEIL STIERHOFF, is represented by attorney Alan Richey.

The defendant has been charged by the government with violations of federal law. The charges against the defendant are contained in the Indictment. The Indictment is simply the description of the charges against the defendant; it is not evidence of anything. The defendant pleaded not guilty to the charges and denied committing the crimes. He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven her guilt beyond a reasonable doubt.[2]

[2] Pattern Criminal Jury Instructions for the First Circuit, Instruction 1.02.

**Instruction No. 3**
**Preliminary Statement of Elements of Crime**

As I mentioned, NEIL STIERHOFF is charged with four counts of attempting to evade and defeat taxes, for the tax years 1999 through 2002, one count for each year. In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime charged, each of which the government must prove beyond a reasonable doubt to make its case:

First: That the defendant had a substantial tax due and owing;

Second: That the defendant committed an affirmative act in an attempt to evade or defeat tax; and

Third: That the defendant willfully attempted to evade or defeat tax.[3]

[3] Sansone v. United States, 380 U.S. 343, 351 (1965); Spies v. United States, 317 U.S. 492, 498-99 (1943); accord Pattern Jury Instructions for the First Circuit, Instruction No. 4.25; United States v. Lavoie, 433 F.3d 95, 97-98 (1st Cir. 2005).

**Instruction No. 4**
**Evidence; Objections; Rulings; Bench Conferences**

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated - that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to

their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to

any evidence.[4]

[4] Pattern Jury Instructions for the First Circuit, Instruction No. 1.05

**Instruction No. 5**
**Conduct of the Jury**

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case-you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side-even if it is simply to pass the time of day-an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because

they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the [court security officer] to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.[5]

---

[5] Pattern Jury Instructions for the First Circuit, InstructionNo. 1.07.

## Instruction No. 6
## Notetaking

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however. First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented. If you would prefer not to take notes at all but simply to listen, please feel free to do so. Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Please take your notes to the jury room at every recess. I will have the courtroom deputy collect them at the end of each day and place them in the vault. They will then be returned to you the next morning. When the case is over, your notes will be destroyed. These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.[6]

[6] Pattern Jury Instructions for the First Circuit, InstructionNo. 1.08.

**Instruction No. 7**
**[BEGINNING OF FINAL INSTRUCTIONS]**
**Duty of the Jury To Find Facts and Follow Law**

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return-that is a matter entirely for you to decide.[7]

[7] Pattern Jury Instructions for the First Circuit, Instruction No. 3.01.

**Instruction No. 8**
**Presumption of Innocence; Proof Beyond a Reasonable Doubt**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, NEIL STIERHOFF, has the benefit of that presumption throughout the trial, and you are not to convict her of a particular charge unless you are persuaded of her guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that NEIL STIERHOFF is guilty of the crime with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crime[s] charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. NEIL STIERHOFF has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against her.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to acquit her of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of NEIL STIERHOFF’S guilt of a particular crime, you should vote to convict her.[8]

[8] Pattern Jury Instructions for the First Circuit, Instruction No. 3.02.

**Instruction No. 9**
**[If Necessary]**
**Defendant's Constitutional Right Not To Testify**

NEIL STIERHOFF has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.[9]

[9] Pattern Jury Instructions for the First Circuit, Instruction No. 3.03.

**Instruction No. 10**
**Statutory Purpose**

Turning to the charges in this case, the defendant, NEIL STIERHOFF, is charged with tax crimes. The system of tax collection in the United States relies upon the honesty of taxpayers. The government needs taxpayers to report timely, completely, and honestly all of their income, so that taxpayers can determine, and the government can collect, the correct amount of taxes due. Congress, therefore, has made it a criminal offense for a taxpayer to attempt to evade or defeat taxes.[10]

[10] 3 L.B. Sand et al., Modern Federal Jury Instructions, Instruction Number 59-2 (1996).

**Instruction No. 11**
**Statutory Offense - Title 26 U.S.C. § 7201**

Section 7201 of the Internal Revenue Code provides, in part, as follows: "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall" be guilty of an offense against the laws of the United States.[11]

[11] 26 U.S.C. § 7201.

**Instruction No. 12**
**The Nature of the Offense Charged - Title 26 U.S.C. § 7201**

Counts One through Four of the Indictment charge that defendant NEIL STIERHOFF willfully attempted to evade or defeat taxes for each tax year between 1999 and 2002, all in violation of Title 26, United States Code, Section 7201.[12]

[12] 26 U.S.C. § 7201.

**Instruction No. 13**
**Elements - Title 26 U.S.C. §** 7201

For you to find defendant NEIL STIERHOFF guilty of each count of willfully attempting to evade or defeat taxes in violation of section 7201, the government must prove each of the following elements beyond a reasonable doubt for each count:

First: That the defendant had a substantial tax due and owing;

Second: That the defendant committed an affirmative act in an attempt to evade or defeat tax; and

Third: That the defendant willfully attempted to evade or defeat tax.[13]

[13] Sansone v. United States, 380 U.S. 343, 351 (1965); Spies v. United States, 317 U.S. 492, 498-99 (1943); accord Pattern Jury Instructions for the First Circuit, Instruction No. 4.25; United States v. Lavoie, 433 F.3d 95, 97-98 (1st Cir. 2005).

**Instruction No. 14**
**Definition of "Attempt"**

A person may not be convicted of federal tax evasion on the basis of a willful omission alone; he also must have undertaken an affirmative act of evasion. An affirmative act of evasion is defined as any conduct, the likely effect of which would be to mislead or to conceal for tax evasion purposes. Even an activity that would otherwise be legal can constitute an affirmative act supporting a section 7201 conviction, so long as it is carried out with the intent to evade tax.

For example, the affirmative act requirement can be met by the filing of a false or fraudulent tax return that substantially understates taxable income or by other affirmative acts of concealment of taxable income such as keeping a double set of books, making false entries or invoices or documents, concealing assets through the use of nominee entities and alias, the extensive use of cash, and so forth.[14]

[14] Spies v. United States, 317 U.S. 492, 498-99 (1943); United States v. Jungles, 903 F.2d 468, 474 (7th Cir. 1990); Pattern Jury Instructions for the First Circuit, Instruction No. 4.25.

**Instruction No. 15**
**Definition of Substantiality**

As I mentioned, one element of the offense is that the defendant had a substantial tax due and owing. Whether the tax due and owing by the defendant is in fact substantial is a decision for you to make.

The government need not prove the precise amount of tax due and owing. As long as the amount proved as unreported is substantial, it makes no difference whether that amount is more or less than the unreported amount charged in the indictment.[15]

[15] United States v. Johnson, 319 U.S. 503, 517-18 (1943); United States v. Plitman, 194 F.3d 59, 65-66 (2d Cir. 1999); United States v. Marcus, 401 F.2d 563, 565 (2d Cir. 1968); Pattern Jury Instructions for the First Circuit, Instruction No. 4.25 (noting that 1st Circuit requires proof of substantiality) (citing United States v. Sorrentino, 726 F.2d 876, 879, 880 n.1 (1st Cir. 1984).

**Instruction No. 16**
**"Willfulness" Defined**

The last element you must find beyond a reasonable doubt is whether the defendant acted willfully. The word "willfully," as used in this statute, means a voluntary, intentional violation of a known legal duty. In other words, the defendant must have acted voluntarily and intentionally and with the specific intent to do something he knew the law prohibited, that is to say, with intent either to disobey or to disregard the law.[16]

[16] See Pattern Jury Instructions: First Circuit, Criminal Cases,§ 4.25 (1998); United States v. Cheek, 495 U.S. 192, 201 (1991); see also United States v. Bishop, 412 U.S. 346, 358 (1973); United States v. Drape, 668F.2d 22, 26 (1st Cir. 1982)(noting that "willfully" retains identical definition throughout criminal tax code)

**Instruction No. 18**
**[IF APPROPRIATE]**
**Mistake and Good Faith Misunderstanding**

A defendant's conduct is not willful if he or she acted through mistake or due to a good faith misunderstanding of the law. Thus, if you find that defendant NEIL STIERHOFF had a good faith misunderstanding of the law or believed in good faith that he had done all that the law required, you may not find that he acted willfully and you must acquit him. A good faith belief is one which is honestly and genuinely held.

It is for you to decide whether defendant NEIL STIERHOFF acted in good faith. In making the determination, you are entitled to consider all of the evidence received in this case which bears on her state of mind. You may also consider the reasonableness of defendant NEIL STIERHOFF'S asserted beliefs in determining whether those beliefs were honestly or genuinely held. The reasonableness of a belief is a factor for you to consider in determining whether a defendant actually held a belief and acted upon it. The more farfetched a belief is, the less likely it is that a person actually held or would act upon that belief.

In considering a defendant's asserted good faith misunderstanding of the law, you must make your decision based upon what that defendant actually believed and not upon what you or someone else may believe or think that the defendant ought to

have believed. If you find that the defendant's beliefs were unreasonable, but held in good faith, you may not find her guilty simply because you think her beliefs were unreasonable.

It must be understood, however, that a defendant's disagreement with the law - no matter how earnestly held - does not constitute a defense of good faith misunderstanding or mistake to a charge of filing a false tax return. It is the duty of all citizens to obey the tax laws, whether they agree with them or not. Similarly, it is not a defense that a defendant thinks or is of the opinion that the tax laws are unconstitutional.[17]

[17] Adapted from 1A Federal Jury Practice and Instructions §19.06 (5th ed. 2000); United States v. Hilgeford, 7 F.3d 1340,1343, n.1 (7th Cir. 1993); United States v. Grunewald, 987 F.2d 531, 535-36 (8th Cir. 1993); Cheek v. United States, 498 U.S.192, 201 (1991).

**Instruction No. 19**
**What is Evidence; Inferences**

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.[18]

[18] Pattern Jury Instructions for the First Circuit, Instruction No. 3.04.

**Instruction No. 20**
**Kinds of Evidence: Direct and Circumstantial**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.[19]

[19] Pattern Jury Instructions for the First Circuit, Instruction No. 3.05.

**Instruction No. 21**
**Credibility of Witnesses**

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.[20]

---

[20] Pattern Jury Instructions for the First Circuit, Instruction No. 3.06.

**Instruction No. 22**
**What Is Not Evidence**

Certain things are not evidence. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5) The indictment is not evidence. This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. That indictment was returned by a grand jury, which heard only the government's side of the case. I caution you, as I have before, that the fact that this defendant has had an indictment filed against him/her is no evidence whatsoever of

his/her guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.[21]

[21] Pattern Jury Instructions for the First Circuit, Instruction No. 3.08.

**Instruction No. 23**
**"Willfulness;" Proof**

As I mentioned, the government must prove willfulness as an element of charge. Willfulness ordinarily may not be proved directly, because there is no way of knowing the inner workings of the defendant's mind. But you may infer the willfulness or intent of a defendant from the surrounding circumstances. The government is not required to prove defendant NEIL STIERHOFF'S state of mind with direct evidence. The government may prove defendant NEIL STIERHOFF'S willfulness or intent with circumstantial evidence alone. In making your determination with respect to willfulness, you may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

Willfulness may be inferred from any conduct the likely effect of which would be to mislead or to conceal. For instance, it may be inferred from conduct such as concealment of assets, covering up sources of income, or the handling of one's affairs to avoid making the records usual in transactions of the kind. I give you these instances simply to illustrate the type of conduct which you may consider in determining the issue of willfulness. I do not by this instruction mean to imply that defendant NEIL STIERHOFF engaged in any such conduct. It is for you as the trier of fact to make that determination, and to determine whether or not the defendant acted willfully.

Finally, you are instructed that although the government

must prove that the defendant acted willfully, the government is not required to prove that the defendant acted with a bad purpose or evil motive. This is because intent and motive are different concepts that should never be confused. Motive is what prompts a person to act or fail to act. Intent refers only to the state of mind with which the act is done.[22]

[22] Adapted from: Pattern Criminal Jury Instructions for the First Circuit, Instruction 4.27, 4.25; 2B Federal Jury Practice and Instructions §67.20 (5th ed. 2000); Cheek v. United States, 498 U.S. 192 (1991); United States v. Conforte, 624 F.2d 869, 875(9th Cir.), cert. denied, 449 U.S. 1012 (1980); United States v. Walker, 896 F.2d 295, 297-98 (8th Cir. 1990); United States v.Pomponio, 429 U.S. 10, 12 (1976); United States v. Powell, 955F.2d 1206, 1210 (9th Cir. 1992).

**Instruction No. 24**
**Statements by Defendant**

You have heard evidence that NEIL STIERHOFF made statements, orally and in writing, in which the government claims he admitted certain facts.

It is for you to decide (1) whether NEIL STIERHOFF made the statements and (2) if so, how much weight to give them. In making those decisions, you should consider all of the evidence about the statements, including the circumstances under which the statements may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statements.[23]

[23] Pattern Jury Instructions for the First Circuit, Instruction No. 2.10.

**Instruction No. 25**
**Bank Deposits Method of Proof**

In this case, the government relies, in part, upon the so-called "bank deposits method" of proving NEIL STIERHOFF'S unreported gross sales and net income. This method of proof proceeds on the theory that if a taxpayer is engaged in an income producing business or occupation and periodically deposits money in bank accounts in his name or under her control, an inference arises that such bank deposits represent taxable income unless it appears that the deposits represented redeposits or transfers of funds between accounts, or that the deposits came from nontaxable sources such as gifts, inheritances or loans.

Accordingly, you may infer that all deposits into NEIL STIERHOFF'S bank accounts, including transfers into his PayPal account, concerning which you have heard evidence, represent gross sales to Mr. Stierhoff as the government asserts if you find:

First: That, during the tax years in question, NEIL STIERHOFF was engaged in an income producing business or calling;

Second: That he made regular deposits of funds from that business or calling into the bank accounts at issue; and

Third: That an adequate and full investigation of those accounts was conducted in order to distinguish

between income and non-income deposits.[24]

[24] United States v. Morse, 491 F.2d 149 (1st Cir. 1974); Eleventh Circuit Pattern Jury Instructions, Criminal Cases, No.

**Instruction No. 26**
**Punishment**

The question of possible punishment of a defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively with the Court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of the evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict in any way, or, in any sense, enter into your deliberations.[25]

[25] 1 L.B. Sand et al., Modern Federal Jury Instructions, Instruction No. 9-1 (1993).

**Instruction No. 27**
**[IF NECESSARY]**
**Weighing the Testimony of an Expert Witness**

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.[26]

---

[26] Pattern Jury Instructions for the First Circuit, Instruction No. 2.10.

**Instruction No. 28**
**Charts and Summaries - Not Admitted Into Evidence**

Charts or summaries have been prepared by the government and were shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, and other documents which are in evidence in the case. Such charts or summaries are not evidence in this trial or proof of any fact. If you find that these charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard the charts or summaries.

In other words, such charts or summaries are used only as a matter of convenience for you and to the extent that you find they are not, in truth, summaries of facts or figures shown by the evidence in the case, you can disregard them entirely.[27]

[27] 1A Federal Jury Practice and Instructions § 14.02 (5th ed.2000).

**Instruction No. 29**
**Charts and Summaries - Admitted Into Evidence**

Charts or summaries have been prepared by the government, have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are also evidence in the case. You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.[28]

[28] 1A Federal Jury Practice and Instructions § 14.02 (5th ed.2000).

**Instruction No. 30**
**Interviews by Government Attorneys**

During the trial, you have heard testimony that government prosecutors or federal law enforcement agents have interviewed or attempted to interview witnesses who testified on behalf of the United States to prepare for trial. No adverse inference should be drawn from that conduct. Indeed, the United States Attorney, his assistants, and federal law enforcement officers had a right, duty, and obligation to conduct, and attempt to conduct, those interviews, and prepare this case as thoroughly as possible, and they might have been derelict and careless in the performance of their duties if they had not questioned the witnesses as the investigation progressed and during their preparation for this trial.[29]

[29] United States v. Alford, Crim. No. 03-153 (D.N.J. 1979).

**Instruction No. 31**
**Definition of "Knowingly"**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.[30]

[30] Pattern Jury Instructions for the First Circuit, Instruction No. 2.13.

**Instruction No. 32**
**Foreperson's Role; Unanimity**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous.[31]

[31] Pattern Jury Instructions for the First Circuit, Instruction No. 6.01.

**Instruction No. 33**
**Consideration of Evidence**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be-that is entirely for you to decide.[32]

[32] Pattern Jury Instructions for the First Circuit, Instruction No. 6.02.

**Instruction No. 34**
**Reaching Agreement**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to

reach a verdict.[33]

[33] Pattern Jury Instructions for the First Circuit, Instruction No. 6.03.

**Instruction No. 35**
**Return of Verdict Form**

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

[Read Form]

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.[34]

[34] Pattern Jury Instructions for the First Circuit, Instruction No. 6.04.

**Instruction No. 36**
**Communication with the Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone-including me-how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.[35]

---

[35] Pattern Jury Instructions for the First Circuit, Instruction No. 6.05.

**Instruction No. 37**
**[THE FOLLOWING INSTRUCTIONS:**
**IF NECESSARY, EITHER DURING TRIAL OR PART OF FINAL INSTRUCTIONS]**
**Stipulations**

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.[36]

[36] Pattern Jury Instructions for the First Circuit, Instruction No. 2.01.

**Instruction No. 38**
**Impeachment by Prior Inconsistent Statement**

You have heard evidence that before testifying at this trial, [witness] made a statement concerning the same subject matter as his/her testimony in this trial. You may consider that earlier statement to help you decide how much of [witness's] testimony to believe. If you find that the prior statement was not consistent with [witness's] testimony at this trial, then you should decide whether that affects the believability of [witness's] testimony at this trial.

**Instruction No. 39**
**Impeachment of Witness Testimony by Prior Conviction**

You have heard evidence that [witness] has been convicted of a crime. You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give to that witness's testimony.[37]

[37] Pattern Jury Instructions for the First Circuit, Instruction No. 2.03.

**Instruction No. 40**
**Evidence of Defendant's Prior Similar Acts**

You have heard [will hear] evidence that NEIL STIERHOFF previously committed acts similar to those charged in this case. You may not use this evidence to infer that, because of her character, defendant carried out the acts charged in this case. You may consider this evidence only for the limited purpose of deciding:

(1) Whether NEIL STIERHOFF had the state of mind or intent necessary to commit the crime charged in the indictment; or

(2) Whether NEIL STIERHOFF had a motive or the opportunity to commit the acts charged in the indictment; or

(3) Whether NEIL STIERHOFF acted according to a plan or in preparation for commission of a crime; or

(4) Whether NEIL STIERHOFF committed the acts he is on trial for by accident or mistake.

Remember, this is the only purpose for which you may consider evidence of NEIL STIERHOFF prior similar acts. Even if you find that defendant may have committed similar acts in the past, this is not to be considered as evidence of character to support an inference that defendant committed the acts charged in this case.[38]

---

[38] Pattern Jury Instructions for the First Circuit, Instruction No. 2.05.

**Instruction No. 41**
**Use of Tapes and Transcripts**

At this time you are going hear conversations that were recorded. This is proper evidence for you to consider. In order to help you, I am going to allow you to have a transcript to read along as the tape is played. The transcript is merely to help you understand what is said on the tape. If you believe at any point that the transcript says something different from what you hear on the tape, remember it is the tape that is the evidence, not the transcript. Any time there is a variation between the tape and the transcript, you must be guided solely by what you hear on the tape and not by what you see in the transcript.[39]

[39] Pattern Jury Instructions for the First Circuit, Instruction No. 2.08.

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, with the Clerk of Court using the CM/ECF system, a true and accurate copy of the within Government's Proposed Jury Instructions, which will in turn send notification to Alan S. Richey, Attorney at Law, asratty@gmail.com, and to Scott A. Lutes, Attorney at Law, scottluteslaw@yahoo.com, and by regular mail, postage prepaid to Alan S. Richey, P.O. Box 1505, Port Haddock, Washington 98339 and to Scott A. Lutes, One Turks Head Place, Suite 1440, Providence, Rhode Island 02903.

/s/Thomas G. Voracek
Thomas G. Voracek