UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 1:06cr42ML |
| Plaintiff, | ) | |
| v. | ) | DEFENDANT'S PROPOSED JURY |
| | ) | INSTRUCTIONS |
| NEIL STIERHOFF, | ) | |
| Defendant. | ) | |

TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

Pursuant to Fed.R.Cr.Pro. 30, Defendant hereby requests that the Court charge the jury in this case in accordance with its standard general instructions concerning burden of proof and others normally given in a criminal trial, and further requests the following special instructions. Defendant reserves the right to make any changes to these instructions, request further instructions, and object to general instructions in light of any evidence, discussions or court rulings that would affect the Defendant's right to a jury trial or for any other matter. Defendant may also request instructions based on incorrect statements of the law by officers or agents of the Internal Revenue Service.

Dated this 11th day of June, 2007.

_/s/ Scott A. Lutes_______________________
Scott A. Lutes
Counsel for Defendant
One Turks Head Place, Suite 1440
Providence, RI 02903
Telephone: 861-1142
Fax: 861-1141
Email: scottluteslaw@yahoo.com

_/s/ Alan S. Richey
Alan Stuart Richey
Counsel for Defendant
WSBA #30578
P.O. Box 1505
Port Hadlock, Washington 98339
Telephone: (360) 437-4005
Email: asratty@gmail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I did electronically file the foregoing motion using the court's CM/ECF system which will send notice of the filing to the attorney of record for the plaintiff, Stephanie Browne, John Kane, and Thomas Voracek, and any other counsel of record through the CM/ECF system.

Dated this 11th day of June, 2007.

/s/ Alan S. Richey_
Alan S. Richey

DEFENDANT'S PROPOSED JURY INST. NO. 1

**Statutory Purpose**

It is not the object of the law to punish a person for a frank difference of opinion with regard to the income tax laws of the United States. These laws and regulations make up millions of words and tens of thousands of pages which makes them very complicated. Therefore, Congress softened the impact of the tax laws and made it a crime only if the person charged willfully takes affirmative acts with the specific intent to violate what the law requires and defeat either the assessment or payment of a tax deemed by law to be deficient.

*Cheek v. U.S.*, 498 U.S. 192, 199-200 (1991*)United States v. Murdock*, 290 U.S. 389 (1933)

DEFENDANT'S PROPOSED JURY INST. NO. 2

**Preliminary Statement of Crimes Charged in the Indictment**

The Defendant is charged with four counts of willfully evading the assessment or the payment of income tax for the years 1998 through 2001 as listed in the indictment. Each year constitutes a separate and distinct crime. Therefore, you must find each element of the crime was committed in each year separate and distinct from any other year.

DEFENDANT'S PROPOSED JURY INST. NO. 3

**Statutory Definition of 26 U.S.C. § 7201**

Section 7201 of the Internal Revenue Code specifically provides, "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution."

DEFENDANT'S PROPOSED JURY INST. NO. 4

**Elements of Section 7201**

In order for the government to prove the charges in Counts 1-4, the government must prove the following elements for each year.

First, a tax was imposed by a specific provision of the internal revenue code that made the Defendant liable;

Second, there existed a legal tax deficiency;

Third, a specific provision of the internal revenue code imposed on Defendant a legal duty with respect to a tax he was liable for;

Fourth, Defendant knew of this legal duty;

Fifth, Defendant committed an affirmative act to evade this legal duty to report (or pay) an income tax by Defendant;

Sixth, Defendant's act was willful.

The failure of the government to prove all of the above elements beyond a reasonable doubt means you must acquit the Defendants.

26 U.S.C § 7201; *Cheek v. U.S.,* 498 U.S. 192, 201 (1991); *Sansone v. United States*, 380 U.S. 343, 351 (1965).

DEFENDANT'S PROPOSED JURY INST. NO. 5

**Legal Duty Defined**

A legal duty exists when a specific law specifically requires someone to perform an act or to refrain from acting. In order to show that a legal duty exists, the government must prove that a specific law exists which required the Defendant to either act or refrain from acting—thus imposing a legal duty upon the Defendant.

In this case, the government must prove that a specific law in the internal revenue code imposed a legal duty on Defendant to make a return and to pay an income tax. The legal duty does not arise from section 7201, the section Defendant is charged with violating, but some other specific section or regulation.

26 U.S.C § 7201; Bryan v. U.S., 524 U.S. 184, 194 (1998); Cheek v. U.S., 498 U.S. 192, 201 (1991); *United States v. Pesaturo*, 04-1285 (1st Cir.2-16-2007).

DEFENDANT'S PROPOSED JURY INST. NO. 6

**Tax Deficiency Defined**

The term "deficiency" is specifically defined by Congress as, "the amount by which the tax imposed by [the code] exceeds the excess of the sum of the amount shown as the tax by the taxpayer upon his return, if a return was filed by the taxpayer … plus the amounts previously assessed … as a deficiency, over—the amount of rebates." Therefore, there is a mathematical calculation which must be applied to compute the amount of the deficiency. That calculation requires first and foremost that there be "the tax imposed by [the code]" on Defendant. The Internal Revenue Service must follow the procedures in section 6211 et. seq. in order to determine a deficiency. Assessment is a legal procedure requiring either a taxpayer to self-assess or for the Internal Revenue Service to follow the assessment procedures; thus, the tax is not due and owing until a deficiency is lawfully established and notice and demand has been sent to the taxpayer. That tax imposed must exceed "the amount" reported, plus "the amounts previously assessed" over "the amount of rebates."

This amount of the tax deficiency must be substantial.

26 U.S.C. § 6211; *Sansone v. United States*, 380 U.S. 343, 351 (1965); *Lawn v. U.S.*, 355 U.S. 339, 361 (1958) and *Spies v. U.S.*, 317 U.S. 492, 495-96 (1943); *United States v. Sorrentino*, 726 F.2d 876, 879, 880 n.1 (1st Cir. 1984) First Circuit Pattern Instruction No. 4.25, Comment 3.

DEFENDANT'S PROPOSED JURY INST. NO. 7

**Affirmative Act Defined**

Defendant may not be convicted on the basis of a willful *omission* (non act) alone; he must have undertaken an affirmative act of evasion. A mere owing of a tax or willful failure to pay a tax is insufficient to constitute an affirmative act or establish a crime. If you determine that Defendant owed a tax or failed to pay income tax, but that the government failed to establish all other elements of the crime, you must return a verdict of "Not Guilty."

The affirmative act requirement may be met by the filing of a false or fraudulent tax return that substantially understates taxable income, or by other affirmative acts of concealment of taxable income such as keeping a double set of books, making false entries or invoices or documents, concealing assets, handling affairs so as to evade keeping records, and so forth. However, the act must have been done with the specific intent on the part of Defendant to evade the tax. The act must also have occurred on the specific date alleged in the indictment as to each count. You as a jury must unanimously decide on what the specific affirmative act was.

First Circuit Pattern Jury Instructions, No. 4.25 (MODIFIED), and Comment 2; *Sansone v. United States*, 380 U.S. 343, 351 (1965).

DEFENDANT'S PROPOSED JURY INST. NO. 8

**Willfulness Defined**

The general rule in this country is that ignorance of the law or a mistake of law is not a defense to a criminal prosecution. However, because of the passage of numerous tax statutes and regulations, it is difficult for the average citizen to know and understand the extent of the duties and obligations imposed by the tax and banking laws. Congress has made specific intent to violate the law an element of the offense in these charges. This special treatment of criminal tax offenses is due to the complexity of the tax laws.

Willfulness is an element of each of the charges contained in the indictment. The government, as to each count of the indictment, must prove that Defendant had actual knowledge of the specific provision of the tax code that he is charged with violating, that the law imposed a duty on Defendant, that Defendant knew of this duty, and that he voluntarily and intentionally violated that duty. To have acted willfully, Defendant must have had the specific intent to violate the law and actual knowledge that his conduct was illegal. This is a subjective standard: what did Defendant honestly believe, not what a reasonable person should have believed. It utilizes the mental state of the offender as a guide; thus negligence, even gross negligence, is not enough to meet the "willful" requirement. The term "willful" means a voluntary, deliberate and intentional act done in bad faith or with evil motive, intending to violate a known legal duty. The burden to prove Defendant's intent, as with all other elements of the crime, rests with the government.

Willfulness can never be present if there is a bona fide misunderstanding as to Defendant's liability for tax or his duty to report taxable income. Thus, if Defendant had

a good faith misunderstanding of the law or a good faith belief that he was not violating the law, you cannot find that Defendant acted willfully. Further, the law may not penalize frank differences of opinion or innocent errors made despite the exercise of reasonable care.

The question of whether Defendant acted "willfully" and whether Defendant had a good faith belief that he was not violating the tax laws is a question for you, the jury, to decide. The government must prove beyond a reasonable doubt that the Defendant did not have a good faith belief. If you have a reasonable doubt as to whether the government met this burden, you must find Defendant not guilty.

First Circuit Pattern Jury Instructions, No. 4.25 (MODIFIED), and Comment 4; *Bryan v. U.S.*, 524 U.S. 194, 191, 194 (1998); *Ratzlaf v. United States*, 510 U.S. 135, 136-139 (1994); *Cheek v. U.S.*, 498 U.S. 192, 200, 201 (1991); *United States v. Pomponio*, 429 U.S. 10, 12 (1976); *United States. v. Bishop*, 412 U.S. 346, 359, 360 (1973); *Spies v. U.S.*, 317 U.S. 492, 499 (1943); *United States v. Murdock*, 290 U.S. 389, 396 (1933); *Reynolds v. Hartford*, 435 F.3d 1081, 1098 (9th Cir.2006); *United States v. Hancock*, 231 F.3d 557, 562 (9th Cir.2000).

DEFENDANT'S PROPOSED JURY INST. NO. 9

**Knowledge Defined**

The word "knowingly" or "knowledge" as the terms are used in the indictment or in these instructions, means that EACH ACT ALLEGED was done voluntarily and intentionally TO VIOLATE THE LAW and not because of mistake or accident.

First Circuit pattern jury instruct No. 2.13 (MODIFIED).

DEFENDANT'S PROPOSED JURY INST. NO. 10

**Avoidance v. Evasion**

The legal avoidance of a tax is not a punishable offense. In our system, everyone has a right to avoid a tax or duty by remaining outside the requirements of the law that impose the tax or duty. A duty or tax imposed by a statute or law is only imposed on persons coming within the requirements of the law. It is not fraud or willfulness to do what one has a legal right to do, even if it deprives the government of revenue.

Evasion means that one knows he owes a tax or has a legal duty to report or make a return but willfully takes acts to elude the detection of the violation of the legal duty.

If you find that Defendant avoided a tax or a duty to report or make a return, then you must find him not guilty of the charges.

*U.S. v. Thompson/Center Arms Co.*, 504 U.S. 505, 518, fn. 4 (1992); *Gregory v. Helvering*, 293 U.S. 465 (1935).

DEFENDANT'S PROPOSED JURY INST. NO. 11

**Good Faith Defense**

The good faith of Defendant is a complete defense to the tax charge in all Counts of the indictment because good faith is simply inconsistent with willfully evading a known legal duty. While the term "good faith" has no precise definition, it means, among other things, an honest belief, a lack of malice, and the intent to perform all lawful obligations. A person who acts on a belief or on an opinion honestly held is not punishable under this statute merely because that honest belief turns out to be incorrect or wrong. The tax laws are subject to criminal punishment only those people who willfully violate a specific tax law.

The government has the burden of negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws. Carrying this burden requires negating a defendant's claim of ignorance of the law or a claim that, because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the **provisions of the tax laws**. This is so because one cannot be aware that the law imposes a duty upon him and yet be ignorant of it, misunderstand the law, or believe that the duty does not exist. A defendant has a valid good-faith defense whether or not the claimed belief or misunderstanding is objectively reasonable.

Defendant does not have to assert a good faith belief in order for him to maintain the presumption of innocence. If there is any reasonable doubt that Defendant did not have a good faith belief or if the evidence in the case leaves you with a reasonable doubt as to whether Defendant acted willfully in evading the assessment of an income tax, you must acquit him.

First Circuit Pattern Jury Instruct., No. 4.25 (MODIFIED), and Comment 5; *Cheek v. U.S.*, 498 U.S. 192, 201-02 (1991); *United States v. Aitken*, 755 F.2d 188, 190-92 (1st Cir. 1985).

DEFENDANT'S PROPOSED JURY INST. NO. 12

**Property Ownership**

You have heard testimony from the government's witnesses that deposits into certain accounts of Joseph Adams and were taxable income to Defendant. In order for the government to prove that the deposits were taxable income to Defendant, it must prove beyond a reasonable doubt under the law of Rhode Island that Defendant had an interest in that property. If the government failed to prove the requirements of the law of Rhode Island, then as a matter of law, you may not infer that Defendant had any interest in the property and it cannot be taxable income to Defendant.

*United States v. National Bank of Commerce*, 472 U.S. 713, 722-73 (1985); *Aquilino v. U.S.*, 363 U.S. 509, 512-513 (1960); *United States v. Murray*, 217 F.3d 46, 63 (1st Cir.2000); *Markham v. Fay,* 74 F.3d 1347, 1353 (1st Cir.1996); *Wolfe v. U.S., 806 F.2d 1410, 1411 (9th Cir.1986).*

DEFENDANT'S PROPOSED JURY INST. NO. 13

**Evidence Of Other Acts Of Defendant Or Acts And Statements Of Others**

You are here only to determine whether Defendant is guilty or not guilty of the charges in the Indictment. Your determination must be made only from the evidence in the case. Defendant is not on trial for any conduct or offense not charged in the Indictment. You should not consider evidence about the acts, statements, and intentions of others. You also may not consider evidence about other acts of the Defendants, unless they directly relate to the charges against Defendant.

DEFENDANT'S PROPOSED JURY INST. NO. 14

**Complete Defense**

A tax form is an information collection request from the government. The Paperwork Reduction Act protects any individual who "fails to comply with an information collection request" when the form fails to display a valid OMB control number," when it fails to have a paperwork reduction act notice on the form itself, and when the form itself fails to inform the individual what the government may do with the information. When a form does not comply with the Paperwork Reduction Act, an individual can help to control these outlaw forms by refusing to answer them.

The government must prove that whatever tax form it alleges the Defendant must have filed, the form itself complies with the PRA. A failure to do so is a complete defense to the charges. A complete defense means you must acquit the Defendant.

44 U.S.C. § 3512; *Dole v. United Steelworkers*, 494 U.S. 26, 32-33 (1990); *U.S. v. Neff*, 954 F.2d 698 (11th Cir. 1992); *United States v. Hicks*, 947 F.2d 1356, 1359-60 (9th Cir. 1991); *United States v. Wunder*, 919 F.2d 34, 38 (6th Cir. 1990).

The government has indicated that it will call Michael Pleshaw, an IRS revenue agent, as a summary witness. Defense objects to Mr. Pleshaw acting as a summary witness. First, Mr. Pleshaw has not indicated that he has reviewed or relied on any other witness' testimony. Second, Mr. Pleshaw may not assume the role of the factfinder or improperly attempt to point out what he believes was relevant testimony.[1]

[1] In July, 2006, Mr. Pleshaw testified for the government in *U.S. v. Griffin*, 1:05cr10175-WGY(D.C. Mass. 2005). In that case, Mr. Pleshaw acted as a summary witness for the government. However, during the course of the trial, Defense counsel noticed that Mr. Pleshaw often was dozing off or otherwise not paying attention. During his testimony, Mr. Pleshaw "conveniently" did not recall specific testimony given, even though he would inform the jury of "specific" testimony some witnesses had given, all according to his "convenient" recollection of testimony either he paid attention to or had been brought to his attention. Thus, he improperly pointed out to the jury what he thought was relevant and important testimony for the government. This, of course, was precisely what the government wanted, a chance for one of their witnesses to conveniently summarize the testimony for them, in essence an additional closing argument, as to what testimony the jury should believe and why it is relevant or not relevant. This is highly and unduly prejudicial to the defendant, and such should not be permitted in this Court.