UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | No. 1:06cr42ML |
| v. | ) | REVISED REPLY IN SUPPORT OF MOTION TO DISMISS THE INDICTMENT |
| NEIL STIERHOFF, Defendant. | ) | |

COMES NOW the Defendant, by and through his counsel of record, and submits this revised reply to the U.S.' Objection to Defendant's Motion to Dismiss the Indictment. ("Response" Doc. 89). The revision is necessary due to errors found in the Reply Brief (Doc. 90). For the reasons stated herein, the motion should be granted because the government has ignored clear precedent cases while mis-citing other cases.

Any failure by Defendant to address an error by the U.S. shall not be deemed any admission or concession on the part of the Defendant for any purpose. Unfortunately, this reply is necessarily lengthy due to the mis-citings of the government as well as ignoring precedent cases, which must be placed squarely before this Court.

Respectfully submitted this 19th day of June, 2007.

_/s/ Scott A. Lutes_______________________
Scott A. Lutes
Counsel for Neil Stierhoff
One Turks Head Place, Suite 1440
Providence, RI 02903
Telephone: 861-1142
Fax: 861-1141
Email: scottluteslaw@yahoo.com

_/s/ Alan S. Richey_______________________
Alan Stuart Richey
Counsel for Neil Stierhoff
P.O. Box 1505, Port Hadlock, Washington 98339
Telephone: 360 437-4005
Email: asratty@gmail.com

# MEMORANDUM

The United States objects to Defendant's Motion to Dismiss the Indictment ("Motion" Doc. 88) for a few reasons. First, the U.S. argues that answers to a Motion for a Bill of Particulars makes up for inadequacies of the indictment, and that the U.S.' theories can substitute for what the grand jury should have found. Second, the U.S. argues that there is no law that requires that Defendant be informed of what legal duty he allegedly violated and what statute imposed said duty. Third, the U.S. argues that the indictment need not actually allege the elements of the charge. The government is clearly wrong in its arguments.

## A. A Bill of Particulars May Not Substitute For a Deficient Indictment.

The U.S. argues that answers to a motion for a bill of particulars can make up for any inadequacies of the indictment. The government cites this Court's verbal order on December 12, 2006, denying Defendant's Motion for a Bill of Particulars (Doc. 40), wherein this Court found,

> The Government here has today actually answered two of the questions with respect to what its theory of the case is and what kind of a return they're talking about. They're talking about personal income tax returns, and their theory of the case is that the Defendant engaged in this behavior to evade the assessment of the tax. The allegation is he didn't file a return. (Response, 4)

As Defendant raised but the U.S. failed to address, the Supreme Court has ruled, "it is a settled rule that a bill of particulars cannot save an invalid indictment." *Russell,* 369 U.S. 749, 770 (1962). Apparently the U.S. believes that the Supreme Court rules must be irrelevant and can be overridden or disregarded by this Court. The U.S. wants to decide the theories and charges rather than have a grand jury return such, again

contrary to the Constitution as interpreted by the Supreme Court.

**B. Did the Grand Jury Charge Evasion of Assessment Or Evasion of Payment**

Because the indictment is silent as to the theory of the case—evasion of assessment or evasion of payment, the foundation for the theory of the case was neither provided to nor found by the grand jury. This Court's finding as cited above is not substantiated in the indictment. The indictment begins with alleging that Defendant has "taxable income," which is a conclusion, but does not discuss how it arrived at that conclusion. The government admits, "The defendant also contends that the Indictment must be dismissed because it did not specify whether the defendant was charged with evasion of assessment or payment." (Response, 8) The government then cites to the First Circuit and acknowledges that a defendant must "be charged with a 'willful attempt to evade or defeat' either the 'assessment' of a tax or the 'payment' of a tax." (Response, 8; citing *U.S. v. Hogan*, 861 F.2d 312, 315 (1st Cir.1988).) The government then acknowledges that it, not the grand jury, is alleging which crime; "the government has acknowledged that it will proceed on an evasion of assessment theory." (Response, 8) This is contrary to the grand jury's allegation, "by failing to pay the Internal Revenue Service said income tax." (Indictment at 1). Neither the government nor this Court can say, based on that phrase, that the grand jury was not proceeding under the theory of evasion of payment. If this Court allows the government to decide the theory of the crime, something not found by the grand jury, it is allowing the government to violate the Constitution while turning a blind eye and ignoring the grand jury, all in derogation of Defendant's rights; thus substantially and unfairly prejudicing him.

**C. What law imposes the alleged legal duties?**

It appears from the indictment that there are two legal duties: the duty to file an income tax return and the duty to pay an income tax. There is no dispute that the government must prove that these are known legal duties: ie., known to Defendant and found by the grand jury.

**1. What law imposes the legal duty to file an income tax return as charged?**

Further, the indictment is silent as to what type of income tax return is "required by law." (Indictment at 1) This Court erroneously found, "They're talking about personal income tax returns." This is error, because the government cites to the internal revenue code, I.R.C. § 6012, (Response, 7), which applies a requirement to file a tax return on "every individual" with gross taxable income, whereas the Form 1040 is titled "U.S. Individual Income Tax Return."[1] Inasmuch as legal words are terms of art cite, "individual" is not the same as "personal." Further, Congress specifically said "U.S. individual," which further narrows those subject to such as opposed to the general term "individual." However, section 6012 is constitutionally vague and ambiguous, as it fails to identify what return is required, when it must be made, who must make it, and where it must be filed. Yet, the grand jury charged, "by failing to make an income tax return on or before April 17, 2000, **as required by law**, to any proper officer of the Internal Revenue Service." (Indictment at 1).Certainly, the charges found by the grand jury "as

[1] The indictment does not even allege "U.S. Individual Income Tax Return" per the Form 1040 nor an individual return as I.R.C. § 6012 specifically states, rather it uses the more general term of "income tax return." (Indictment at 1). There is certainly a difference between a general term and a specific term, and the indictment is far too general to sufficiently apprise Defendant.

required by law" are not found in section 6012, as those specifics are not in that section.

The government errs by citing the *Vroman* case to support their contention that I.R.C. § 6012 imposes a duty to file a tax return. (Response, 7, citing *U.S. v. Vroman,* 975 F.2d 669, 670 (9th Cir.1992).) The government, rather mistakenly and in an apparent attempt to mislead this Court, appeals to *U.S. v. Vroman*, 975 F.2d 669 (9th Cir.1992), which is not applicable in this case. Although Vroman was charged with violating both sections 7201 and 7203, that court only evaluated the indictment under the 7203 charge. *Id.* at 671. Section 7203 is willful failure to file a tax return, with section 6012 allegedly imposing the duty to file the tax return. *Id.* The government has not cited any First Circuit case for their proposition, and in fact the circuits disagree as from where such a duty arises.

The Ninth Circuit in *Vroman* made neither an authoritative analysis nor a statutory interpretation, rather it merely cited *United States v. Kahl*, 583 F.2d 1351, 1355 (5th Cir.1978). The *Kahl* court made no analysis either, merely stating "26 U.S.C. § 6012, which requires that a return be filed." *Id.* The Sixth Circuit cited both 26 U.S.C. §§ 6012 and 7203, finding, "the requirement to file a tax return is mandated by statute, not by regulation. Defendant was not convicted of violating a regulation but of violating a statute which required him to file an income tax return." *United States v. Wunder,* 919 F.2d 34, 38 (6th Cir.1990). The Eleventh Circuit, in merely citing the *Wunder* court without any analysis, found the duty came from section 6012(a). *United States v. Neff,* 954 F.2d 698, 699 (11th Cir.1992).

Other circuits do not agree that the duty arises from section 6012. The Fifth

Circuit stated the duty is a "statutory requirement," without further finding. *United States v. Kerwin,* 945 F.2d 92 (5th Cir.1991).[2] The Tenth Circuit found, "We would be inclined to follow…the obligation to file is a statutory one. However, we are not compelled to rest our opinion on the statutory origin theory." *United States v. Dawes,* 951 F.2d 1189, 1192 (10th Cir.1991).

The Seventh Circuit found, "Moreover, the tax code imposes a 'direct nonapportioned [income] tax'", and did so without any citation to a particular statute. *Sloan v. U.S.,* 939 F.2d 499, 501-503 (7th Cir.1991). However, that court found the Seventh Circuit generally "hold[s] that the Internal Revenue Code imposes a tax on all income." *Id.* at 500, citing *Coleman v. Commissioner*, 791 F.2d 68, 70 (7th Cir.1986) ("The code impose a tax on all income," citing 26 U.S.C. § 61) and citing *Lovell v. United States*, 755 F.2d 517, 519 (7th Cir.1984)("A return must be filed," citing 26 C.F.R. § 301.6402-3(a)(1).) But the Seventh Circuit has also found the duty arises from section 7203; "It was a federal statute—26 U.S.C. § 7203—not a regulation or an instruction book that required Salberg to file an income tax return." *Salberg v. U.S.,* 969 F.2d 379, 384 (7th Cir.1992). Thus, the Seventh Circuit is in conflict with itself as to one particular section, but did cite a regulation for the duty to file. However, this still does not relate to the actual charges in the instant case.

Of all of the circuits, it appears that only the Tenth Circuit is in agreement with the Supreme Court. The Supreme Court has repeatedly ruled, "It is useful to preface our analysis of the constitutional issue with a restatement of certain propositions that are not

---

[2] The *Kerwin* court did not acknowledge the *Kahl* decision.

in dispute." *United States v. Hubbell*, 530 U.S. 27, 34 (2000). The Court then listed some undisputed propositions, one of which was, "the fact that incriminating evidence may be the by product of obedience to **a regulatory requirement, such as filing an income tax return**." *Id.* at 35, (emphasis added), *citing United States v. Sullivan*, 274 U.S. 259 (1927). More than 60 years ago the Supreme Court found, "Congress has given discretion to the Commissioner to prescribe by regulation forms of returns and has made it the duty of the taxpayer to comply." *Commissioner Internal Revenue v. Lane-Wells Co.*, 321 U.S. 219, 223 (1944)(emphasis added). *See also Dole v. United Steelworkers*, 494 U.S. 26, 33 (1990). The Commissioner of the Internal Revenue Service has published in the Form 1040 instruction booklet that the duty arises from the code and their regulations; "Our legal right to ask for information is Internal Revenue Code sections 6001, 6011[3], 6012(a), and their regulations." *See* Form 1040 Instruction Booklet, p. 80, (2006). The government again ignores not only the Supreme Court (as it ignores *Cheek* and *Bryan*), but it also ignores the Commissioner of the IRS.

Moreover, section 6012 was not violated; otherwise, the grand jury would have alleged defendant "violated" section 6012; instead it only charged a violation of section 7201. For purpose of criminal notice, section 6012 is about as vague and ambiguous as

---

[3] § 6011. General requirement of return, statement, or list
(a) **General rule** When required by regulations prescribed by the Secretary any person made liable for any tax imposed by this title, or with respect to the collection thereof, ***shall make a return or statement according to the forms and regulations prescribed by the Secretary.*** Every person required to make a return or statement shall include therein the information required by such forms or regulations.
(b) **Identification of taxpayer** The Secretary is authorized to require such information with respect to persons subject to the taxes imposed by chapter 21 or chapter 24 as is necessary or helpful in securing proper identification of such persons.

a statute could be, inasmuch as it identifies no form, no amount, no date, no place of filing, no notice, and provides no direction to where any of these basic tenants can be found. This is likely why the Circuits cannot agree on what triggers the requirement to file a form. This demonstrates why Congress provided the exception as found in *Cheek* and *Ratzlaf*, on the basis that the "proliferation of statutes and regulations has sometimes made it difficult for the average citizen to know and comprehend the extent of the duties and obligations imposed by the tax laws. Congress has accordingly softened the impact of the common law presumption ***by making specific intent to violate the law an element of certain federal criminal tax offenses***." *Cheek*, 498 U.S. at 199-200 (emphasis added).

Because the Supreme Court says it is a regulatory requirement that imposes the duty to file an income tax return, the Commissioner of the IRS says it is statutes and regulations, and the Circuits are in disarray, Defendant does not know what "theory" he must defend against or even have knowledge of. It is this "proliferation of statutes and regulations" that has made the tax law NOT "definite and knowable." The government's alleging of section 6012 is not helpful in light of the Supreme Court and Commissioner's findings. Further, section 6012 neither mentions the manner in which any information is to be transmitted, either by form or otherwise, and specifically does not identify the "exemption" amount that triggers the filing of a return. Because of the many theories that exist, and in order to avoid surprise and undue prejudice at trial, Defendant needs to know what statutes and regulations impose the duty to make and file a "return" (Form 1040?), how the "return" is to be made (what "forms of returns"), or supply any

information to the IRS, and most importantly what he was supposed to have knowledge of. Law by implication is a nullity.[4] "Congress did not intend that a person, by reason of a bona fide misunderstanding as to his liability for the tax, as to his duty to make a return, or as the adequacy of the records he maintained, should become a criminal by his mere failure to measure up to the prescribed standard of conduct." *U.S. v. Murdock*, 290 U.S. 389, 396 (1933). The indictment fails to apprise Defendant of these crucial things, and what the alleged theory is, thus requiring dismissal of the indictment.

**2. What law imposes the legal duty to pay an income tax as charged?**

The government admits that section 7201 requires that the tax be "imposed by this title" (Response, 6), and that "Section 7201 does not impose a tax." (Response, 7) The government then claims, "Moreover, instead of merely reiterating the phrase 'tax imposed by this title', which provides very little information regarding the type of tax evaded, the Indictment in the present case clearly identifies the type of tax (Individual Income) for which the defendant is accused of evading." (Response, 6). This fails to allege if an income tax is imposed on Defendant "by this title" or even more specifically where in title 26 an "Individual Income" tax is imposed on Defendant. Is this a presumption that under the common law everyone knows? Or, as required in a tax case, is there a specific provision which imposes an individual income tax on Defendant, a provision which Defendant is supposed to be aware of? The government completely

---

[4] "[I]n statutes levying taxes the literal meaning of the words employed is most important, for such statutes are not to be extended by implication beyond the clear import of the language used. If the words are doubtful, the doubt must be resolved against the Government and in favor of the taxpayer." *United States v. Merriam,* 263 U.S. 179, 187-88 (1923).

ignored the precedent the First Circuit set when it ruled in a 7201 charge, "Section 4041 imposes the federal excise tax at the point of sale to consumers, requiring sellers to *collect* the tax in some circumstances and buyers to pay the tax directly to the government in others." *United States v. Pesaturo*, 476 F.3d 60, 66 (1st Cir.2007). Thus, the First Circuit has made clear that a specific section in the code must "impose the federal [income] tax." *Id.* Regulations may clarify the liability issue. *Id.* at 66-67.

The government also wants to prosecute this case under the general rule common law theory that Defendant knows what law imposes the duty. The Supreme Court said, "based on the notion that the law is definite and knowable, the common law presumed that every person knew the law. This common law rule has been applied by the Court in numerous cases construing criminal statutes." *Cheek*, 498 U.S. at 199. The Court went on to explain that the common law general rule does not apply in tax and banking cases; "Congress has accordingly softened the impact of the common law presumption by making specific intent to violate the law an element of certain federal criminal tax offenses." *Id.* at 200. This is due to the "proliferation of statutes and regulations." *Id.*

All of this shows how Defendant is not apprised sufficiently to defend at trial. It also clearly demonstrates, as the government admits, that he is "prejudiced by the omission" of specific citations to the internal revenue code (Response, 8). *See U.S. v. Bonallo,* 858 f.2d 1427, 1431 (9th Cir.1988) (the failure to cite a statute must "not mislead the defendant to his prejudice"). Since the government does not know the provisions imposing an individual income tax nor what provision (statute and/or regulation) imposes on him the duty to make a U.S. Individual Income Tax Return and pay said individual

income tax, the omission of such clearly prejudices Defendant, as he cannot defend against these "common law duties" in a criminal tax case. "Congress did not intend that a person, by reason of a bona fide misunderstanding as to his liability for the tax, as to his duty to make a return, or as the adequacy of the records he maintained, should become a criminal by his mere failure to measure up to the prescribed standard of conduct." *U.S. v. Murdock*, 290 U.S. 389, 396 (1933).

**D. The Indictment Does Not Adequately Charge Willfulness**

Under the element of willfulness, the government did not contest that the Ninth Circuit has ruled, "the Supreme Court read the **element of 'actual knowledge of the law'** into complex statutes that punished 'willful' failures to perform statutory duties." *United States v. Hancock*, 231 F.3d 557, 562 (9th Cir.2000)(emphasis added), *citing Bryan v. United States*, 524 U.S. 184, 192 (1998); *Ratzlaf v. United States*, 510 U.S. 135, 149 (1994); and *Cheek*, 498 U.S. 192, 201(1991). In order to prove "willful violations of the tax laws, we have concluded that the jury must find that the Defendant was aware of the ***specific provision of the tax code*** that he is charged with violating." *Bryan*, 524 U.S. at 191, 194, citing *Cheek,* 498 U.S. at 201(emphasis added).

Based on those two holdings alone, it is clear that the indictment alleges neither the "element of 'actual knowledge of the law'" nor "the specific provision of the tax code." Thus, the indictment is deficient and fails to sufficiently apprise Defendant, all to his prejudice. A significant reason why those specific things must be alleged is because section 7201 "utilizes the mental state of the offender as a guide in establishing the penalty." *U.S. v. Bishop*, 412 U.S. 346, 359 (1973). "The actor's mental state is

described both by the requirements that acts be done 'willfully' and by the designation of certain express elements of the offenses." *Id.*

Further, merely using the word "willful" in the indictment is insufficient to apprise Defendant against what he must defend. "The word 'willfully' is sometimes said to be 'a word of many meanings' whose construction is often dependent on the context in which it appears." *Bryan*, 524 U.S. at 191, citing *Spies v. U.S.*, 317 U.S. 492, 497 (1943). The government failed to address and completely ignored the Supreme Court's ruling in *Cheek* that in order to prove willfulness, it must prove "specific intent to violate the law," *Cheek,* at 200; and "the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *Id.* at 201. Thus, the general term of willfulness is wholly insufficient to sufficiently apprise what Defendant must know and the grand jury alleged to allow him to prepare a defense. *See Cruikshank*, 92 U.S. 749, 558, 765 (1962) (it must not use the general term but state the particulars); *Russell,* 369 U.S. 749, 765 (1962) (an indictment charging in general language is "defective" when it is "not framed to apprise the defendant 'with reasonable certainty, of the nature of the accusation against him."). The indictment must therefore be dismissed because it only uses the general term "willful" but does not charge the specific meanings it requires in a tax case.

**E. The Indictment Fails To Allege The Element Of Tax Deficiency.**

The government admits that an essential element is tax deficiency (Response, 9), but then fails to allege how the indictment alleges that element, thus admitting that the indictment fails to allege such. Because tax deficiency is an essential element, and

because the indictment fails to allege there was a tax deficiency, the indictment is constitutionally defective and must be dismissed.

The government erroneously misleads this Court and mis-cites a Sixth Circuit case, which is not binding authority on this Court, for the proposition that "a tax deficiency arises by operation of law on the date that the return is due **if** the taxpayer fails to file a tax return **and** the government can show a tax liability." (Response, 9-10; citing *United States v. Daniel*, 956 F.2d 540, 542 (6th Cir.1992).) The government mis-cited *Daniel*, for that court found, "Thus, when Daniel failed to file his federal income tax return, **and the government determined his tax liability**, **a tax deficiency arose** by operation of law, fulfilling the tax deficiency element of section 7201." *Id.* at 542 (emphasis added).[5] It is clear that even from the *Daniel* case, the government must determine what the tax liability is, which is not alleged in the indictment. Further, the government's reliance on *Daniel* is misplaced, and what is binding authority on this Court and on the government is the Constitution, the laws passed and treaties approved by Congress, and the decisions of the Supreme Court.

---

[5] *See also United States v. Wright*, 211 F.3d 233, 236 (5th Cir.2000)(government must prove a tax deficiency by a return signed by taxpayer or valid assessment by IRS); *United States v. England,* 347 F.2d 425, 430 (7th Cir.1965)("There is no doubt that a valid assessment, and proof thereof, was an essential element of the case", and this "was admitted by the government."). *But see United States v. Voorhies*, 658 F.2d 710, 714 (9th Cir.1981)(in an evasion of assessment case, an assessment would not have been done, but "a tax deficiency exists from the date a return is due to be filed); *and see United States v. Dack*, 797 F.2d 1172, 1174 (7th Cir.1984) ("When, as here, the taxpayer fails to file a return, and the government can show a tax liability **pursuant to the provisions of the tax code**, then a tax deficiency within the meaning of section 7201 is deemed to arise by operation of the law on the date the return is due.").
Because the grand jury never found whether the case is evasion of assessment or evasion of payment, Defendant is challenging the indictment on both theories.

When the Supreme Court set forth the element of "the existence of a tax deficiency," *see Sansone*, at 351, it specifically cited two cases, *Lawn v. U.S.*, 355 U.S. 339, 361 (1958) and *Spies v. U.S.*, 317 U.S. 492, 496 (1943). The Court in *Lawn* found, "While, of course, a conviction upon a charge of attempting to evade assessment of income taxes by the filing of a fraudulent return cannot stand in the absence of proof of a deficiency." *Id.* at 361. The Court in *Spies*, which was evasion of payment, reviewed the series of penalties from civil to criminal, but particularly cited to the Code defining "deficiency." *Id.* at 495. The term "deficiency" is specifically defined by Congress in 26 U.S.C. § 6211 as, "the amount by which the tax imposed by [the code] exceeds the excess of the sum of the amount shown as the tax by the taxpayer upon his return, if a return was filed by the taxpayer … plus the amounts previously assessed … as a deficiency, over—the amount of rebates." 26 U.S.C. § 6211. It is clear by Congress' definition that there is a determination made through mathematical calculation which must be applied to compute the amount of the deficiency. That calculation requires first and foremost that there be "the tax imposed by [the code]" which exceeds "the amount" reported, plus "the amounts previously assessed" over "the amount of rebates." *Id.* the government ignores the explicit wording of Congress "the amounts previously assessed." *Id.* The indictment does not allege that there are "amounts previously assessed." Alleging that there is "an income tax due and owing" (Indictment at 1) is not the same as alleging a "tax deficiency" as Congress intended. A tax due and owing only occurs in the code after a self-assessment or 10 days after a Notice and Demand is sent at the conclusion of the formal assessment process. A tax deficiency, as noted, is

not a tax owed. It is a step (and a required one at that) near the beginning of the assessment process. The tax is not due until the process is completed. Thus, the indictment is deficient as it does not allege the essential element of tax deficiency.

## CONCLUSION

Based on the foregoing, the government's mis-citing of cases, reliance on its own allegations, and ignorance of Congress, the Supreme Court and even the First Circuit demonstrate why the indictment fails to allege essential elements of the crime as required and why it should be dismissed with prejudice.

Respectfully submitted this 19th day of June, 2007.

/s/ Scott A. Lutes
Scott A. Lutes
Counsel for Neil Stierhoff
One Turks Head Place, Suite 1440
Providence, RI 02903
Telephone: 861-1142
Fax: 861-1141
Email: scottluteslaw@yahoo.com

/s/ Alan S. Richey
Alan Stuart Richey
Counsel for Neil Stierhoff
P.O. Box 1505, Port Hadlock, Washington 98339
Telephone: 360 437-4005
Email: asratty@gmail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I did electronically file the foregoing motion using the court's CM/ECF system which will send notice of the filing to the attorney of record for the plaintiff, Stephanie Browne, John Kane, and Thomas Voracek, and any other counsel of record through the CM/ECF system.

Dated this 19th day of June, 2007.

/s/ Alan S. Richey_
Alan S. Richey