UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v. CR No. 06-042-ML

NEIL STIERHOFF

# JURY INSTRUCTIONS

TABLE OF CONTENTS

1. INTRODUCTION . . . . . 1

2. EVIDENCE RECEIVED IN THIS CASE . . . . . 2

3. STIPULATIONS – DEFINED . . . . . 2

4. INFERENCES – DEFINED . . . . . 3

5. EVIDENCE – DIRECT AND CIRCUMSTANTIAL . . . . . 3

6. OBJECTIONS AND WEIGHT OF THE EVIDENCE . . . . . 3

7. JURY'S RECOLLECTION CONTROLS . . . . . 4

8. PRESUMPTION OF INNOCENCE . . . . . 4

9. BURDEN OF PROOF . . . . . 5

10. AN INDICTMENT . . . . . 6

11. CHARGES CONTAINED IN THE INDICTMENT . . . . . 6

12. COUNTS ONE THROUGH FOUR: TAX EVASION . . . . . 7

13. 26 U.S.C. § 7201 . . . . . 8

14. 26 U.S.C. § 7201 – ELEMENTS OF THE OFFENSE . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15. "SUBSTANTIAL" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

16. "ASSESSMENT" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

17. "WILLFULLY" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18. WILLFULNESS – PROOF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

19. "AFFIRMATIVE ACT" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

20. BANK DEPOSITS METHOD OF PROOF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

21. "KNOWINGLY" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

22. EXHIBITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

23. STATEMENTS BY DEFENDANT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

24. REMARKS OF COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

25. CONDUCT OF COURT AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

26. CHARTS AND SUMMARIES – ADMITTED INTO EVIDENCE . . . . . . . . . . . . . . . . 13

27. DEFENDANT'S RIGHT TO REMAIN SILENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

28. TESTIMONY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

29. UNANIMOUS VERDICT – JURY CONDUCT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

30. COMMUNICATIONS BETWEEN COURT AND JURY DURING DELIBERATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# PART I: GENERAL INSTRUCTIONS

## 1. INTRODUCTION

Members of the jury, we have now come to the end of this trial. This case, like all criminal cases, is a serious one. I say this because the defendant and the United States have a deep concern for your mature consideration of the evidence as presented and the law which I am about to give you.

Although you as the jury are the sole judges of the facts, you are duty bound to follow the law as I instruct you, and to apply that law to the facts as you find them to be from the evidence which has been presented during this trial. You are not to single out any one instruction as stating the law. Rather, you must consider these instructions in their entirety. You are not to be concerned with the wisdom of any rule of law, regardless of any opinion which you might have as to what the law ought to be. It would be a violation of your sworn duty to base your verdict upon any version of the law other than that which I am about to give to you.

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the indictment and the denial made by the "not guilty" plea of the defendant. You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. The accused and the government are entitled to an impartial consideration of all the evidence. Moreover, the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a

litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

## 2. EVIDENCE RECEIVED IN THIS CASE

For the purpose of determining whether or not the government has sustained its burden of proof, you must evaluate all of the evidence. The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been "stipulated," that is to say, agreed to.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court, as well as any testimony ordered stricken by the Court, must be entirely disregarded. Anything you may have seen or heard outside the courtroom is not proper evidence and must be entirely disregarded.

## 3. STIPULATIONS – DEFINED

Now, the evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You may give this evidence whatever weight you choose. You may recall that the government and the defendant have entered into four (4) stipulations in this case, these stipulations may be found at Exhibits 10, 11, 12, and 13.

## 4. INFERENCES – DEFINED

In determining whether the government has sustained its burden of proof, you are to consider only the evidence. But in your consideration of the evidence, you are not limited to the statements of witnesses, or solely to what you see and hear as the witnesses testify. You are permitted to draw, from the facts which you find have been proven, such reasonable inferences as seem justified in light of your experiences.

Inferences are simply deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in the case.

## 5. EVIDENCE – DIRECT AND CIRCUMSTANTIAL

As I explained to you at the very beginning of trial, there are, generally speaking, two types of evidence. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, which is a chain of circumstances pointing to certain facts.

The law makes no distinction at all between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. In determining whether the government has sustained its burden of proof you can and should weigh all the evidence, both direct and circumstantial.

## 6. OBJECTIONS AND WEIGHT OF THE EVIDENCE

The fact that the Court may have admitted evidence over objection should not influence you in determining the weight that you will give such evidence. Nor should statements made by counsel, either for or against the admission of offered evidence, influence your determination of

the weight that you will give the evidence if admitted. In other words, you should determine the weight that you will give such evidence on the basis of your own consideration of it and without regard to the statements of counsel concerning the admissibility of such evidence.

### 7. JURY'S RECOLLECTION CONTROLS

If any reference by the Court or by counsel to matters of evidence does not coincide with your own recollection, it is your recollection which should control during your deliberations.

### 8. PRESUMPTION OF INNOCENCE

In all criminal cases, there is a presumption of innocence. Every defendant under our system of law is presumed to be innocent of the accusation which is filed against him or her, and this presumption of innocence must remain with the defendant from the moment the charge is brought, throughout the trial, through the arguments of counsel, throughout the instructions of the Court, and throughout your deliberations when you retire to consider your verdict in the secrecy of the jury room.

The presumption of innocence remains unless and until you find that the defendant is guilty beyond a reasonable doubt of a charge as stated in the indictment. If you find, however, that the defendant is guilty beyond a reasonable doubt of each and every element of a crime with which he is charged, the presumption of innocence disappears and is of no further avail to him.

## 9. BURDEN OF PROOF

In criminal cases, the law places the burden of proof upon the government. The government has the burden of proving each and every element of the offense as charged beyond a reasonable doubt.

What is meant by the term "beyond a reasonable doubt?" Obviously, the obligation resting upon the government to prove a defendant's guilt beyond a reasonable doubt does not mean that it must do so beyond all conceivable doubts. Nor does it require the government to prove a defendant's guilt to a mathematical or scientific certainty. Reasonable doubt means that the government must adduce evidence which, on examination, is found to be so convincing and compelling as to leave in your minds no reasonable doubt about the defendant's guilt. We know from experience what a doubt is, just as we know when something is reasonable or unreasonable. Reasonable doubt by definition means a doubt founded upon reason and not speculation, that is, a doubt for which you can give some sound reason.

If, therefore, after reviewing all of the evidence, there remains in your mind a doubt about the defendant's guilt, and this doubt appears in the light of the evidence to be reasonable, your duty is to find the defendant not guilty. If, however, at the end of your deliberations, you are convinced by the evidence beyond a reasonable doubt that the defendant is guilty, your duty would be to return a verdict against him.

## PART II: THE OFFENSES CHARGED

### 10. AN INDICTMENT

As you know, this is a criminal trial upon an indictment returned by a federal grand jury for the District of Rhode Island against the defendant, Neil Stierhoff.

An indictment is nothing more than an accusation. It is a piece of paper filed with the Court to bring a criminal charge against a defendant. Here, the defendant has pled not guilty and has put in issue the charges alleged in the indictment. The government therefore has the burden of proving the allegations made against the defendant.

The fact that an indictment has been filed in this case does not give rise to a presumption of guilt. It does not even lead to an inference of guilt. The indictment simply brings this matter before you for determination. Beyond that, it has no significance whatsoever.

### 11. CHARGES CONTAINED IN THE INDICTMENT

The indictment in this case contains four (4) counts or "charges." You should consider each charge and the evidence pertaining to it separately. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to the other offenses charged.

12. COUNTS ONE THROUGH FOUR: TAX EVASION

Counts One through Four of the indictment charge the defendant with willfully attempting to evade and defeat the assessment of his federal income taxes for the calendar years 1999, 2000, 2001, and 2002, in violation of title 26, section 7201 of the United States Code, by failing to make an income tax return as required by law, and by committing the following acts: conducting business under the name of Joseph Adams, using a post office box in the name of Universal Audio to receive business receipts, utilizing a bank account in the name of Joseph Adams in order to deposit his business receipts, and using extensive cash.

Count One: charges that during the calendar year 1999, the defendant had and received taxable income in the sum of approximately $193,246, upon which the defendant had a substantial tax due and owing.

Count Two: charges that during the calendar year 2000, the defendant had and received taxable income in the sum of approximately $422,620, upon which the defendant had a substantial tax due and owing.

Count Three: charges that during the calendar year 2001, the defendant had and received taxable income in the sum of approximately $345,967, upon which the defendant had a substantial tax due and owing.

Count Four: charges that during the calendar year 2002, the defendant had and received taxable income in the sum of approximately $145,006, upon which the defendant had a substantial tax due and owing.

13. 26 U.S.C. § 7201

In Counts One through Four, the defendant is charged with violating title 26, section 7201 of the United States Code, which provides, in part, that "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall" be guilty of an offense against the laws of the United States.

14. 26 U.S.C. § 7201 – ELEMENTS OF THE OFFENSE

As to each of the offenses charged in Counts One through Four of the indictment, the government must prove three (3) essential elements beyond a reasonable doubt in order to sustain its burden of proof:

One: that the defendant had a substantial tax due and owing;

Two: that the defendant willfully attempted to evade or defeat the assessment of this tax; and

Three: that the defendant committed an affirmative act in furtherance of this willful attempt to evade or defeat the assessment of the tax.

15. "SUBSTANTIAL" – DEFINED

Whether the tax due and owing by the defendant is in fact substantial is a decision for you to make. The word "substantial," as applicable here, is necessarily a relative term and not susceptible to an exact meaning. The government, however, need not prove the precise amount of tax due and owing, only that the amount was substantial.

## 16. "ASSESSMENT" – DEFINED

The term "Assessment" means the determination of a person's federal income tax liability.

## 17. "WILLFULLY" – DEFINED

The term "willfully" means a voluntary, intentional violation of a known legal duty. In other words, the government must prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty.

If the defendant acted in good faith, however, he did not act willfully. In other words, if the defendant had a good faith misunderstanding of the law or believed in good faith that he had done all that the law required, you may not find that he acted willfully and you must find him not guilty. A good faith belief is one which is honestly and genuinely held. The burden to prove the defendant's state of mind, as with all other elements of the crime, rests with the government. This is a subjective standard: what did the defendant actually believe, not what a reasonable person should have believed. You may consider the reasonableness of that belief, however, in deciding whether the defendant actually held the belief. Innocent mistakes caused by the complexity of the Internal Revenue Code or negligence, even gross negligence, are not enough to meet the "willfulness" requirement.

A philosophical disagreement with the law or a belief that the tax laws are invalid or unconstitutional does not satisfy good faith and does not prevent a finding of willfulness. You must, therefore, disregard views such as those no matter how sincerely they are held. It is the duty of every person to obey the law.

## 18. WILLFULNESS – PROOF

Willfulness ordinarily may not be proved directly, because there is no way of knowing the inner workings of a defendant's mind. In determining what the defendant knew or intended, you may consider any statements he made or things he did and all other facts and circumstances in evidence that may aid in your determination of his state of mind. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done. It is entirely up to you, however, to decide what facts are proven by the evidence.

## 19. "AFFIRMATIVE ACT" – DEFINED

The defendant may not be convicted of attempting to evade or defeat the assessment of his federal income taxes on the basis of a willful omission alone; he must also have undertaken an affirmative act of evasion. An affirmative act of evasion is defined as any conduct, the likely effect of which would be to mislead or to conceal. Even an activity that would otherwise be lawful can constitute an affirmative act supporting a conviction for tax evasion, so long as it is carried out with the intent to evade income tax.

For example, the affirmative act requirement can be met by acts of concealment of taxable income such as keeping a double set of books, making false entries or alterations, or false invoices or documents, destroying books or records, concealing assets or covering up sources of income, handling one's affairs so as to avoid making the records usual in transactions of the kind, and any other conduct, the likely effect of which would be to mislead the Internal Revenue Service or conceal income.

## 20. BANK DEPOSITS METHOD OF PROOF

In this case, the government relies, in part, upon the so-called "bank deposits method" of proving the defendant's unreported income. This method of proof proceeds on the theory that if a taxpayer is engaged in an income producing business or occupation and periodically deposits money in bank accounts in his name or under his control, an inference arises that such bank deposits represent taxable income unless it appears that the deposits represented re-deposits or transfers of funds between accounts, or that the deposits came from non-taxable sources such as gifts, inheritances, or loans.

Accordingly, you may infer that all deposits into the bank accounts, concerning which you have heard evidence, represent gross receipts to the defendant as the government asserts, if you find:

One: that, during the tax years in question, the defendant was engaged in an income producing business or calling;

Two: that the defendant made regular deposits of funds from that business or calling into the bank accounts at issue; and

Three: that an adequate and full investigation of those accounts was conducted in order to distinguish between income and non-income deposits.

## 21. "KNOWINGLY" – DEFINED

The term "knowingly," as used in these instructions to describe the alleged state of mind of the defendant, means that he was conscious and aware of his action, realized what he was doing or what was happening around him, and that he did not act because of ignorance, mistake, or accident.

## PART III: CONSIDERATION OF THE EVIDENCE

### 22. EXHIBITS

Exhibits that are admitted into evidence by the Court are properly before you, and will be available to you during your deliberations. An exhibit marked by the Court for identification is not evidence in the case unless or until it was admitted as a full exhibit. If it has not been admitted as a full exhibit, you may not consider it. If an exhibit was admitted, however, it is just as much a part of the evidence in the case as the testimony which you have heard from the witness stand.

### 23. STATEMENTS BY DEFENDANT

You have heard evidence that the defendant made statements, both orally and in writing, in which the government claims he admitted certain facts.

It is for you to decide (1) whether the defendant made the statements and (2) if so, how much weight to give them. In making those decisions, you should consider all of the evidence about the statements, including the circumstances under which the statements may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statements.

### 24. REMARKS OF COUNSEL

Remarks, statements, or questions by counsel are not evidence and are not to be considered by you as evidence during your deliberations. Neither should you permit objections by counsel to the admission of evidence, or the rulings of the Court, to create any bias or

prejudice toward counsel or the party whom he or she represents. It is the duty of counsel for both sides to represent their clients vigorously and to defend their client's rights and interests. In the performance of that duty, counsel freely may make objection to the admission of offered evidence, or to any other ruling of the Court, and should not be penalized for doing so.

## 25. CONDUCT OF COURT AND COUNSEL

If during trial, or in instructing you, I have said or done anything that has caused you to believe that I was indicating an opinion as to what the facts are in this case, you should put that belief out of your mind. I did not intend to indicate any such opinion. In fact, I try not to have an opinion about the case because you are the sole and exclusive judges of the facts.

In determining the facts, you are to consider only that evidence which has properly been placed before you. It is the Court's duty to pass upon the admissibility of offered evidence, that is, to decide whether or not offered evidence should be considered by you. Evidence admitted by the Court is properly before you for your consideration; evidence which the Court has refused to admit, or may have stricken from the record after you heard it, is not a proper subject for your deliberations and is not to be considered by you.

## 26. CHARTS AND SUMMARIES – ADMITTED INTO EVIDENCE

Charts and summaries prepared by the government have been admitted into evidence and have been shown to you during the trial for the purpose of summarizing facts that are allegedly contained in books, records, or other documents which are also in evidence in the case. You may consider the charts and summaries to assist you in your deliberations and give them such weight

or importance, if any, as you feel they deserve.

27. DEFENDANT'S RIGHT TO REMAIN SILENT

The defendant has a constitutional right not to testify. No presumption of guilt may be raised and no inference of any kind may be drawn from the fact that the defendant did not testify.

Further, the law never imposes upon a defendant in a criminal case the burden of calling any witnesses or producing any evidence.

## PART IV: CREDIBILITY OF WITNESSES

### 28. TESTIMONY OF WITNESSES

The law does not require you to accept or credit the evidence I have admitted. In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses, and the weight you choose to give to his or her testimony.

In evaluating the testimony of witnesses you may consider several facts – the opportunity of the witnesses to have acquired knowledge of that to which they testified; their conduct and demeanor while testifying; their interest or lack of interest, if any, in the outcome of the case; their intelligence or lack thereof; the probability or improbability of the truth of their testimony.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

From these circumstances, and from all of the other facts and circumstances proved at the trial, you may determine whether or not the government has sustained its burden of proof.

PART V: THE DELIBERATIONS AND VERDICT

29. UNANIMOUS VERDICT – JURY CONDUCT

To render a verdict, all twelve of you must agree, that is, your verdict must be unanimous. Therefore, during your deliberations and in your consideration of the evidence, you should exercise reasonable and intelligent judgment. It is not required that you yield your view simply because a majority holds to the contrary view, but in pursuing your deliberations, you should keep your minds reasonably open with respect to any point in dispute so that you will not be prevented from achieving a unanimous verdict due to mere stubbornness. It is your right, however, to maintain your individual view. The vote of each juror is as important as the vote of any other juror, and you need not give up your view, sincerely held, simply because a majority holds to the contrary view.

Do not approach your consideration of the case in an intellectual vacuum. You are not required to disregard your experiences and observations in the ordinary everyday affairs of life. Indeed, your experiences and observations are essential to your exercise of sound judgment and discretion, and it is your right and duty to consider the evidence in light of such experiences and observations. It is hoped and anticipated that you will sift through all of the evidence in this case with maturity and common sense.

Of course, prejudice, sympathy, or compassion should not be permitted to influence you. All that any party is entitled to, or expects, is a verdict based upon your fair, scrupulous, and conscientious examination of the evidence and an application of the law to the evidence as I have instructed you.

30. COMMUNICATIONS BETWEEN COURT AND JURY DURING DELIBERATIONS

If it becomes necessary during your deliberations to communicate with the Court, you may send a note signed by your foreperson, or by one or more members of the jury. The foreperson may then hand such written request or question to the marshal in whose charge you will be placed. The marshal will bring any written questions or requests to me. I will have you brought into the courtroom and will attempt to fulfill your request or answer your question. Other than the method outlined, please do not attempt to communicate privately or in any other way with the Court.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the question of whether the accused is guilty or not guilty, until after you have reached a unanimous verdict.

You may now retire with the marshal to enter upon your deliberations. When you have reached a verdict, you will return here and make your verdict known.