UNITED STATES OF AMERICA ) CR No. 06-042-ML
v. ) MOTION FOR
NEIL STIERHOFF ) ENLARGEMENT OF TIME

COMES NOW Neil Stierhoff and moves the Court to vacate the sentencing set for September 26, 2007, and to set a sentencing date of at least 30 days after counsel has received the transcripts. In support of this Motion for Enlargement of Time, Stierhoff submits his Affidavit and Memorandum, attached hereto.

Respectfully submitted,
Neil Stierhoff
Neil Stierhoff

CERTIFICATE OF SERVICE

I hereby certify that I did file the foregoing Motion and the attached Affidavit and Memorandum in support by placing a copy in the mail receptacle at Wyatt Detention Facility with first-class postage affixed and addressed to the attorneys of record for the plaintiff, John Kane and Thomas Voracek, 601 D Street NW, Rm. 7116, Washington DC 20530, on the 26th of August, 2007.

Respectfully submitted,
Neil Stierhoff
Neil Stierhoff

MEMORANDUM IN SUPPORT

In the interest of justice and fairness, Neil Stierhoff ("Stierhoff") moves the Court for an enlargement of time before sentencing in order to properly prepare for sentencing, for the reasons set forth below and supported by his Affidavit attached hereto.

Stierhoff is currently being represented in this matter by local counsel Scott A. Lutes of Providence, RI and by Alan S. Richey of Port Hadlock, WA, who entered later in this case pro hac vice around January 2007. Following a jury trial which concluded on June 19, 2007, with a guilty verdict, Stierhoff's pre-trial release bond was revoked and he was immediately ordered to be detained at D.W. Wyatt Detention Facility, Central Falls, RI. Attorneys Lutes and Richey were present throughout the trial, were made aware of the sentencing date which was set for September 26, 2007, and, as licensed attorneys, should be well aware of the Local Rules, the Federal Rules of Criminal Procedure, Federal Rules of Evidence, relevant case law, scheduling and timeliness issues and sentencing procedures.

The Court ordered the probation office to conduct a presentence investigation, pursuant to F.R.Cr.P. 32 (c)(1)(A), at the close of trial. Pursuant to Local Rule 40.2 and F.R.Cr.P. 32(e)(2), the presentence report (PSR) must be given to the parties at least

35 days before sentencing. Richey and Lutes should have anticipated that the PSR would be ready by August 20, 2007, pursuant to said Rules, which it was, based on the sentencing date which had been set by the Court. Pursuant to F.R.Cr.P. 32(f)(1), "within 14 days after receiving the PSR, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." Pursuant to the sentencing date of September 26, 2007, set by the Court on June 19, 2007, objections to the PSR would be due by September 3, 2007, and submitted to the probation officer by that date.

Case law in this Circuit has held that objections to the PSR must be based on evidence, not on the acts alleged in the indictment or unsupported rhetoric. See United States v. Cases, 425 F.3d 23, 64 (1st Cir. 2005); See also United States v. Prochner, 417 F.3d 54, 66 (1st Cir. 2005) ("The defendant may object to facts in the PSR, but 'if [his] objections to the PSR are merely rhetorical and unsupported by countervailing proof, the district court is entitled to rely on the facts in the PSR.' United States v. Cyr, 337 F.3d 96, 100 (1st Cir. 2003)"); See also United States v. Grant, 114 F.3d 323, 328 (1st Cir. 1997) ("[A]lthough [defendant] objected to certain facts in the PSR... [he] did not provide the sentencing court with evidence [e.g. in the

record] to rebut the factual assertions... Consequently, the court was justified in relying on the contested facts."). While Stierhoff may object to assertions contained in the PSR, pursuant to F.R.Cr.P. 32(f), objections which are unsupported by evidence from the transcripts would likely be ignored by the Court. Consequently, without the transcripts to support his objections, Stierhoff would be deprived of any meaningful right of rebuttal under F.R.Cr.P. 32(f) and thereby allow the government to have an unfair advantage over him during the critical sentencing phase. In the cases cited supra, it is not required that the government support its assertions in the PSR with evidence. Such assertions made by the government in the PSR could stand as facts in the eyes of the sentencing Court, unless proper objections, based on the record or other evidence, were submitted by Stierhoff. The Constitution prohibits the government from inflicting "cruel and unusual punishment." Amend. VIII, U.S. Const. Stierhoff would likely be placed in danger of being trapped into relinquishing the protections afforded him by the Eighth Amendment, unless he was afforded a meaningful opportunity to rebut and counter the government's factual assertions in the PSR, since the degree of "punishment" is based on the "offense level" determined largely by the government's assertions in the PSR. The transcripts would aid Stierhoff in making meaningful

objections to the government's assertions, thereby potentially preventing a miscarriage of justice of constitutional magnitude.

As of August 26, 2007, the transcripts of the proceedings have not been produced and furnished to Stierhoff or his attorneys, thereby depriving Stierhoff of due process and his substantial rights. See attached Affidavit. The risk of unfairness and prejudice to Stierhoff at the critical sentencing, due to his being deprived of the transcripts upon which to base his objections to the PSR, requires that the Court direct lead attorney Richey to obtain the transcripts and that the Court allow sufficient time after receipt of the transcripts to consult with his client concerning the PSR in order to be able to make proper objections based on evidence as required by case law cited <u>supra</u>.

Pursuant to F.R.Cr.P. 32(b)(2), which provides that "the court may, for good cause, change <u>any</u> time limits prescribed in this rule," Stierhoff moves the Court to direct Richey to order and take delivery of the transcripts, consult with his client on matters concerning the PSR, as required under F.R.Cr.P. 32(i)(1)(A), and allow sufficient time for production of the transcripts and for such consultation between Richey and Stierhoff ~~and~~ to formulate meaningful objections.

WHEREFORE, Stierhoff moves the Court to vacate

the date of sentencing set for September 26, 2007, and to set a new sentencing date of at least 30 days after Stierhoff's attorneys have actually received the transcripts and consulted with Stierhoff concerning the PSR. Stierhoff further requests that the Court direct the probation office to vacate the dates established concerning Stierhoff's PSR and to establish new dates which would be predicated on the new sentencing date.

Respectfully submitted,

Neil Stierhoff

Neil Stierhoff