**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA** :
:
**v.** : **CR. No. 06-0042ML**
:
**NEIL STIERHOFF** :

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS FOR SUBSTANTIAL ERRORS AND JURISDICTIONAL BASIS**

The United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Thomas G. Voracek and John N. Kane, Trial Attorneys, United States Department of Justice, respectfully submits this Government's Objection to the Defendant's Motion to Dismiss for Substantial Errors and Jurisdictional Basis. In support of this Objection, the government submits the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/Thomas G. Voracek
THOMAS G. VORACEK

/s/John N. Kane
JOHN N. KANE
Trial Attorneys
U.S. Department of Justice

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, with the Clerk of Court using the CM/ECF system, a true and accurate copy of the within Government's Objection to Defendant's Motion to Dismiss for Substantial Errors and Jurisdictional Basis, which will in turn send notification to Alan S. Richey, Attorney at Law, asratty@gmail.com, and to Scott A. Lutes, Attorney at Law, scottluteslaw@yahoo.com, and by regular mail, postage prepaid to Alan S. Richey, P.O. Box 1505, Port Haddock, Washington 98339 and to Scott A. Lutes, One Turks Head Place, Suite 1440, Providence, Rhode Island 02903.

/s/Thomas G. Voracek
Thomas G. Voracek

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 06-0042ML** |
| | : | |
| **NEIL STIERHOFF** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS FOR SUBSTANTIAL ERRORS AND JURISDICTIONAL BASIS**

The defendant moves this Court to dismiss the indictment and set aside his conviction based on substantial errors committed by the Court and the government which deprived the Court of jurisdiction. The defendant also contends that the alleged amount of tax loss is clear error resulting in a sentence which must be corrected under Rule 35(a), Federal Rules of Criminal Procedure. The defendant incorporated a "Statement" (Doc. NO. 112), which he filed with the Court at sentencing, and an affidavit, which he filed as an attachment to the motion to dismiss (Doc. No. 119).[1]

---

[1] The Court ruled that the affidavit was improperly filed. See Doc. No. 121.

The defendant makes a number of various contentions. The defendant argues that he is not a "taxpayer" and is not liable for any income tax. The defendant also contends that the government failed to prove any internal revenue district in Rhode Island. The defendant argues that only the Tax Court has jurisdiction to determine the correct amount of any deficient internal revenue tax. The defendant also contends that the government failed to establish a tax due and owing because there was no IRS assessment of a deficiency.

The defendant makes several arguments concerning the definition of "income" and that the IRS Revenue Agent who testified at trial made several erroneous legal determinations. The defendant also claims that the Form 1040 does not comply with the Paperwork Reduction Act. The defendant contends that the government violated his Fifth Amendment constitutional rights by prosecuting him for not providing information on a tax return. The defendant argues that no penalty can be imposed upon him because there exists no implementing regulations for the statute of conviction, 26 U.S.C. §7201.

Finally, in his incorporated statement (Docket no. 112), the defendant makes several declarations of his legal status and statement of income which he contends has caused him to determine that he had no income in the United States and no tax liability. Since the defendant does not specifically raise any issues with

regards to his "Statement"(Doc. No. 112), the government will not address this document.

The government objects to all of the above defendant's contentions.

After a seven day jury trial, the defendant was found guilty of four counts of tax evasion, pursuant to 26 U.S.C. §7201 for the 1999, 2000, 2001, and 2002 tax years. On June 29, 2007, the defendant moved for a new trial. On August 3, 2007, the Court denied this motion. United States v. Stierhoff, 500 F.Supp.2d 55, (D.R.I. 2007). On February 1, 2008, the defendant was sentenced by this Court. The defendant filed a Notice of Appeal on February 5, 2008. On that date, the certified record was forwarded to the U.S. Court of Appeals for the First Judicial Circuit.

**I. The District Court lacks jurisdiction to consider defendant's motion.**

The government contends that the District Court lacks jurisdiction to consider the instant motion because the defendant filed a notice of appeal with the U.S. Court of Appeals for the First Judicial Circuit. The filing of a notice of appeal divests the district court of jurisdiction over the aspect of the case involved in the appeal. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982); In Re Watson, 403 F.3d 1, 6 (1st Cir. 2005). The Supreme Court has

explained the general rule:

> [A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

Griggs 459 U.S. at 58.

In this case, the defendant's instant motion to dismiss raises many of the same issues he previously raised in his motion for a new trial and again in his sentencing memorandum. The Court has properly denied his arguments. Since the defendant filed a notice of appeal with the U.S. Court of Appeals on February 5, 2008, the district court has been divested of its control over aspects of the case involved in the appeal. The government contends that the Court could deny the defendant's motion for lack of jurisdiction.

**II. The defendant's request that the Court correct his sentence under Rule 35(a), Federal Rules of Criminal Procedure should be rejected.**

The defendant alleges that the amount of tax loss determined by the Court constitutes clear error and, therefore, his sentence must be corrected under Rule 35(a), Federal Rules of Criminal Procedure. In this regard, the defendant does not specifically cite to any arithmetical or technical error in his sentencing calculation. Instead, the defendant contends that the "amount of

tax loss is clear error and an arithmetical error over which this Court lacked jurisdiction." Def.'s Motion at 1.

The defendant's use of Rule 35(a) to correct his sentence in this regard is misplaced. Rule 35(a), F.R.Cr.P. states as follows:

> **(1) Correcting Clear Error. Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.**

Rule 35(a).

Rule 35(a) provides an efficient and prompt method for correcting obvious technical errors that are called to the court's attention immediately after sentencing. United States v. Lett, 483 F.3d 782, 787 (11th cir. 2007). The Criminal Rules Advisory Committee explained that what it meant by "clear error" was "acknowledged and obvious errors in sentencing." Fed.R.Crim.P. 35 advisory committee's notes (1991). The committee added that:

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is errors which would almost certainly result in a remand of the case to the trial court for further action ... The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence...

Id. at 787.

Defendant makes several arguments concerning this Court's

tax loss finding in this case. He argues that this Court lacked jurisdiction to make tax loss findings and that the government had to make an assessment to establish a tax deficiency before a tax due and owing could be determined. None of these arguments amount to acknowledged and obvious errors in sentencing as contemplated by Rule 35(a). Therefore, the defendant's request for relief under Rule 35(a), F.R.Cr.P., should be denied.

**III. The defendant's claim that he is not a "taxpayer" because he is not a "person" or "individual" under the tax code should be denied as frivolous.**

The defendant contends that the Court improperly determined that the defendant was a "taxpayer". He states that the evidence did not establish that he is a "person" or an "individual" under the tax code.

A citizen or resident of the United States is included in the Internal Revenue Code definition of a United States person. 26 U.S.C. §7701(a)(30)(A). The "not a person" argument has been dismissed by the courts as "frivolous," "patently frivolous," "fatuous," and "obviously incorrect." See Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990); United States v. Karlin, 785 F.2d 90, 91 (3d Cir. 1986); Biermann v. Commissioner of Internal Revenue, 769 F.2d 707, 708 (11th Cir. 1985); United States v. Rice, 659 F.2d 524, 528 (5th Cir. Unit A 1981); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981). Similar

arguments asserting that the defendant was an "individual" and therefore not a "taxpayer" have also been rejected. See United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990); Lonsdale, 919 F.2d at 1448; United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987); United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1986).

**IV. The defendant's claim that this Court lacks jurisdiction over this case should be rejected.**

The defendant argues that the Tax Court has exclusive jurisdiction to determine the correct amount of any internal revenue tax that is deficient. The defendant reasons that since a tax deficiency is an essential component of the government's case, this Court lacks jurisdiction.

To the contrary, it is clear that United States District Courts have jurisdiction over criminal offenses enumerated in the Internal Revenue Code. Section 3231 of Title 18 of the United States Code gives the district courts original jurisdiction over "all offenses against the laws of the United States". United States v. Coloian, 480 F.3d 47, 50 (1st Cir. 2007). This jurisdiction includes tax evasion violations. United States v. Huguenin, 950 F.2d 23, 25 n.2 (1st Cir. 1991).

## V. Venue in this matter was properly established by evidence that affirmative acts occurred in the District of Rhode Island.

The defendant also argued that the government failed to prove the existence of any internal revenue district in Rhode Island. Inasmuch as the defendant's argument may be construed as a venue challenge, the government contends that the evidence established venue for all four years of a violation of Section 7201 in the District of Rhode Island.

The courts have recognized that the crime of willfully attempting to evade or defeat a tax liability is a "continuing offense" within the meaning of 18 U.S.C. § 3237(a). United States v. Felak, 831 F.2d 794, 799 (8th Cir. 1987); United States v. Marchant, 774 F.2d 888, 891 (8th Cir. 1985); United States v. Slutsky, 487 F.2d 832, 839 (2d Cir. 1973). As such, venue is proper in a section 7201 prosecution in any district where an act in furtherance of the crime was committed. This would include districts where the return was prepared, signed, mailed or filed. Felak, 831 F.2d at 799; Marchant, 774 F.2d at 891; Slutsky, 487 F.2d at 839. In cases where a return was not filed, it would include districts where the affirmative acts of evasion took place. Felak, 831 F.2d at 799; Marchant, 774 F.2d at 891; Slutsky, 487 F.2d at 839.

In this case, the evidence of record supports that the affirmative acts of evasion occurred in the District of Rhode

Island. The defendant transacted business in Rhode Island using the nominee name of Joseph Adams. The defendant deposited his business receipts into a bank account in the name of a nominee in Rhode Island. Finally, the defendant made many withdrawals of cash from ATM machines located in Rhode Island.

If the defendant's argument concerning the existence of an Internal Revenue District in Rhode Island was not meant to be a venue challenge, then the government opposes this argument as irrelevant. There is no legal support for the defendant's argument that the government must prove an Internal Revenue District in a particular state to satisfy the elements of tax evasion.

**VI. The defendant's argument that the government failed to prove a tax due and owing because no assessment was made should be rejected.**

As the defendant previously argued in both his motion for a new trial and again at sentencing, the defendant once more contends that the government failed to prove taxes due and owing because no assessment was made. The defendant argues that the IRS was required to make an assessment, show a deficiency existed, and give notice and demand to the taxpayer.

This argument has been previously raised and rejected by this Court. Stierhoff, 500 F.Supp.2d at 61.

**VII. The defendant's contention that he did not have any income should be rejected.**

The defendant claims that he did not have any income during the prosecution period. Defendant argues that bank deposits are property. The defendant further contends that to establish gross income, one must examine the source and that the defendant understands "gross income" to mean only "any income from sources outside the United States". The defendant's arguments should be rejected.

The Supreme Court has defined income as "the gain derived from capital, from labor, or from both combined." Eisner v. Macomber, 252 U.S. 189, 207 (1920). Section 61(a) of Title 26 of the United States Code defines gross income as "all income from whatever source derived, including ... (2) Gross income derived from business.

At trial, the evidence established that the defendant sold electronic testing equipment to various individuals and businesses. The government utilized a bank deposits method of proof to establish the defendant's gross income. This Court properly instructed the jury on the bank deposits method of proof. See Jury Instruction No. 20.

The defendant's argument that "gross income" means only "any income from sources outside the United States" is contrary to the law.

**VIII. The defendant's claim that IRS Revenue Agent Michael Pleshaw committed errors in his computations should be rejected.**

The defendant claims that Agent Pleshaw erroneously alleged and made the legal determination that all of the bank deposits were gross receipts. This statement is incorrect.

At trial, the government utilized the bank deposits method of proof to establish unreported income. The bank deposits method of proof requires proof that 1) the defendant was engaged in an income producing business, 2) he made regular deposits of funds into bank accounts, 3) an adequate and full investigation of those accounts was made to differentiate between income and non-income deposits, and 4) unidentified deposits have the inherent appearance of income, e.g., the size of the deposits, odd or even amounts, fluctuations in amounts corresponding to seasonal fluctuations of the business involved, source of checks deposited, dates of deposits, accounts into which deposited, etc. United States v. Morse, 491 F.2d 149, 152 (1st Cir. 1974).

Contrary to defendant's contention, the record demonstrates that Agent Pleshaw did not consider all deposits as business gross receipts without a proper bank deposits analysis. Properly utilizing the bank deposits method of proof, Agent Pleshaw deducted all non-taxable deposits from his computations.

Furthermore, the defendant's allegation that Agent Pleshaw failed to consider any cost basis is incorrect. Agent Pleshaw's

testimony and summaries reflect that the defendant was afforded substantial business expenses. Stierhoff, 500 F.Supp.2d at 66-68.

**IX. The defendant's argument that Form 1040 does not comply with the Paperwork Reduction Act should be rejected.**

Defendant claims that Form 1040 violates the law because it does not comply with the Paperwork Reduction Act.

The *Paperwork Reduction Act of 1980*, 44 U.S.C. § 3501 *et seq.* ("PRA"), was enacted to limit federal agencies' information requests that burden the public. The "Public Protection" provision of the PRA states that no person "shall be subject to any penalty for failing to maintain or provide information to any agency if the information collection request involved does not display a current control number assigned by the Office of Management and Budget [OMB] Director." 44 U.S.C. § 3512.

Some criminal defendants in tax cases have claimed that they cannot be penalized for failing to file Form 1040 because the instructions and regulations associated with the Form 1040 do not display any OMB control number. Courts uniformly reject this argument on different theories. Some courts have simply noted that the PRA applies to the forms themselves, not to the instruction booklets, and because the Form 1040 does have a control number, there is no PRA violation. See Salberg v. United

States, 969 F.2d 379, 383-84 (7th Cir. 1992); United States v. Holden, 963 F.2d 1114, 1116 (8th Cir. 1992); United States v. Dawes, 951 F.2d 1189, 1191-93 (10th Cir. 1991); United States v. Wunder, 919 F.2d 34, 38 (6th Cir. 1990). Other courts have held that Congress created the duty to file returns in 26 U.S.C. § 6012(a) and "Congress did not enact the PRA's public protection provision to allow OMB to abrogate any duty imposed by Congress." United States v. Neff, 954 F.2d 698, 699 (11th Cir. 1992). See also United States v. James, 970 F.2d 750, 753 n.6 (10th Cir. 1992) (lack of OMB number does not violate PRA); Salberg v. United States, 965 F.2d 379, 383-84 (7th Cir. 1992); United States v. Hicks, 947 F.2d 1356, 1359 (9th Cir. 1991) (failure to display OMB number on tax form is not PRA violation and does not render governmental action void); United States v. Bentson, 947 F.2d 1353, 1355 (9th Cir. 1991) (defendant convicted of violating a statute requiring him to file, not a regulation lacking OMB number); United States v. Kerwin, 945 F.2d 92 (5th Cir. 1991) (per curiam) (defendant was convicted under statutory requirement that he file return and since statute is not an information request, there is no violation of the PRA); Lonsdale v. United States, 919 F.2d 1440, 1443-45 (10th Cir. 1990) ("PRA" not enacted "to create loophole in the tax code").

Therefore, defendant’s claim that the Form 1040 violates the law should be rejected.

**X. The defendant's contention that the government violated the defendant's Fifth Amendment right must be denied.**

In contending that his constitutional rights were violated, the defendant argues that he "exercised his rights to not provide information, and the government offered no law that he was required to provide information on a prescribed form". Def.'s Motion at 21. The defendant is incorrect.

In other tax cases, criminal defendants have sometimes claimed that taxes constitute a "taking" of property without due process of law, in violation of the Fifth Amendment. Schiff v. United States, 919 F.2d 830, 832 (D.Conn. 1989); Irwin Schiff, *The Federal Mafia: How It Illegally Imposes and Unlawfully Collects Income Taxes* 21, 26 (1992). But the Supreme Court held that the government's need for revenues justifies use of summary procedures to collect taxes. Phillips v. Commissioner, 283 U.S. 589, 595 (1931).

The Internal Revenue Code itself provides methods to ensure due process to taxpayers: (1) "the refund method," set forth in 26 U.S.C. § 7422(e) and 28 U.S.C. §§ 1341, 1346(a), whereby a taxpayer must pay the full amount of the tax and then sue in district court or in the Federal Court of Claims for a refund, and (2) "the deficiency method," set forth in 26 U.S.C. § 6213(a), whereby a taxpayer need not pay the contested tax if he immediately petitions U.S. Tax Court to redetermine the

deficiency. Courts have found both methods to provide due process. Flora v. United States, 362 U.S. 145 (1960); Schiff, 919 F.2d at 832.

To similar effect, some criminal defendants often submit tax returns on which they refuse to provide any financial information, asserting their Fifth Amendment right against self-incrimination. U.S. Const. amend. V. However, the Supreme Court has long held that the statutory requirement to file tax returns does not violate the Fifth Amendment. Flint v. Stone Tracy Co., 220 U.S. 107, 177 (1911).

In United States v. Sullivan, 274 U.S. 259 (1927), the Court held that the privilege against compulsory self-incrimination is not a defense to prosecution for failing to file. The Court indicated, however, that the privilege could be claimed against specific disclosures sought on a return, saying (274 U.S. at 263): If the form of return provided called for answers that the defendant was privileged from making he could have raised the objection in the return, but could not on that account refuse to make any return at all. See also Garner v. United States, 424 U.S. 648, 650 (1976). Sullivan is frequently cited for the proposition that a taxpayer may not use the Fifth Amendment to justify the failure to file any return at all. See, e.g., Garner, 424 U.S. at 650; United States v. Dack, 987 F.2d 1282, 1284 (7th Cir. 1993); United States v. Wunder, 919 F.2d 34, 37 (6th Cir.

1990); United States v. Poschwatta, 829 F.2d 1477, 1482 n. 3 (9th Cir. 1987); United States v. Leidendeker, 779 F.2d 1417, 1418 (9th Cir. 1986); United States v. Stillhammer, 706 F.2d 1072, 1076-77 (10th Cir. 1983); United States v. Pilcher, 672 F.2d 875, 877 (11th Cir. 1982); United States v. Lawson, 670 F.2d 923, 927 (10th Cir. 1982) (cases cited); United States v. Reed, 670 F.2d 622, 623-24 (5th Cir. 1982); United States v. Booher, 641 F.2d 218, 219 (5th Cir. 1981); United States v. Edelson, 604 F.2d 232, 234 (3d Cir. 1979).

**XI. The defendant's contention that no penalty can be imposed upon him because there exists no implementing regulations for the statute he was charged with violating, 26 U.S.C. §7201, should be rejected.**

The defendant's argument that no penalty can be imposed upon him because there is no implementing regulation for Section 7201 has been repeatedly rejected by courts as being without merit. In United States v. Washington, 947 F. Supp. 87 (S.D.N.Y. 1996), the defendant argued that the Indictment must be dismissed because 26 U.S.C. § 7201 was unenforceable as a matter of law in the absence of implementing regulations. The court found, however, "the statute at issue in this case, the Internal Revenue Code, fully defines the criminal conduct it prohibits and therefore does not contemplate that regulations will be promulgated to define further substantive obligations beyond

those created by the Code." Washington, 947 F. Supp. at 91. See also United States v. Hicks, 947 F.2d 1356, 1360 (9th Cir. 1991) ("It is the tax code itself, without reference to regulations, that imposes the duty to file a tax return."); United States v. Bowers, 920 F.2d 220, 222 (4th Cir. 1990) ("However, the [defendants] simply have evaded income taxes, and their duty to pay those taxes is manifest on the face of the statutes, without any resort to IRS rules, forms, or regulations."). Accordingly, the court concluded that the enforcement of 26 U.S.C. § 7201 does not require implementing regulations.

Likewise, a court in the Western District of New York found the argument to be meritless. See United States v. O'Connor, slip copy, 2007 WL 3232093 W.D.N.Y. (October 31, 2007). In O'Connor, the defendants argued that 26 U.S.C. § 7201 under which defendant O'Connor is charged "has never been enacted into positive law" and standing alone is insufficient to impose a criminal penalty. He further argued that a criminal penalty "can only attach upon violation of an implementing regulation promulgated by the Secretary of the Treasury". The court found that "this argument has consistently been rejected." See, e.g., Carpa v. Smith, No. 96-1435, 1998 WL 723153, at 4 (D. Ariz. July 20, 1998), aff'd, 208 F.3d 220 (9th Cir. 2000) ( "Section 7805(a) of the Internal Revenue Code provides that the Secretary 'shall prescribe all needful rules and regulations for the enforcement

of [tax laws] ....' This does not mean that implementing regulations are required to enforce every provision in the tax code." (citations omitted)). See also United States v. Brennan, 33 Fed. Appx. 601 (3d Cir. 2001) ("26 U.S.C. § 7201 and 7203 criminalize income tax evasion. The indictment in this case charged Brennan with violating these statutes; it was not necessary for the government to allege or prove that Brennan violated any of the implementing regulations.") and United States v. Waters, 81 F.3d 157, 157 (5th Cir. 1996)(Court found the argument that the Government cannot prosecute under 26 U.S.C. § 7201 because the statute is not self-executing and there are no implementing regulations to be without arguable merit and, consequently frivolous.)

Accordingly, the defendant's contention that no penalty can be imposed upon him because there exists no implementing regulations for the statute he was charged with violating, 26 U.S.C. §7201, should be rejected by this Court.

## XII. Conclusion

Wherefore, for the foregoing reasons, the government respectfully requests that the Defendant’s Motion to Dismiss for Substantial Errors and Jurisdictional Basis be denied.

Respectfully submitted,
UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/Thomas G. Voracek
THOMAS G. VORACEK

/s/John N. Kane
JOHN N. KANE
Trial Attorneys
U.S. Department of Justice

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, with the Clerk of Court using the CM/ECF system, a true and accurate copy of the within Memorandum of Law in Support of the Government's Government's Objection to Defendant's Motion to Dismiss for Substantial Errors and Jurisdictional Basis, which will in turn send notification to Alan S. Richey, Attorney at Law, asratty@gmail.com, and to Scott A. Lutes, Attorney at Law, scottluteslaw@yahoo.com, and by regular mail, postage prepaid to Alan S. Richey, P.O. Box 1505, Port Haddock, Washington 98339 and to Scott A. Lutes, One Turks Head Place, Suite 1440, Providence, Rhode Island 02903.

/s/Thomas G. Voracek
Thomas G. Voracek