UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CR. No. 06-042-ML |
| NEIL STIERHOFF | |

**ORDER**

Pending before this Court is a letter dated August 13, 2009 from defendant Neil Stierhoff, which seeks information concerning the grand jury that indicted him in the above matter. The letter (Doc. # 133), which this court construes as a motion for grand jury materials, specifically requests: (1) the dates when the grand jury convened in connection with his case; and (2) the identities of the Government attorneys present during those grand jury proceedings.

Stierhoff was convicted on four counts of income tax evasion after a jury trial and was sentenced by this Court to 46 months. His conviction and sentence was affirmed on appeal. See United States v. Stierhoff, 549 F.3d 19 (1st Cir. 2008). The Government has objected to the request for grand jury information on the basis that it is under no obligation to provide information to Stierhoff and is precluded from disclosing matters occurring before the grand jury by Fed. R. Crim. P. 6(e)(2)(B).

Under Fed. R. Crim. P. 6(e)(3)(E)(ii) a court may order disclosure of a grand jury matter to a defendant only where such defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Although a district court has discretion as to whether to grant a defendant's request for grand jury information apart from that specifically authorized in Rule 6(e), see In re Petition of Craig, 131 F.3d 99 (2d Cir. 1997), given the traditional secrecy of such proceedings, a defendant must demonstrate a "particularized need" when seeking grand jury materials. See, e.g. United States v. Paredes-Cordova, 2009 WL 1585776 (S.D.N.Y.

June 8, 2009) (citing <u>Douglas Oil v. Petrol Stops Northwest</u>, 441 U.S. 211, 218 (1979)).

Here, Stierhoff's request, made more than eight months after his conviction was affirmed on appeal, fails to show any "particularized need." He requests only the names of the Government attorneys who presented his case to the grand jury and the dates on which the grand jury heard those matters. He does not disclose the reasons for his request, nor does he show how this information could form the basis of any postconviction claim. Although Stierhoff states that his request is "relevant to ongoing litigation," it is unclear what litigation he is referencing. Thus, he has made no showing of "particularized need" to warrant this information being disclosed. Furthermore, it is too late for Stierhoff to seek any dismissal of the indictment under Rule 6(e)(3)(E)(ii).

In view of these considerations, and for the reasons set forth in the Government's objection, Stierhoff's motion is hereby DENIED and DISMISSED.

SO ORDERED:                                    ENTER:

*/s/ Mary M. Lisi*                             */s/ Barbara Barletta*
Mary M. Lisi                                   Clerk
Chief United States District Judge
Date: 10/5/09